# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ACQIS LLC, | ) | |
| a Texas limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:22-cv-386-ADA-DTG |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SONY INTERACTIVE ENTERTAINMENT | ) | |
| INC., a Japanese corporation | ) | |
| SONY INTERACTIVE ENTERTAINMENT | ) | |
| LLC, a California limited liability company. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS SONY INTERACTIVE ENTERTAINMENT INC. AND SONY INTERACTIVE ENTERTAINMENT LLC'S
## PARTIAL 12(B)(6) MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................... 1

II.  LEGAL STANDARDS ........................................................................................... 3

III. ARGUMENT.......................................................................................................... 5

    A.   The Issues Are Identical........................................................................... 6

    B.   The Issues Were Actually Litigated......................................................... 13

    C.   Determination of the Issues in the Prior Action Was a Necessary Part of the Final

    Judgment in that Action. ......................................................................... 14

IV. CONCLUSION..................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*ACQIS LLC v. Lenovo Group et al.*, No. 6:20-cv-00967-ADA ................................................... 6

*ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, 2017 WL 6211051 (D. Mass. Dec. 8, 2017) ................................................................................................................................. 7

*ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, 2021 WL 1088207 (D. Mass. Feb. 19, 2021) ................................................................................................................................. 8

*ACQIS, LLC v. EMC Corp.*, No. 2021-1772, 2022 WL 1562847 (Fed. Cir. May 18, 2022) passim

*Adaptix, Inc. v. AT&T Mobility LLC*, No. 12-CV-120, 2015 WL 12696204 (E.D. Tex. May 12, 2015) ..................................................................................................................... 4, 12, 15

*ArcelorMittal Atlantique et Lorraine v. AK Steel Corp.*, 908 F.3d 1267 (Fed. Cir. 2018) ....... 4, 12

*Arunachalam v. Exxon Mobil Corp.*, No. 19-CV-00171-ADA, 2019 WL 10303695 (W.D. Tex. June 26, 2019) ............................................................................................................ 5, 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 2, 3

*Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377 (Fed. Cir. 2013) ................ 4, 11, 12, 14

*Aspex Eyewear Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341 n.1 (Fed. Cir. 2012) ...... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... 3

*Bowlby v. City of Aberdeen*, 681 F.3d 215 (5th Cir. 2012) .......................................................... 3

*Charles E. Hill & Assoc., Inc. v. Amazon.com*, No. 02-CV-186, 2005 WL 2488715 (E.D. Tex. Oct. 7, 2005) .............................................................................................................. 12, 15

*Crook v. Galaviz*, 616 F. App'x 747 (5th Cir. 2015) .................................................................... 5

*Crook v. Galaviz*, No. 14-CV-193-KC, 2015 WL 502305 (W.D. Tex. Feb. 5, 2015) ................... 5

*Cypress Lake Software, Inc. v. Samsung Elec.'s Am. Inc.*, No. 6:18-cv-30-JDK, 2019 WL 6699739 (E.D. Tex. Mar. 25, 2019) ............................................................................. 3

*Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 09-CV-446, 2011 WL 11070303 (E.D. Tex. Sept. 23, 2011) ................................................................................................................................... 7

*Furnace Brook LLC v. Aeropostale, Inc.*, 447 F. App'x 165 (Fed. Cir. 2011)............................ 12

*Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ..................................................................................................... 3

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) .................................................... 7

*Montana v. United States*, 440 U.S. 147 (1979) .......................................................................... 3

*Nestle USA, Inc. v. Steuben Foods, Inc.*, 884 F.3d 1350 (Fed. Cir. 2018).................................... 8

*Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333 (Fed. Cir. 2013) .............................. 4, 11

*Ottah v. Fiat Chrysler*, 884 F.3d 1135 (Fed. Cir. 2018) .......................................................... 2, 7

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979).............................................................. 4, 5

*Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 19-CV-25-JRG, 2020 WL 248787 (E.D. Tex. Jan. 15, 2020).................................................................................................................... 2, 7

*SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307 (Fed. Cir. 2015)...................................... 8

