# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| ACQIS, LLC | Civil No. 6:22-cv-386-ADA-DTG |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SONY INTERACTIVE ENTERTAINMENT INC. and SONY INTERACTIVE ENTERTAINMENT LLC | ███████████ |
| Defendants. | |

## SONY INTERACTIVE ENTERTAINMENT INC. AND SONY INTERACTIVE ENTERTAINMENT LLC'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA, OR IN THE ALTERNATIVE, TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................III

I.    STATEMENT OF FACTS.......................................................................... 1

      A.    THE PARTIES ................................................................................ 1
      B.    THE ASSERTED PATENTS ............................................................. 2
      C.    THE ACCUSED PRODUCTS ........................................................... 2

II.   THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF
      CALIFORNIA............................................................................................ 3

      A.    THIS CASE COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF
      CALIFORNIA.................................................................................................... 3
      B.    THE PUBLIC AND PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF TRANSFER
      4

      III.   ALTERNATIVELY, TRANSFER SHOULD BE MADE TO THE AUSTIN
      DIVISION OF THE W.D. TEX........................................................... 13

IV.   CONCLUSION ........................................................................................ 15

# TABLE OF AUTHORITIES

## CASES

*10Tales, Inc. v. TikTok Inc.*,
No. 6:20-CV-810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021)................ *passim*

*ACQIS LLC V. MiTAC Computing Tech. Corp.*,
No. W-20-CV-00962-ADA, WL 4805431 (W.D. Tex. Oct. 14, 2021)…....................7, 11

*AlmondNet, Inc. v. Samsung Elecs. Co., Ltd.*,
No. 6:21-CV-00891-ADA, 2022 WL ----, Dkt. 68 (W.D. Tex. Nov. 28, 2022) …..6, 8, 11

*Correct Transmission LLC v. ADTRAN, Inc.*,
No. 6:20-cv-669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) .................*passim*

*DataQuill, Ltd. v. Apple Inc.*,
No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014)...........................10

*DietGoal Innovations LLC v. Taco John's International, Inc.*,
No. 3:14-CV-00763-K, 2014 WL 7740478 (N.D. Tex. July 15, 2014)............................12

*Eight One Two, LLC v. Purdue Pharma L.P.*,
No. 3:13-CV-2981-K, 2014 WL 7740476 (N.D. Tex. May 16, 2014) ........................6, 10

*FCX Solar, LLC v. FTC Solar, Inc.*,
No. 6:21-CV-548-ADA, 2021 WL 4953912 (W.D. Tex. Oct. 25, 2021) ........................13

*Gesture Tech. Partners, LLC v. Apple, Inc.*,
No. 6:21-cv-00121-ADA, 2022 WL 3592451 (W.D. Tex., August 22, 2022) ................12

*In re Adobe Inc.*,
823 F. App'x 929 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2469 (2021) .......................10

*In re Apple Inc.*,
979 F.3d 1332, 1340 (Fed. Cir. 2020) ...........................................................................5, 8

*In re Atlassian Corp.*,
No. 2021-177, 2021 WL 5292268 (Fed. Cir. Nov. 15, 2021) .........................................10

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)..............................................................................*passim*

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021) ….................................................................................11

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)………….....................................................................10

*In re Radmax, Ltd.*,
720 F.3d 285, 287-88 (5th Cir. 2013) …………...........................................................4

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008)........................................................................4

*In re WMS Gaming Inc.*,
564 F. App'x 579 (Fed. Cir. 2014) ..............................................................11

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) ........................................................................4

*In re Volkswagen of America, Inc.*,
545 F.3d 304 (5th Cir. 2008) ....................................................................4, 7

*In re ZTE (USA)*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) .........................................15

*Mycone Dental Supply Co., Inc. v. Creative Nail Design, Inc.*,
No. C 12-00747, 2012 WL 12920620 (N.D.C.A. April 20, 2012) ...................................8

*Smarter Agent, LLC v. Redfin Corp.*,
No. 6:21-cv-01172-ADA, 2022 WL 2835861 (W.D. Tex. July 20, 2022) .....................8