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311 (Fed. Cir. 2015) ............................................................................................................................. 4, 13, 14

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.,* 617 F.3d 1296 (Fed. Cir. 2010)...................................................................................................................... 4

*Wehling v. Columbia Broad. Sys.*, 721 F.2d 506 (5th Cir. 1983) ................................................ 3

*Zoll Med. Corp. v. Philips Elecs. N. Am. Corp.*, No. 14-10029, 2014 WL 1428146 (D. Mass. Apr. 11, 2014) ...................................................................................................................... 5

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Sony Interactive Entertainment Inc. ("SIEI") and Sony Interactive Entertainment LLC ("SIE") (collectively, "Sony"),[1] by and through its attorneys, move for entry of an order dismissing Plaintiff ACQIS LLC's ("ACQIS") infringement allegations in its Complaint accusing Sony's alleged use of the PCIe standard of infringing the claimed "PCI bus transaction" terms in three of ACQIS's five Asserted Patents[2] because the doctrine of issue preclusion bars ACQIS's infringement claims, and therefore these allegations fail to state a claim upon which relief can be granted.

## I.    INTRODUCTION

ACQIS has recently litigated and lost at the Federal Circuit a key issue that is dispositive of ACQIS's infringement allegations found in three of the five Asserted Patents: whether Sony's

---

[1] The parties filed a stipulation dismissing Defendant Sony Group Corporation from this case. Dkt. 12, ¶ 5 ("ACQIS agrees to dismiss Sony Group Corporation without prejudice").

[2] ACQIS asserts U.S. Patent Nos. 9,529,768 ("'768 patent") (claim 1); 9,703,750 ("'750 patent") (claim 1); 8,977,797 ("'797 patent") (claim 14); RE44,654 ("'654 patent") (claim 20); and RE45,140 ("'140 patent") (claim 35) (collectively, the "Asserted Patents"). ACQIS's infringement allegations concerning the '768, '750, and '797 patents require a "PCI bus transaction." *See* Dkt. 1 at ¶¶ 58-60, 86-88, 111-113 (accusing "PCIe and/or USB 3.x"). Sony seeks to dismiss all PCIe infringement allegations regarding the '768, '750, and '797 patents in ACQIS's Complaint against Sony. To the extent ACQIS amends its allegations to accuse Sony's purported use of the PCIe standard of infringing claims from the '654 and '140 patents reciting "PCI bus transaction" or related terms, Sony reserves the right to address those newly added claims and move to dismiss those allegations for the same or similar reasons herein.

compliance with the PCI Express ("PCIe") standard infringes claim limitations requiring a "PCI bus transaction." The Federal Circuit recently upheld the summary judgment and claim construction rulings in the *ACQIS v. EMC* litigation, "specifically adopt[ing] the district court's constructions" and affirming summary judgment of non-infringement which "flows directly from its claim constructions[.]" *ACQIS, LLC v. EMC Corp.*, No. 2021-1772, 2022 WL 1562847, at *1 (Fed. Cir. May 18, 2022) ("*EMC* Federal Circuit Opinion") (attached as Declaration of Abran J. Kean ("Kean Decl."), Ex. 1). In so doing, the Federal Circuit affirmed constructions of "PCI bus transaction" and related terms, and rejected ACQIS's arguments that compliance with the PCIe standard infringes "PCI bus transaction" claim limitations.

The Federal Circuit's adoption of the "PCI bus transaction"-related claim constructions in the district court's decision in the *ACQIS v. EMC* litigation is binding in this case. *See, e.g., Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 19-CV-25-JRG, 2020 WL 248787, at *8 (E.D. Tex. Jan. 15, 2020) (citing *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1140 (Fed. Cir. 2018)). The "PCI bus transaction" claims asserted here include terms construed by the district court in the *EMC* litigation and whose constructions were "specifically adopt[ed]" in the *EMC* Federal Circuit Opinion. Under the law of issue preclusion in the 5th Circuit, ACQIS is precluded from re-litigating its infringement allegations foreclosed by these constructions. Thus, for the reasons discussed below, this Court should grant judgment under Federal Rule of Civil Procedure 12(b)(6) and dismiss ACQIS's claims of infringement against Sony for the '768, '750, and '797 patents involving the "PCI bus transaction" terms asserted against the PCIe standard, and preclude ACQIS from continuing to litigate whether Sony can infringe any claims requiring a PCI bus transaction through compliance with the PCIe standard.