*StratosAudio, Inc. v. Volkswagen Grp. of Am., Inc.*,
No. 6:20-CV-01131-ADA, 2022 WL 764976 (W.D. Tex. Mar. 10, 2022).....................13

*SynKloud Techs., LLC v. Dropbox, Inc.*,
No. 6:19-cv-525-ADA, 2020 WL 2494574 (W.D. Tex. May 14, 2020)…........................8

*VOIP-Pal.com, Inc. v. Meta Platforms, Inc. et al.*,
No. 6-20-CV-00267-ADA, 2022 WL 3021522 (W.D. Tex. July 28, 2022)..............*passim*

*Westech Aerosol Corp. v. 3M Co.*,
927 F.3d 1378, 1382 (Fed. Cir. 2019) ........................................................15

## STATUTES

28 U.S.C. § 1400(b) ..........................................................................4, 5, 15

28 U.S.C. § 1404(a) ..........................................................................1, 3, 4, 9

## RULES

FED. R. CIV. P. 45(C)(1)(A), (B)(ii)
..........................................................................7

Fed. R. Civ. P. 45(b)(2)(C) ........................................................................8

Cal. Civ. Proc. Code § 1989 (West)..........................................................8

Plaintiff ACQIS, LLC ("Plaintiff" or "ACQIS") filed this patent infringement lawsuit in the Waco Division of the Western District of Texas ("W.D. Tex.") against Defendants Sony Interactive Entertainment LLC ("SIE") and Sony Interactive Entertainment Inc. ("SIEI") (collectively, "Sony"). The Waco Division is indisputably inconvenient because Sony has no office, employees, or sources of proof related to the accused products in the Waco Division. The Northern District of California ("N.D. Cal.") is a clearly more convenient forum because it is where Defendant SIE is headquartered, numerous likely witnesses are located, all relevant Sony documents are accessible, located, or maintained, and it is where the accused product was developed. The N.D. Cal. is also the district where the asserted patents' owner, inventor, and prosecution attorney are located, where Plaintiff's CEO is located, and where the alleged pre-suit patent notice and patent licensing meeting between ACQIS and SIE occurred.

Sony respectfully requests transfer to the N.D. Cal. pursuant to 28 U.S.C. § 1404(a) for the reasons set forth below. But if the Court finds venue inappropriate in the N.D. Cal., the Court should transfer this case from the Waco Division to the Austin Division of the W.D. Tex. because it is clearly more convenient than the Waco Division and because even Plaintiff's Complaint recites Austin-specific facts. *See* Complaint, ¶¶8, 9, 13.[1]

## I.  Statement of Facts

### A.  The Parties

Plaintiff is a limited liability company organized under Texas law and based in the N.D.

---

[1] In an unrelated case pending in the Waco Division (*Quantum Imaging v. Sony*, Case No. 6:22-cv-00573), Defendants SIE, SIEI, and Bluepoint Games Inc. are seeking transfer to Austin only. The reason for these different requests is that the Defendants have reviewed and taken into account this Court's substantial guidance on transfer, and in both cases the requests result from a fact-intensive inquiry into the design and development of the accused products in the respective cases. The two cases involve different patents, different technology, and different accused aspects of various products, including video games that are accused only in the Quantum case. The Quantum case also involves a distinct defendant, Bluepoint Games Inc., that has its only office in Austin.

Tex. at McKinney, Texas. Dkt. 1 ("Complaint"), ¶5. Plaintiff operates out of Mountain View, California at an address where Dr. William Chu, President of ACQIS and sole inventor of all five of the asserted patents, resides. Complaint, ¶5. Defendants are SIE and SIEI. *Id.,* ¶¶7-8. SIE is a California limited liability company with its worldwide headquarters and principal place of business in San Mateo, California. *Id.*, ¶8; Declaration of Lori Waugh ("Waugh"), ¶3. SIE operates a business that designs, develops, markets, and distributes PlayStation ("PS") video game products globally and nationally. Waugh, ¶3. SIE has several offices in the N.D. Cal., including in San Mateo, San Francisco, and Campbell. *Id.* SIE affiliates with offices in London, England and Tokyo, Japan. *Id.* SIEI, which is SIE's affiliate in Japan, is incorporated under the laws of Japan with its principal place of business in Tokyo, Japan. *Id.*, ¶4; Complaint, ¶7.