## II.    LEGAL STANDARDS

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must assume all well-pled facts are true and view them in the light most favorable to the non-movant. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). But courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Iqbal*, 556 U.S. at 678lbyw. "[W]hen deciding a motion to dismiss, a court may consider documents attached to or incorporated into the complaint and matters of which judicial notice may be taken[,]" including public filings from other courts. *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *2 (W.D. Tex. Nov. 28, 2017) (internal citations omitted); *Cypress Lake Software, Inc. v. Samsung Elecs. Am. Inc.*, No. 6:18-cv-30-JDK, 2019 WL 6699739, at *2 (E.D. Tex. Mar. 25, 2019).

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). Application of collateral estoppel, also known as issue preclusion, is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." *Id*. The Fifth Circuit has explained that issue preclusion "precludes re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate the issue, regardless of whether his present adversary was a party to the previous lawsuit." *Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 508 (5th Cir. 1983) (citation omitted). Because of issue

preclusion's focus on the issue in the prior litigation, as opposed to the particular parties, this defense "precludes a plaintiff from relitigating identical issues by merely switching adversaries" and precludes a plaintiff "from asserting a claim that the plaintiff had previously litigated and lost against another defendant." *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1380 (Fed. Cir. 2013) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)).

Issue preclusion is proper where: (1) the issue at stake is identical to the one involved in the prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was part of the judgment in that earlier action. *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999). While regional circuit law governs the general principles of issue preclusion, Federal Circuit law applies to substantive assessments of patent law, such as whether two claims of infringement represent "identical" issues. *See Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015); *Aspex Eyewear Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341 n.1 (Fed. Cir. 2012). "In a patent case, issue preclusion prevents a plaintiff who previously litigated (and lost) a claim that certain technology infringed its patent from taking 'another bite at the apple' by asserting later the same technology infringes the same patent." *Adaptix, Inc. v. AT&T Mobility LLC*, No. 12-CV-120, 2015 WL 12696204, at *5 (E.D. Tex. May 12, 2015) (citing *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1312 (Fed. Cir. 2010)). Issue preclusion is not limited to patents or patent claims that are identical to those previously litigated because "it is the identity of the issues that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). Similarly, when evaluating issue preclusion as a defense to infringement, there is no requirement that the accused products be identical to those in the prior action because the inquiry is whether "a close identity

exists between the ***relevant features of the accused device*** and the device previously determined to be non-infringing such that they are essentially the same." *ArcelorMittal Atlantique et Lorraine v. AK Steel Corp.*, 908 F.3d 1267, 1274 (Fed. Cir. 2018) (internal quotation marks and citation omitted) (emphasis added).

This Court may resolve at the pleading stage whether issue preclusion applies. *See, e.g.*, *Arunachalam v. Exxon Mobil Corp.*, No. 19-CV-00171-ADA, 2019 WL 10303695, at *4 (W.D. Tex. June 26, 2019) (Albright, A.) (granting motion to dismiss because plaintiff was "collaterally estopped from relitigating the issues already adjudicated with respect to her other related patents"); *Crook v. Galaviz*, No. 14-CV-193-KC, 2015 WL 502305, at *5 (W.D. Tex. Feb. 5, 2015), *aff'd*, 616 F. App'x 747 (5th Cir. 2015) (granting motion to dismiss where "the facts necessary to resolve [the d]efendants' collateral estoppel defense are both not controverted [and] conclusively established" (second alteration in original) (internal quotation marks and citation omitted)); *Zoll Med. Corp. v. Philips Elecs. N. Am. Corp.*, No. 14-10029, 2014 WL 1428146, at *4 (D. Mass. Apr. 11, 2014) (granting motion to dismiss infringement claims as barred by collateral estoppel due to prior judgment of non-infringement).