As of April 14, 2022, the filing date of the Complaint in this case, SIE had about 1,754 employees working at SIE's offices in the N.D. Cal., while most of SIEI's 1,638 employees were based in Japan, with 52 SIEI employees working and living in California. Waugh, ¶5. As of April 14, 2022, neither SIE nor SIEI had any office in Waco, Texas, and neither had any employees working or living in Waco, Texas. *Id.*

## B.     The Asserted Patents

Plaintiff asserts five patents against Sony: U.S. Patent 9,529,768, 9,703,750, 8,977,797, RE 44,654, and RE 45,140 (the "Asserted Patents"). They are directed toward peripheral component interface communications utilizing a low voltage differential signal. Complaint, Exhibits 2-6. All Asserted Patents claim priority to May 14, 1999 through a series of continuation patent applications. *Id.*, ¶¶15-19.

## C.     The Accused Products

Sony's PS4 video game console ("PS4 console")—accused of infringement here

("Accused Product")—contains a processing architecture that includes an ethernet controller and southbridge processor ███████████████████████████████████████████████████████████████████████████████████████████████████████. *See, e.g.,* Complaint, ¶¶112-124; ███████████████████████████ Plaintiff waited until 2022 to accuse Sony of infringement despite the issuance of the Asserted Patents from 2013-2017 and the 2013 release date of the accused PS4 console. *See generally* Complaint█████████████████Below, Sony identifies numerous individuals based in California who are knowledgeable about the design, development, importation, marketing, distribution, sales of, and patent licensing for the PS4 console.

## II. This Case Should Be Transferred to the Northern District of California

The Waco Division of the W.D. Tex. ("Waco Division") is not the home forum to any party, and is not where any relevant witnesses or documents are found. Sony sells the PS4 console nationally, and the Waco Division has no connection to the relevant facts outside of the alleged Best Buy and GameStop retail stores' distribution of the PS4 console. Complaint, ¶9. California is also where Dr. William Chu (the Asserted Patents' inventor) and William Galliani (the Asserted Patents' prosecuting attorney) and virtually all the relevant Sony documents and numerous first-party and third-party witnesses can be found. Northern California has a direct connection to the operative facts in this case. This case should be transferred to the N.D. Cal.

### A. This Case Could Have Been Brought in the Northern District of California

The first part of assessing whether to transfer pursuant to Section 1404(a) is to consider whether this case could have been brought in the transferee forum. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). A suit for patent infringement may

be filed where the defendant allegedly "committed acts of infringement and has a regular and established place of business." *Id.* § 1400(b). The transfer decision under 28 U.S.C. §1404(a) is governed by the law of the regional circuit. *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008). The Fifth Circuit instructs the "preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the [transfer] destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). SIE is headquartered in and sells the PS4 console in the N.D. Cal.—where virtually all of Sony's relevant documents and numerous party and non-party witnesses can be found—and has a direct connection to the operative facts in this case. Indisputably, this case could have been brought in the N.D. Cal.

### B. The Public and Private Interest Factors Weigh in Favor of Transfer

The second part of the Section 1404(a) calculus assesses a series of "private" and "public" factors to determine whether they weigh clearly in favor of transfer. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Those factors include:

| | |
|---|---|
| Private | the relative ease of access to sources of proof |
| | the availability of compulsory process to secure the attendance of witnesses |
| | the cost of attendance for willing witnesses |
| | all other practical problems that make trial of a case easy, expeditious and inexpensive |
| Public | the administrative difficulties flowing from court congestion |
| | the local interest in having localized interests decided at home |
| | the familiarity of the forum with the law that will govern the case |
| | the avoidance of unnecessary problems of conflict of laws or the application of foreign law |

*Id.* These factors "apply as much to transfers between divisions of the same district as to transfer from one district to another." *In re Radmax, Ltd.,* 720 F.3d 285, 287-88 (5th Cir. 2013). Weighing all of these "private" and "public" factors confirms that the N.D. Cal. is "clearly more convenient" than the Waco Division and therefore Sony's motion to transfer should be granted. *Volkswagen II* at 545 F.3d 304, 314.