## III.    ARGUMENT

In the *ACQIS v. EMC* litigation, the Federal Circuit determined that the construction for the "PCI bus transaction" terms in ACQIS's patents required affirmance of summary judgment of non-infringement such that accused products implementing PCIe do not infringe claims requiring a "PCI bus transaction." ACQIS cannot now substitute Sony to replace EMC and allege the same—that PCIe-compliant devices meet these claim limitations. Because the issue at stake here is identical to the one presented, litigated, and resolved in the *EMC* action, issue preclusion bars ACQIS from continuing to make those assertions in this action. *See Parklane Hosiery*, 439 U.S. at 327.

### A. The Issues Are Identical.

#### 1. Closely Related Patents Were Asserted in the *EMC* Case.

The three challenged Asserted Patents here and ACQIS's asserted patents in the *EMC* case all belong to the same patent families; and each purport to claim priority to a common application that became U.S. Patent No. 6,718,415. *See* Dkt. No. 1, Exs. 1-5; *ACQIS LLC v. Lenovo Group et al.*, No. 6:20-cv-00967-ADA ("*Lenovo* Litigation"), Dkt. No. 77, Ex. 2 (Family Tree of Asserted Patents) (Kean Decl., Ex. 2). Both sets of patents share a single common inventor, have essentially identical specifications, and include limitations that recite "Peripheral Component Interconnect (PCI) bus transaction," or "PCI bus transaction," and related terms. *See Lenovo* Litigation, Dkt. No. 77, Ex. 26 (Claims Reciting "PCI Bus Transaction"), Ex. 15 (Claims Reciting "Encoded" PCI Bus Transaction), Ex. 13 (Claims Reciting Specific "Bits" of a PCI Bus Transaction) (Kean Decl., Ex.'s 3-5); *EMC* Federal Circuit Opinion, 2022 WL 1562847, at *1 & n.1 (approving the district court's decision to treat terms reciting variants of "PCI bus transaction" similarly). Moreover, ACQIS has itself recognized this same shared relationship in its appellate brief to the Federal Circuit:

> ACQIS obtained the eight asserted patents, which belong to three patent families. *See* Appx2495–2498 (¶¶ 95–97) (illustrating family relationships). Each claims a computer module employing the new interface channel to transmit at least some portion of a "PCI bus transaction" between a processor and peripheral device.

Corrected Brief for Plaintiff-Appellant (Kean Decl., Ex. 6), at 10.

#### 2. The Same Claim Terms Were Construed in the EMC Case and Affirmed on Appeal.

In the district court *EMC* case, Judge Burroughs construed in relevant part the terms, "Peripheral Component Interconnect (PCI) bus transaction"; "communicating . . . PCI bus transaction," and related terms. *ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, 2017 WL

6211051, at *3–8 (D. Mass. Dec. 8, 2017) (Kean Decl., Ex. 7). The Federal Circuit then "specifically adopt[ed]" these constructions in affirming the summary judgment of non-infringement:

> We find no error in the district court's decision and, as such, we affirm. We specifically adopt the district court's constructions of the terms "Peripheral Component Interconnect (PCI) bus transaction,"…"communicating ... PCI bus transaction," and related terms as they appear in the asserted claims of the eight patents at issue[.]: U.S. Patent Nos. 7,363,416; 7,818,487; 8,041,873; RE41,294; RE42,814; RE43,119; RE43,171; and RE44,468.

*EMC* Federal Circuit Opinion, 2022 WL 1562847, at *1.

Now that the Federal Circuit has expressly adopted constructions for these and related terms, those constructions must be applied to the overlapping terms in this case or those that "use slight variations." *EMC* Federal Circuit Opinion, 2022 WL 1562847, at *1 n.1. "The Federal Circuit has 'recognize[d] the national stare decisis effect that [its] decisions on claim construction have.'" *Rembrandt Wireless*, 2020 WL 248787, at *8 (alterations in original) (quoting *Ottah*, 884 F.3d at 1140). When the Federal Circuit affirms a claim construction by a district court, "it does so as a matter of law and its holding is binding" on other district courts. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 09-CV-446, 2011 WL 11070303, at *2 (E.D. Tex. Sept. 23, 2011) (citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 391 (1996)). Indeed, during the pendency of its *EMC* appeal before the Federal Circuit, ACQIS conceded in the *Lenovo* Litigation that "claim constructions become final when the Federal Circuit affirms them on appeal." *Lenovo* Litigation, Dkt. No. 92 (ACQIS' Reply Claim Construction Brief) at 19 (Kean Decl., Ex. 8).