1.  **The Private Interest Factors Favor Transfer to the N.D. Cal.**

    a)  **The relative ease of access to sources of proof.**

Access to the relevant sources of proof would be made easier by transferring this case to the N.D. Cal. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). All hard copy and electronic documents in Sony's possession or control that are likely to serve as sources of proof and relate to Plaintiff's claims are accessible in the ordinary course of business at SIE's headquarters in San Mateo, California. Waugh, ¶6. Sony's personnel who created and maintain this documentation are in Northern California or Japan. *See id.* This includes the following Sony document custodians and likely party trial witnesses:



Declaration of Mark C. Lang ("Lang"), ¶4. Plaintiff already

acknowledged that the geographic locations of Sony's sources of proof in this case are at the offices of SIE and SIEI. *See* Dkt. 12 (Dismissal of Sony Group Corporation), ¶3 (noting that "SGC represents that it has no discoverable information in its possession, custody, or control relating to the issues raised in ACQIS's claims . . . except that is also in the possession, custody or control of SIEI or SIE").

Sony's sources of proof include PS4 console specifications, development agreements, financial statements, and marketing strategies. Because these sources and the respective custodians who create, maintain, and access them are located in the N.D. Cal, this factor weighs in favor of transfer. *VOIP-Pal.com, Inc. v. Meta Platforms, Inc. et al.,* No. 6-20-CV-00267-ADA, 2022 WL 3021522, at *3 (W.D. Tex. July 28, 2022) (noting that it is an error not to consider the location of document custodians and the location where documents are created and maintained); *see also AlmondNet, Inc. v. Samsung Elecs. Co., Ltd.*, No. 6:21-CV-00891-ADA, 2022 WL ----, Dkt. 68 at 13 (W.D. Tex. Nov. 28, 2022) ("Because more document custodians likely reside in the NDCA rather than the WDTX and some physical evidence may exist in the NDCA, the Court finds that this factor weighs in favor of transfer").

Although many of Sony's documents are available in electronic form, this Court has recognized that under the applicable Fifth Circuit precedent, the lack of a "single source of physical proof in this District . . . favors transfer." *10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-810-ADA, 2021 WL 2043978, at *2 (W.D. Tex. May 21, 2021); *see also Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-cv-669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) (noting that "this factor is relevant regardless of the method of storage," and when such evidence is stored in the transferee venue, that fact favors transfer); *Eight One Two, LLC v. Purdue Pharma L.P.*, No. 3:13-CV-2981-K, 2014 WL 7740476, at *2 (N.D. Tex. May 16, 2014) (noting that where

"the proof needed to adjudicate this case is ***more*** readily accessible" in the transferee district than in this district, that fact "favors transfer").

### b) The availability of compulsory process to secure attendance of witnesses.

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(C)(1)(A), (B)(ii). Under this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses whose attendance may require a court order. *Volkswagen II*, 545 F.3d at 316.

This Court has considered non-party witnesses who will need to be subpoenaed to testify. *ACQIS LLC v. MiTAC Computing Tech. Corp.*, No. W-20-CV0—962-ADA, 2021 WL 4805431 at *3 (W.D. Tex. Oct. 14, 2021). Sony identifies several non-party witnesses that have personal knowledge about the design and development of the PS4 console, or about the Asserted Patents or prior art related thereto. These non-party witnesses all reside in California:

| | |
|---|---|
| ████ ████ | ████████████████████████████ ████████████████████ |
| William Chu | President of ACQIS and sole inventor of all the Asserted Patents, works and/or resides in Mountain View, California |
| ███ ██ | ███████████████████████████ ████████████████████████ |
| William Galliani | Patent attorney who prosecuted the Asserted Patents; works at Cooley LLP in Palo Alto, California |
| ████ ████ | ███████████████████████████ ████████████████ |
| ████ | ███████████████████████████ |