The asserted '768, '750, and '797 patents here recite **_verbatim_** claim terms regarding "Peripheral Component Interconnect (PCI) bus transaction"; "communicating . . . PCI bus transaction," and related terms that were construed in the *EMC* case. *See* Dkt. 1, Exs. 2-4 (claims 1, 1, and 14 respectively). Even if the construed terms in the *EMC* case were not identical to the

PCI terms recited in the Asserted Patents (as they are here), the Federal Circuit constructions of AQCIS's patents in the *EMC* case would control here because the patents all derive from a common ancestry, with many overlapping terms and substantially identical specifications. *See Nestle USA, Inc. v. Steuben Foods, Inc.*, 884 F.3d 1350, 1351–52 & n.1 (Fed. Cir. 2018) (finding issue preclusion from prior construction of similar claim terms where the patents "claim priority to the same provisional application as well as share substantially similar descriptions of the claimed inventions"); *SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307, 1316 (Fed. Cir. 2015) ("Where multiple patents 'derive from the same parent application and share many common terms, we must interpret the claims consistently across all asserted patents.'" (citation omitted)).

### 3. The Same Infringement Allegations Concerning PCIe Were Rejected in the EMC Federal Circuit Decision.

In addition to adopting the district court's claim constructions in *EMC*, the Federal Circuit affirmed summary judgment of non-infringement "[b]ecause the district court's determination that the accused EMC products do not infringe the asserted claims flows directly from its claim constructions[.]" *EMC* Federal Circuit Opinion, 2022 WL 1562847, at *1. Because ACQIS pursues the same flawed infringement theory in this case—asserting that Sony's PCIe components meet the PCI limitations in the Asserted Patents here—the Federal Circuit's *EMC* Opinion requires barring ACQIS's same infringement theory in this case under issue preclusion.

In the *EMC* action, Judge Burroughs granted EMC's motion for summary judgment of non-infringement following claim construction. *ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, 2021 WL 1088207 at *3–6 (D. Mass. Feb. 19, 2021) *aff'd*, No. 2021-1772, 2022 WL 1562847 (Fed. Cir. May 18, 2022) ("*EMC* Summary Judgment Opinion") (Kean Decl., Ex. 9). As detailed in EMC's summary judgment motion, it was uncontested that "ACQIS alleges that PCI Express communications in the accused products meet the Court's constructions of the limitations related

to 'PCI bus transaction.'" *ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, Dkt No. 504, ¶ 5 (D. Mass. July 20, 2018) (EMC's Statement of Material Facts in Support of its Motion for Summary Judgment of Non-infringement) (Kean Decl., Ex. 10); *see id.*, Dkt. No. 574-1 at 1 (ACQIS's rebuttal to EMC's Statement of Material Facts has no dispute regarding ¶ 5) (Kean Decl., Ex. 11) *see also EMC* Summary Judgment Opinion, 2021 WL 1088207 at *3–4. ACQIS did not dispute that PCIe communications do not include all the signals required by the PCI Local Bus Specification, but rather argued that certain of those signals are not required elements of ACQIS's patent claims asserted in the *EMC* case. *EMC* Summary Judgment Opinion, 2021 WL 1088207 at *3–4. Judge Burroughs rejected ACQIS's arguments and granted summary judgment of non-infringement "because the accused products do not contain the limitations set forth in the asserted claims, which recite a PCI bus transaction with reference to the [PCI Local Bus] Specification[.]" *Id*. at *5; *see also id*. at *6 ("Th[e] Court has…concluded that the claims are limited by the [PCI Local Bus] Specification in its entirety.").