Lang, ¶¶3, 5-11. Additionally, at least seven inventors of prior art listed in the Asserted Patents and two additional relevant prior art witnesses are also located in California. Lang, ¶¶12-14. Each of these 18 non-party witnesses is within the state-wide subpoena power of the N.D. Cal. because they are located within the state of California. *Mycone Dental Supply Co., Inc. v. Creative Nail Design, Inc.*, No. C 12-00747, 2012 WL 12920620, at *2 (N.D.C.A. April 20, 2012) (citing FED. R. CIV. P. 45(B)(2)(C) and CAL. CIV. PROC. CODE § 1989 (WEST)) (explaining the subpoena power of the N.D. Cal. over the entire state of California). None of the 18 identified non-party witnesses are subject to subpoena power of the Waco Division. This factor favors transfer. *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (the compulsory process factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue") (citing *In re Genentech*, 566 F.3d at 1345); *AlmondNet,* Dkt. 68 at 16 ("Because a greater number of prior art witnesses are located within the subpoena power of the NDCA, the Court concludes that this factor at least weighs slightly in favor of transfer."); *Smarter Agent, LLC v. Redfin Corp.,* No. 6:21-cv-01172-ADA, 2022 WL 2835861, at *5 (W.D. Tex. July 20, 2022) (finding this factor favored transfer where defendant identified eight third-party witnesses in the N.D. Cal. and plaintiff identified none in the transferor forum).

### c) **The cost of attendance for willing witnesses.**

The convenience of witnesses "is the single most important factor in the transfer analysis." *10Tales, Inc.*, 2021 WL 2043978, at *4 (citing *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020)). Applying Fifth Circuit law, the Federal Circuit established the "100-mile rule," such that "[w]hen the distance between an

existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Genentech*, 566 F.3d at 1343 (alteration in original) (citation omitted).

The N.D. Cal. includes Federal Courthouses geographically coinciding with SIE's San Mateo headquarters and are more easily accessible to SIEI's Tokyo-based office than the Waco Federal Courthouse. Maintaining venue in the Waco Division requires witnesses to fly over 1,500 miles from California and over 6,500 miles from Tokyo, Japan, to an airport in Austin, Texas, and then to commute an additional 107 miles to the courthouse in Waco amidst higher travel costs from inflation and exorbitant fuel prices.[2] Lang, ¶15. Adjudicating this case in the N.D. Cal. requires Mr. Chu, the named inventor of the Asserted Patents and Plaintiff's CEO, to commute only 39.2 miles from his Mountain View, California home to the San Francisco Federal Courthouse. *Id.*, ¶16. Eight of Sony's nine party witnesses would only commute 20.9 miles to that same courthouse from SIE's office in San Mateo, California. *Id.*, ¶17. ████████████████ ████████████████████████████████████████████████████████████████ ██████████████ and the remaining 16 other non-party California witnesses would also avoid inter-state travel to Texas and reduced commutes if the case is transferred to the N.D. Cal. Because the majority of Sony's party and non-party witnesses work in Northern California, they would avoid lodging and meal expenses by returning home within the same day of their required attendance in court if this case is transferred there. *VOIP-Pal.com v. Meta*, 2022 WL 3021522, at *6. This factor strongly favors transfer.

---

[2] *See, e.g.*, "Gasoline and Diesel Fuel Update" provided by the U.S. Energy Administration on September 26, 2022 showing a nearly half dollar increase ($0.470) per gallon of fuel over the span of a year (available at: https://www.eia.gov/petroleum/gasdiesel/).

**d) All other practical problems that make trial of a case easy, expeditious and inexpensive.**

"[T]his Court has previously held that the last private interest factor favors transfer when most witnesses are present in the transferee forum." *Correct Transmission*, No. 6:20-cv-00669-ADA, 2021 WL 1967985, at *5 (citing *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014)). That is precisely the situation here. Plaintiff appears to have no presence in this District other than as a litigant, which is irrelevant to the transfer calculus. *Id.* (citing *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009)).