On appeal, ACQIS characterized the pivotal issue before the Federal Circuit as whether its patent families (including those at issue in this litigation) with claims that require a "PCI bus transaction" cover transactions employing the later-issued PCIe standard:

> To protect this invention, ACQIS obtained the eight asserted patents, which belong to three patent families. Each claims a computer module employing the new interface channel to transmit at least some portion of a "PCI bus transaction" between a processor and peripheral device. The PCI Standard was succeeded by the "PCI Express" standard ("PCIe"), which adopted the same new interface channel ACQIS invented. EMC makes and sells computer modules that use PCIe to connect processors to peripheral devices. ACQIS filed suit because those EMC computer modules use the claimed interface channel to communicate "PCI bus transactions." […]
>
> [T]he district court granted EMC summary judgment of non-infringement against all asserted claims on the basis that PCIe does not communicate "PCI bus transactions," as construed by the district court. […]

> The primary question on appeal is what information constitutes a "PCI bus transaction." […] Deciding this issue requires understanding (1) the PCI Standard, (2) improvements claimed in the asserted patents, and (3) the PCIe standard.

Corrected Brief for Plaintiff-Appellant (Kean Decl., Ex. 6) at 2–4 (citations omitted). ACQIS did not raise on appeal any argument about functionality in the accused EMC products other than PCIe. In its brief, ACQIS argued that genuine factual disputes regarding the operation of PCIe required reversal of the district court's granting of summary judgment. *See e.g.*, *id*. at 29 (arguing that the district court did not "reach ACQIS's argument that genuine fact disputes remained about whether PCIe communicates signals analogous to the disputed physical layer signals"). The Federal Circuit rejected these arguments and affirmed the district court's grant of summary judgment of no infringement. *EMC* Federal Circuit Opinion, 2022 WL 1562847, at *1. The Federal Circuit specifically found that the district court's opinion on summary judgment "flows directly from its claim constructions[.]" *Id*. Accordingly, there were no relevant factual disputes regarding the PCIe standard in view of the claims' recitation of "PCI bus transaction" that required reversal of the decision below.

In this litigation, ACQIS is pursuing the same erroneous infringement theory—that communications using PCIe meet the PCI limitations. ACQIS's Complaint (Dkt. 1) accuses Sony of infringing the '768, '750, and '797 patents, each reciting "PCI bus transaction" or a similar term, by virtue of the accused products purportedly utilizing the PCIe standard:

- ¶ 3: "Sony has infringed the ACQIS Patents, directly and indirectly, by: (1) making, using, selling, offering for sale, and/or importing into the United States, Sony video game consoles that include infringing **PCIe** and/or USB 3.x functionality; (2) practicing the claimed methods of the ACQIS Patents in the United States by manufacturing and/or testing Sony video game consoles that include the claimed **PCIe** and/or USB 3.x functionality; (3) importing into the United States and/or selling in the United States Sony video game consoles made abroad using ACQIS's patented processes; and (4) inducing third parties to use, sell, offer for sale, and/or import into the United States, Sony video game consoles that include infringing

**PCIe** and/or USB 3.x functionality, with knowledge of the ACQIS Patents and of the third parties' infringement resulting therefrom.

- ¶ 40: "The Accused Instrumentalities include Sony video game consoles that incorporate the claimed inventions, including infringing implementations of **PCIe** and/or USB 3.x as described herein."

- ¶¶'s 60, 88 and 113: "On information and belief, the Accused Instrumentalities are in relevant part substantially similar to the exemplary PlayStation 4 Slim console, in particular with regard to the manner in which the Accused Instrumentalities utilize PCIe and/or USB 3.x functionality for connecting internal components and/or providing USB 3.x ports …."