**2. The Public Interest Factors Favor Transfer to the N.D. Cal.**

**a) The administrative difficulties flowing from court congestion.**

As this Court has recognized, "court congestion is considered 'the most speculative' factor, and when 'relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors.'" *10Tales*, 2021 WL 2043978, at *5 (citation omitted); *see also In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2469 (2021); *Eight One Two, LLC*, 2014 WL 7740476, at *4 (noting that "[e]ach case is unique, and whether or not the case would progress more rapidly here or in [the N.D. Cal.] is largely a matter of speculation"). The difference in median time between the filing and disposition of a civil case at trial between the W.D. Tex. and the N.D. Cal. is a mere seven-tenths (0.7) of one month.[3] The Federal Circuit instructs that "when other relevant factors weigh in favor of transfer or are neutral, 'then the speed of the transferee district court should not alone outweigh all those other factors.'" *In re Atlassian Corp.*, No. 2021-177, 2021 WL 5292268,

---

[3] *See* U.S. District Courts – Median Time from Filing to Disposition of Civil Cases, by Action Taken, Caseload Profile, March 31, 2022 (available at: https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2022/03/31). The W.D. Tex. had a time of 29.4 months, and the N.D. Cal. had a time of 28.7 months.

at *4 (Fed. Cir. Nov. 15, 2021) (quoting *Genentech*, 566 F.3d at 1347).

In any event, the minor difference between trial times in the two forums at issue here should not affect the transfer analysis because it is unlikely that ACQIS practices the asserted patents. *See In re WMS Gaming Inc.,* 564 F. App'x 579, 581 (Fed. Cir. 2014) (finding no reason to "assign significant weight in the transfer analysis" to this factor where plaintiff does not practice the patent and "is not in need of a quick resolution of this case"). ACQIS waited five or more years to accuse Sony of infringing patents issued between 2013-2017 with a Sony product first sold in the U.S. in 2013. Plaintiff's delay in filing confirms that time is not of the essence, so this factor is neutral.

### b) The local interest in having localized interests decided at home.

The Waco Division has no local interest in this dispute. Plaintiff conducts business out of Mountain View, California. SIE is headquartered in the N.D. Cal. in San Mateo, California. SIEI is headquartered in Tokyo, Japan. The Federal Circuit has instructed the "focus" of this factor is "where the events forming the basis for infringement occurred." *In re Juniper Networks, Inc.,* No. 2021-160, slip op. at 9-10 (Fed. Cir. Sept. 27, 2021). Where the accused products were designed, developed, and sold forms the basis for infringement. *ACQIS v. MiTAC*, WL 4805431, at *3. These activities for the PS4 console and Plaintiff's alleged pre-suit meeting with SIE all occurred in the N.D. Cal. *See* Complaint, ¶¶ 43-46; ███████████ Waugh, ¶6. This Court has previously found "[t]his establishes a strong interest for resolving this dispute in the NDCA." *VOIP-Pal.com, Inc. v. Meta*, 2022 WL 3021522, at *10. Plaintiff and Defendant's party and non-party witnesses and Sony's sources of proof, including those with access to them, are located in California. *Id.* None of Plaintiff's or Sony's relevant documents or witnesses are located in the Waco Division.

This justifies transfer to the N.D. Cal. *See, e.g.*, *AlmondNet*, Dkt. 68 at 21 ("Court agrees with [Defendant] that its presence in the NDCA weighs in favor of transfer" on the local interest

factor because "[m]ore employees that work on [accused technology] are located in the NDCA than the WDTX" and because "the Accused Products were at least partially developed in the NDCA"); *10Tales, Inc.*, 2021 WL 2043978, at *5 (finding that this factor weighed in favor of transfer to the N.D. Cal. where the accused products were designed, developed, and tested in the transferee forum); *see also DietGoal Innovations LLC v. Taco John's Int'l, Inc.*, No. 3:14-CV-00763-K, 2014 WL 7740478, at *5 (N.D. Tex. July 15, 2014) (concluding that there was no "legitimate local interest" in the transferor district because the transferee forum was "where many of the witnesses and most of the evidence concerning the alleged infringement are located," and because neither party had "ties [in the transferee district] related to the patent infringement issue").