But ACQIS's infringement allegations against PCIe-compliant components are precluded by the Federal Circuit's opinion in *EMC*. As discussed above, the Federal Circuit upheld the district court's finding that the PCI claims when properly construed are not met by the PCIe standard. ACQIS therefore cannot pursue infringement claims against Sony by asserting that the same non-infringing standard meets the same claim PCI limitations. It is of no consequence that the claims or the patents in the two cases are not identical because the two cases share the identical *issue* of whether PCIe transactions can infringe claims requiring a "PCI bus transaction." *See Ohio Willow Wood*, 735 F.3d at 1342 ("precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply); *see also Arunachalam*, No. 19-CV-00171-ADA, 2019 WL 10303695, at *4 (granting motion to dismiss on the basis of collateral estoppel where a related patent with similar claims and identical claim terms was previously found invalid). The same holds true for the question of non-infringement: "the assertion of different claims in a subsequent suit does not create a new 'issue' to defeat preclusion." *Zenni Optical*, 713 F.3d at 1381.

Likewise, ACQIS cannot claim that any purported differences between the accused products, such as the different manufacturers in each litigation, means that issue preclusion does not apply. The Federal Circuit made clear that issue preclusion applies where "a close identity

exists between the relevant features of the accused device and the device previously determined to be non-infringing such that they are essentially the same." *ArcelorMittal Atlantique et Lorraine*, 908 F.3d at 1274. Because the feature relevant to the infringement analysis in both cases is the same PCIe standard, ACQIS's claims against Sony's products are barred by issue preclusion. *See, e.g.*, *Zenni Optical*, 713 F.3d at 1381–82 (affirming district court's finding of non-infringement where the accused products were "materially identical" to those made by another party previously found not to infringe); *Furnace Brook LLC v. Aeropostale, Inc.*, 447 F. App'x 165, 168–69 (Fed. Cir. 2011) (affirming district court's finding of non-infringement based on issue preclusion where accused websites were "not materially different" from website found not to infringe in a prior case); *Charles E. Hill & Assoc., Inc. v. Amazon.com*, No. 02-CV-186, 2005 WL 2488715, at *5 (E.D. Tex. Oct. 7, 2005) (after applying claim constructions affirmed by the Federal Circuit to the limitations found in a related patent, finding that under those constructions, the infringement claims were barred by issue preclusion because The patent owner was accusing the same underlying technology that had been adjudged to be non-infringing).

The case *Adaptix, Inc. v. AT&T Mobility LLC* is instructive. No. 12-CV-120, 2015 WL 12696204 (E.D. Tex. May 12, 2015). *Adaptix* applied issue preclusion to prevent the plaintiff from arguing that the defendants infringed by implementing the LTE industry standard because the plaintiff had previously lost on that same issue on summary judgment of non-infringement for devices made by other manufacturers that had allegedly infringed by implementing the LTE industry standard. *Id*. at *8–9. The court noted that while the accused devices had different manufacturers, the plaintiff could not identify any difference in the operation of the devices that would alter the infringement analysis. *Id*. at *7. Here too, though the accused devices in the *EMC* litigation and this case have different manufacturers, ACQIS's infringement theory is the same

because it relies on the use of the same industry standard, PCIe. *Compare* Dkt. No. 1, ¶¶ 3, 40, 60, 88, 113; *with ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, Dkt No. 307, ¶¶ 30, 31 (D. Mass. July 07, 2017) (Kean Decl., Ex. 12).

### B. The Issues Were Actually Litigated.

ACQIS actually and extensively litigated the issue of whether PCIe can meet the construed PCI claim limitations in the *EMC* case. And there were no "special circumstances" in the *EMC* litigation that would excuse an application of issue preclusion, such as misconduct by counsel or a lack of an "incentive to litigate." *See Soverain Software*, 778 F.3d at 1316.

In the *EMC* district court case, ACQIS advanced its view on the construction for the "PCI bus transaction" terms. *See EMC* Summary Judgment Opinion, 2021 WL 1088207 at *3–4. After the *EMC* district court entered its constructions, ACQIS had a full opportunity to respond to EMC's motion for summary judgment of non-infringement. *See id*. And ACQIS fully litigated its appeal of the district court's order granting summary judgment, arguing both that the claim construction was incorrect and that the grant of summary judgment was erroneous. *See generally* Corrected Brief for Plaintiff-Appellant at 33–53 (Kean Decl., Ex. 6).