In its Complaint, ACQIS alleges venue is appropriate in W.D. Tex. because Sony "transacts substantial business in the State of Texas and [the Western] District," offers its products for sale there, has employees located throughout it, and has a "regular and established place of business" at the address of SIE's subsidiary, Bluepoint Games Inc., at 5000 Plaza on the Lake, Suite 350, Austin, Texas 78746. Complaint, ¶¶ 12-13. ACQIS also alleges that Sony is hiring in the district, citing a LinkedIn posting. *Id.* But rather than establishing connections, these job postings show the opposite: Bluepoint "is in need of these types of employees because the [Bluepoint] Austin office currently lacks them." *Gesture Tech. Partners, LLC v. Apple, Inc.,* 2022 WL 3592451, at *3 (W.D. Tex., August 22, 2022). Further, the alleged physical address is the headquarters office of Bluepoint Games Inc., which is a Texas corporation distinct and separate from either Defendant. Tanya Clarkson Declaration ("Clarkson"), ¶¶4-5. This Bluepoint Games office "does not outweigh [Sony's] headquarters in the NDCA[,]" especially because this factor is concerned with "the events giving rise to the suit" rather than where Sony "maintains a footprint." *Gesture Tech.*, 2022 WL 3592451, at *6. Bluepoint is a business that works wholly separate and apart from the design or

development of the accused PS4 console. Clarkson, ¶6. And none of Sony's party or non-party witnesses, or any of Sony's custodians of sources of proof in this case work in the Waco Division. Waugh, ¶¶5-6; ██████████ Lang, ¶¶ 4-14.

Also, Sony sells the PS4 console globally (including in the N.D. Cal.), not just in the Waco Division or the W.D. Tex. That is insufficient to create a *local* interest in the Waco Division under the *Volkswagen* analysis. *See 10Tales, Inc.*, 2021 WL 2043978, at *5 ("While the presence of infringing users may be an 'event' giving rise to this lawsuit, it nevertheless creates no local interest because such a connection equally exists in virtually all other districts, including the [transferee forum]."). Even then, Plaintiff points to four GameStop and Best Buy retail locations in the W.D. Texas that allegedly sell the PS4 console. Complaint, ¶9. But the store addresses of these third-party retailers cannot constitute a regular and established place of business of SIE or SIEI. *See, e.g., StratosAudio, Inc. v. Volkswagen Grp. of Am., Inc.,* No. 6:20-CV-01131-ADA, 2022 WL 764976, at *2 (W.D. Tex. Mar. 10, 2022) ("dealerships … do not constitute regular and established place of business of Volkswagen and Hyundai under § 1400(b)").

### c) The familiarity of the forum with the law that will govern the case.

The only claims at issue in this case are patent claims. The W.D. Tex. and the N.D. Cal. are equally familiar with the uniform body of federal patent law. *See, e.g., Correct Transmission*, 2021 WL 1967985, at *6; *FCX Solar, LLC v. FTC Solar, Inc.,* No. 6:21-CV-548-ADA, 2021 WL 4953912 at *9 (W.D. Tex. Oct. 25, 2021). This factor is neutral.

### d) Avoidance of unnecessary problems of conflict of laws or the application of foreign law.

This factor is neutral: there are no potential conflict of laws or foreign law issues here.

## III. Alternatively, Transfer Should Be Made to the Austin Division of the W.D. Tex.

If this Court finds the Northern District of California inappropriate as the transferee venue,

it should transfer the case to the Austin Division of the W.D. Tex. Defendant incorporates its §1404(a), eight-factor analysis from its discussion in section II showing how Waco, Texas remains an inconvenient, difficult, and expensive forum for each of the 27 above-identified witnesses (from both parties) to attend trial and because Waco lacks any relevant sources of proof.