For example, the *EMC* district court considered—but ultimately rejected—ACQIS's arguments regarding whether infringement of the PCI terms requires only a subset of the signals required by the PCI Local Bus Specification. *See, e.g.*, *EMC* Summary Judgment Opinion, 2021 WL 1088207 at *5 ("The Court rejects ACQIS's proffered modification of the claim term 'PCI bus transaction' to narrow the application and meaning of the [PCI Local Bus] Specification."). ACQIS rehashed the same argument on appeal. Corrected Brief for Plaintiff-Appellant at 15–17, 26–27, 30, 53–55 (Kean Decl., Ex. 6). But the Federal Circuit rejected ACQIS's arguments and instead "specifically adopt[ed]" the district court's constructions that required following the PCI Local Bus Specification in its entirety. *EMC* Federal Circuit Opinion, 2022 WL 1562847, at *1.

The Federal Circuit expressly held that these constructions (i.e., applying the entirety of the PCI Local Bus Specification) apply for all "slight variations on these terms." *EMC* Federal Circuit Opinion, 2022 WL 1562847, at *1 n.1.

Critically, ACQIS cannot avoid issue preclusion by listing arguments that it could have raised in the *EMC* litigation, or additional arguments regarding different facts or claim terms in this litigation, because the relevant inquiry is whether ACQIS had a full and fair opportunity to litigate the specific issue of infringement of the PCI claim limitations by compliance with the PCIe standard. *See Soverain Software*, 778 F.3d at 1316; *Zenni Optical*, 713 F.3d at 1381–82. ACQIS had that opportunity and lost; therefore, issue preclusion must apply in this case.

### C. Determination of the Issues in the Prior Action Was a Necessary Part of the Final Judgment in that Action.

The *EMC* district court necessarily determined both the appropriate claim construction for the PCI terms and the non-infringement of those terms by manufacturers that implemented the PCIe standard. The *EMC* district court clearly tied its determination of non-infringement to its construction of the PCI terms: "Accordingly, because the accused products do not contain the limitations set forth in the asserted claims, which recite a PCI bus transaction with reference to the Specification, the Court concludes that there is no infringement and summary judgment is appropriate." *EMC* Summary Judgment Opinion, 2021 WL 1088207 at *5. The Federal Circuit agreed, upholding the summary judgment of non-infringement and specifically adopting the *EMC* district court's claim constructions, reasoning that the district court's determination of non-infringement "flows directly from its claim constructions[.]" *EMC* Federal Circuit Opinion, 2022 WL 1562847, at *1.

This Court should apply issue preclusion here because there can be no genuine dispute as to whether the *EMC* claim construction and summary judgment ruling were "necessary to the

judgment" of the *EMC* case. *See Adaptix*, 2015 WL 12696204, at *9; *Charles E. Hill*, 2005 WL 2488715, at *5.

## IV.     CONCLUSION

Issue preclusion bars ACQIS from advancing any infringement theory against Sony that PCIe communicates the claimed "PCI bus transaction" as this theory has already been fully adjudicated and affirmed as non-infringing as a matter of law. Therefore, Sony respectfully requests that this Court enter judgment dismissing these legally foreclosed allegations regarding the '768, '750 and '797 patents from the Complaint in their entirety.

Dated: December 20, 2022

Respectfully submitted,

/s/ Eric A. Buresh
Abran J. Kean (*pro hac*)
CO Bar 44660
Erise IP, P.A.
5299 DTC Blvd., Suite 1340
Greenwood Village, CO 80111
Phone: 913.777.5600
Fax: 913.777.5601
Abran.kean@eriseip.com

Eric A. Buresh (admitted in this District)
KS Bar 19895
Erise IP P.A.
7015 College Blvd., Suite 700
Overland Park, KS 66211
Phone: 913.777.5600
Fax: 913.777.5601
Eric.buresh@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450

*Counsel for Defendants Sony Interactive Entertainment Inc. and Sony Interactive Entertainment LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 20, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Melissa R. Smith*          
Melissa R. Smith