As of April 14, 2022—the filing date of the Complaint—SIE had approximately 32 employees working at an office located at 7800 Shoal Creek Blvd., Austin Texas. Waugh, ¶¶3, 5. Although Bluepoint Games Inc. is a Texas corporation that is separate from Defendants SIEI and SIE, Bluepoint is a subsidiary of SIE and had approximately 69 employees at its only office, which is located at 5000 Plaza on the Lake in Austin, Texas, as of April 14, 2022. Clarkson, ¶¶3-6. Plaintiff implies that the employees at Bluepoint's Austin office are SIE employees. Complaint, ¶¶8, 13. If that is true, SIE would have had approximately 101 employees working in Austin on April 14, 2022, but neither SIE nor SIEI had an office or a single employee working in Waco, Texas. Waugh, ¶5. Transfer to the Austin Division would require employees at these Shoal Creek and Plaza on the Lake addresses to travel less than 10 miles to the Austin federal courthouse for trial, while trial in the Waco Division imparts an approximate 100-mile one-way commute for these same employees. Lang, ¶18. Trying this case at the federal courthouse in Waco commits any potential SIE Austin employee-witness to a nearly half-day roundtrip commute, effectively requiring residence in Waco for the duration of the trial. *Id.* Conversely, the Austin transferee forum requires a roundtrip commute of minutes rather than hours. *Id.* This permits any potential SIE Austin employee-witness to return home from an Austin trial to family within the same day and avoid further lodging and meal expenses. *VOIP-Pal.com v. Meta*, 2022 WL 3021522, at *6. Since there are non-stop flights available from California to Austin, but not to Waco, all 27 above-identified party and nonparty witnesses based in California or Japan would incur either an

additional flight or an additional 100-mile drive from Austin to Waco. Lang, ¶17. Transfer to the Austin Division also permits all nine of the Sony party witnesses to work out of an Austin-based SIE office when not needed in court for trial. ███████████

Plaintiff actually pleads that the Austin address of Bluepoint Games, Inc. is Sony's "regular and established place of business[.]" Complaint, ¶13. This matters because Plaintiff carries the burden to establish proper venue under 28 U.S.C. § 1400(b). *In re ZTE (USA),* 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue."). To satisfy 28 U.S.C. §1400(b), ACQIS must show where Sony has a regular and established place of business, and Plaintiff chose to plead that an Austin address satisfies this requirement. This specific pleading is afforded a presumption of truth. *See Westech Aerosol Corp. v. 3M Co.,* 927 F.3d 1378, 1382 (Fed. Cir. 2019) (finding a plaintiff meets the burden when pleading specific facts, which may be presumed true). As the "master of his complaint," ACQIS cannot "back away from" these factual allegations for purposes of establishing venue. *10Tales,* 2021 WL 2043978, at *3 (W.D. Tex. May 21, 2021). Therefore, if this Court finds the W.D. Tex. to be the appropriate venue, it should also look to Plaintiff's pleading to justify transfer to the Austin Division of the W.D. Tex.

IV.    **Conclusion**

A California-operating plaintiff has sued a California-based defendant for patent infringement based on products that were designed, developed, marketed, sold and managed extensively by numerous California-based individuals in California. Sony therefore respectfully requests that its § 1404(a) motion for transfer to the N.D. Cal. be granted. Alternatively, because the Austin Division is clearly more convenient than the Waco Division, Sony respectfully requests transfer to the Austin Division if this Court finds that transfer to California is not appropriate.

Dated: December 19, 2022

ERISE IP, P.A.

*/s/ Melissa R. Smith*
Eric A. Buresh
7015 College Blvd, Suite 700
Overland Park, KS 66211
Email: eric.buresh@eriseip.com
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

Abran J. Kean
5299 DTC Blvd., Suite 1340
Greenwood Village, CO 80111
Email: abran.kean@eriseip.com
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Counsel for Defendants Sony Interactive
Entertainment LLC and Sony Interactive
Entertainment Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7( g), counsel for the parties conferred about the subject matter of this Motion on December 13, 2022. Plaintiff indicated that it opposes the relief requested in this Motion in its entirety.

/s/ Melissa R. Smith


## CERTIFICATE OF SERVICE

I certify that on December 19, 2022, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned case were subsequently served on all counsel of record by electronic mail.

/s/ Melissa R. Smith