# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>SONY INTERACTIVE ENTERTAINMENT INC., SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>        Defendants. | Case No. 6:22-cv-386-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

# ACQIS'S OPPOSITION TO SONY'S PARTIAL 12(B)(6) MOTION TO DISMISS

# TABLE OF CONTENTS

                                                                                 **Page**

I.      INTRODUCTION .................................................................................................. 1

II.     HISTORY ............................................................................................................... 1

          A.     *EMC* Addressed Different Patents with Different Claim Scope and Depended on a Stipulated Construction and Forfeiture of Arguments. ................... 3

          B.     In *Samsung*, the Eastern District of Texas Found that Issue Preclusion Did Not Attach to the Same Five Patents Asserted Here. ............................................... 4

          C.     In *Lenovo*, *ASUSTeK*, and *Wiwynn*, the Court Concluded that the Claims Asserted Here Have Different Scope than the Claims in *EMC* and Denied ASUSTeK's Motion for Judgment on the Pleadings Based on Issue Preclusion. .............................................................................................................. 6

III.    ARGUMENT ........................................................................................................... 8

          A.     *EMC* Did Not Address the Issues of Claim Scope or Infringement Presented in This Case. ........................................................................................... 8

          B.     This Court and the District Court for the Eastern District of Texas Correctly Found that *EMC* Does Not Limit the Claims Here to the Same Scope as the Different Patents in that Case. .......................................................... 11

IV.    CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

Page

**Cases**

*ACQIS LLC v. Lenovo Group Ltd.*,
  No. 6:20-cv-00967-ADA, Dkt. 106 (W.D. Tex. Nov. 17, 2021) .................................. 6, 11, 12

*ACQIS LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:20-cv-00295-JRG, Dkt. 92 (E.D. Tex. Sept. 26, 2021) ........................................... passim

*ACQIS, LLC v. EMC Corp.*,
  No. 14-cv-13560, 2017 WL 6211051 (D. Mass. Dec. 8, 2017) ............................................ 3, 5

*ACQIS, LLC v. EMC Corp.*,
  No. 14-cv-13560, 2021 WL 1088207 (D. Mass. Feb. 19, 2021) ...................................... passim

*ACQIS, LLC v. EMC Corp.*,
  No. 21-1772, 2022 WL 1562847 (Fed. Cir. May 18, 2022) ..................................... 4, 9, 10, 11

*Adaptix, Inc. v. AT&T Mobility LLC*,
  No. 6:12-cv-120, 2015 WL 12696204 (E.D. Tex. May 12, 2015) ........................................... 12

*Allergan Sales, LLC v. Sandoz Inc.*,
  No. 2:12-cv-207-JRG, 2016 WL 1224868 (E.D. Tex. Mar. 29, 2016) ...................................... 9

*Arunachalam v. Exxon Mobil Corp.*,
  No. 6:19-cv-00171-ADA, 2019 WL 10303695 (W.D. Tex. June 26, 2019) ............................ 12

*Aspex Eyewear, Inc. v. Zenni Optical Inc.*,
  713 F.3d 1377 (Fed. Cir. 2013) ............................................................................................... 12

*Charles E. Hill & Assoc., Inc. v. Amazon.com*,
  No. 2:02-cv-186, 2005 WL 2488715 (E.D. Tex. Oct. 7, 2005) ............................................... 12

*Deckers Corp. v. United States*,
  752 F.3d 949 (Fed. Cir. 2014) ................................................................................................ 10

*Eolas Techs., Inc. v. Adobe Sys., Inc.*,
  No. 6:09-cv-446, 2011 WL 11070303 (E.D. Tex. Sept. 23, 2011) .......................................... 11

*Furnace Brook LLC v. Aeropostale, Inc.*,
  447 F. App'x 165 (Fed. Cir. 2011) .......................................................................................... 12

*Grecia Estate Holdings, LLC v. Meta Platforms, Inc.*,
  No. 6:21-CV-00677-ADA, 2022 WL 2019296 (W.D. Tex. June 6, 2022) ............................... 8

*Nestle USA, Inc. v. Steuben Foods, Inc.*,
   884 F.3d 1350 (Fed. Cir. 2018) ............................................................................................ 12

*Ottah v. Fiat Chrysler*,
   884 F.3d 1135 (Fed. Cir. 2018) ............................................................................................ 11

*Pfizer, Inc. v. Teva Pharms. USA, Inc.*,
   429 F.3d 1364 (Fed. Cir. 2005) .............................................................................................. 9

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) .................................................................................... 8, 9, 11

*Rembrandt Wireless Techs., LP v. Apple Inc.*,
   No. 2:19-cv-25-JRG, 2020 WL 248787 (E.D. Tex. Jan. 15, 2020) ..................................... 11

*State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*,
   751 F.3d 684 (5th Cir. 2014) .............................................................................................. 5, 8

*TecSec, Inc. v. Int'l Business Machines Corp.*,
   731 F.3d 1336 (Fed. Cir. 2013) .............................................................................................. 9

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
   617 F.3d 1296 (Fed. Cir. 2010) ............................................................................................ 11

*ZOLL Med. Corp. v. Philips Elecs. N. Am. Corp.*,
   No. 14-10029, 2014 WL 1428146 (D. Mass. Apr. 11, 2014) .............................................. 12

## I. INTRODUCTION

Issue preclusion does not bar any of ACQIS's patent infringement claims against Sony. In *EMC*, the parties did not litigate, and the courts did not decide, the claim construction and infringement issues in this case. The five patents ACQIS has asserted against Sony were not at issue in *EMC*. The District Court for the District of Massachusetts and the Federal Circuit in *EMC* did not construe the different patent claim language at issue here or conduct an infringement analysis under that different claim scope.

In contrast, this Court denied a Rule 12(c) motion filed by ASUSTeK asserting issue preclusion on the same basis as Sony's motion. Further, both this Court and the District Court for the Eastern District of Texas have determined that the patent claims in this case do not have the same scope as the different claims at issue in *EMC*. The Eastern District of Texas expressly concluded that issue preclusion does not apply to ACQIS's patents asserted in this case.

ACQIS therefore requests that the Court deny Sony's motion.

## II. HISTORY

In this case, Plaintiff ACQIS LLC ("ACQIS") has asserted that Defendants Sony Interactive Entertainment Inc. and Sony Interactive Entertainment LLC (together, "Sony") infringe five ACQIS patents through U.S. sales and other activities relating to Sony video game consoles. Dkt. 1 (Complaint) at ¶¶ 1-4. ACQIS has asserted U.S. Patent Nos. 9,529,768, 9,703,750, 8,977,797, RE44,654, and RE45,140. *Id.* at ¶ 1.

ACQIS has asserted these five patents in this Court and in the Eastern District of Texas. For example:

- In *ACQIS v. Samsung* ("*Samsung*"), ACQIS asserted the same five patents asserted here. Ex. A,[1] *ACQIS LLC v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00295-JRG, Dkt. 92 (Claim Construction Order), at 3 (E.D. Tex. Sept. 26, 2021) (listing asserted patents).

- In *ACQIS v. Lenovo* ("*Lenovo*"), ACQIS asserted the five patents asserted here and additional patents. *ACQIS LLC v. Lenovo Group Ltd.*, No. 6:20-cv-00967-ADA, Dkt. 168 (Lenovo's Motion for Judgment on the Pleadings), at 5 (W.D. Tex. May 31, 2022) (listing asserted patents).

- In *ACQIS v. ASUSTeK* ("*ASUSTeK*"), ACQIS has asserted three of the five patents asserted here (all except 9,703,750 and RE45,140) and additional patents. *ACQIS LLC v. ASUSTeK Computer, Inc.*, No. 6:20-cv-00966-ADA, Dkt. 91 (ASUSTeK's Motion to Join Lenovo's Motion for Judgment on the Pleadings), at 2 (W.D. Tex. June 7, 2022) (listing asserted patents).

- In *ACQIS v. Wiwynn* ("*Wiwynn*"), ACQIS has asserted four of the five patents asserted here (all except RE45,140) and additional patents. *ACQIS LLC v. Wiwynn Corp.*, No. 6:20-cv-00968-ADA, Dkt. 101 (Wiwynn's Motion to Reconsider Claim Construction), at 6 (W.D. Tex. June 3, 2022) (listing asserted patents).

---

[1] References herein to Exhibits A-C in the form of "Ex. _" refer to exhibits attached to the Declaration of Logan J. Drew, submitted herewith.

### A. *EMC* Addressed Different Patents with Different Claim Scope and Depended on a Stipulated Construction and Forfeiture of Arguments.

In *ACQIS v. EMC ("EMC")*, the District of Massachusetts and Federal Circuit addressed patents and claims different from those asserted against Sony here. *ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560 (D. Mass.). In *EMC*, ACQIS asserted eleven patents against EMC modular computer systems. *ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560, 2017 WL 6211051, at *1 (D. Mass. Dec. 8, 2017) ("*EMC Claim Construction*"). In *EMC*, ACQIS did not assert any patent asserted against Sony in this case. *Id.* (listing asserted patents, all different than those asserted here).

In *EMC*, the parties agreed to a construction of "PCI bus transaction": "a transaction, in accordance with the industry standard PCI Local Bus Specification, for communication with an interconnected peripheral component." *EMC Claim Construction*, 2017 WL 6211051, at *3 (discussing language agreed to by the parties), *5 (adopting language). The district court did not evaluate the intrinsic record to determine which aspects of the PCI Specification the claims required except to determine that the phrase does not require a physical PCI bus. *Id.* at *3-5.

At summary judgment, the parties disputed the scope of their agreed construction. *ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560, 2021 WL 1088207, at *3-5 (D. Mass. Feb. 19, 2021) ("*EMC Summary Judgment*"). EMC argued that the construction required a transaction "in accordance with every element of the Specification"; ACQIS argued that the construction required only certain elements of the PCI Specification. *Id.* at *4.

The district court found that ACQIS had forfeited any opposition to the claim scope asserted by EMC. *Id.* at *4-5 (finding that "ACQIS's attempt to reduce the import of the Specification is untimely" and "[t]here is no need to now construe a readily understandable term that ACQIS itself thought clear when offering proposed constructions of related terms and the

3

Court will not do so."). Again, the district court did not consider any part of the intrinsic record to determine the scope of the term "PCI bus transaction" or the specific claim language at issue. *Id.*

The district court found that ACQIS did not dispute non-infringement under EMC's interpretation of the agreed construction and thus granted summary judgment in February 2021. *Id.* at *5. The district court also addressed the claim terms "encoded . . . serial bit stream of [PCI] bus transaction and related terms" and "communicating . . . PCI bus transaction." *Id.* at *5-6. It found that the scope of "PCI bus transaction" justified summary judgment of non-infringement for these terms as well. *Id.* ("This Court has already concluded that the claims are limited by the Specification in its entirety. Therefore, for the reasons described above, there is no infringement, and summary judgement is appropriate.").

In May 2022, the Federal Circuit affirmed the entry of summary judgment in a non-precedential decision. *ACQIS, LLC v. EMC Corp.*, No. 21-1772, 2022 WL 1562847, at *1 (Fed. Cir. May 18, 2022) ("*EMC Appeal Decision*"). It "adopt[ed] the district court's constructions" of the construed terms "as they appear in the asserted claims of the eight patents at issue." *Id.* It did not explain its reasoning, and it did not address any aspect of the intrinsic record or extrinsic evidence for the patents and terms at issue. *Id.* It did not explain whether its decision rested on the same finding of forfeiture as the district court. *Id.*

**B.  In *Samsung*, the Eastern District of Texas Found that Issue Preclusion Did Not Attach to the Same Five Patents Asserted Here.**

In *Samsung*, the Eastern District of Texas considered issue preclusion based on the *EMC Summary Judgment* and, in a reasoned decision, concluded it did not apply to the patents asserted here. Ex. A, *Samsung*, No. 2:20-cv-00295-JRG, Dkt. 92 (Claim Construction Order), at 17-19 (E.D. Tex. Sept. 26, 2021) ("*Samsung Claim Construction*"). ACQIS asserted the same five

4

patents asserted here against Samsung in September 2020. *Id.* at 3. ACQIS did not assert any of those patents in *EMC*. *EMC Claim Construction*, 2017 WL 6211051, at *1. Before claim construction began in *Samsung*, the district court in *EMC* granted summary judgment. *EMC Summary Judgment*, 2021 WL 1088207.

Like Sony here, Samsung argued that the *EMC* summary judgment decision triggered issue preclusion for the ACQIS patents asserted against Samsung. Ex. A, *Samsung Claim Construction*, No. 2:20-cv-00295-JRG, Dkt. 92 at 15, 17-19. Magistrate Judge Payne found that issue preclusion did not apply: "the previous determinations do not rise to the level of collateral estoppel regarding the issue here; namely, what set of information qualifies as a transaction under the PCI Local Bus Specification." *Id.* at 17-18.

Judge Payne further concluded "where the EMC case involved claims of different scope in different patents asserted against different technology and where the *EMC Summary Judgment* was premised on the procedural posture rather than whether the PCI Local Bus Specification actually distinguishes between information used to convey a transaction and the transaction itself, collateral estoppel does not apply." *Id.* at 18-19 (citing *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 689 (5th Cir. 2014)).

Samsung objected to Magistrate Judge Payne's Order, and Judge Gilstrap overruled the objections and agreed with Magistrate Judge Payne's analysis after analyzing the record *de novo*. Ex. B, *Samsung*, No. 2:20-cv-00295-JRG, Dkt. 116 (Order Overruling Samsung's Objections to Claim Construction Order) (E.D. Tex. Nov. 17, 2021).

### C. In *Lenovo*, *ASUSTeK*, and *Wiwynn*, the Court Concluded that the Claims Asserted Here Have Different Scope than the Claims in *EMC* and Denied ASUSTeK's Motion for Judgment on the Pleadings Based on Issue Preclusion.

This Court recently denied a Rule 12 motion asserting issue preclusion based on *EMC*. In this Court, ACQIS asserted patents against several defendants, including the five patents asserted against Sony here. During claim construction, the defendants asserted issue preclusion based on the *EMC Summary Judgment*. *Lenovo*, No. 6:20-cv-00967-ADA, Dkt. 77 (Defendants' Opening Claim Construction Brief), at 19-21, 25-26 (W.D. Tex. Aug. 30, 2021). The defendants argued that the *EMC Summary Judgment* triggered issue preclusion and barred ACQIS from arguing that claims reciting "bits" of a "PCI bus transaction" require any less than "a PCI bus transaction, including all address, data, and control bits." *Id.* at 25-26. The defendants argued that the *EMC* construction of "communicating . . . PCI bus transaction" compelled this outcome. *Id.*

The Court did not adopt the defendants' proposed constructions for the "bits" phrases. *Lenovo*, No. 6:20-cv-00967-ADA, Dkt. 106 (Claim Construction Order), at 6-7 (W.D. Tex. Nov. 17, 2021). Instead, the Court applied plain meaning for these phrases, including the "bits" phrases from the five patents now asserted against Sony. *Id.*

After the Federal Circuit's decision in *EMC*, the defendants in this Court filed new motions asserting issue preclusion based on the *EMC Summary Judgment* and *stare decisis* based on the Federal Circuit's affirmance. Lenovo filed a Motion for Judgment on the Pleadings ("MJP"), which ASUSTeK moved to join. *Lenovo*, No. 6:20-cv-00967-ADA, Dkt. 168 (W.D. Tex. May 31, 2022); *ASUSTeK*, No. 6:20-cv-00966-ADA, Dkt. 91 (W.D. Tex. June 7, 2022). Wiwynn filed a Motion to Reconsider Claim Construction. *Wiwynn*, No. 6:20-cv-00968-ADA, Dkt. 101 (W.D. Tex. June 3, 2022).

Lenovo's MJP asserted that the Federal Circuit's *EMC* decision precluded ACQIS from asserting that "accused products implementing PCIe [] infringe claims requiring a 'PCI bus transaction.'" *Lenovo*, No. 6:20-cv-00967-ADA, Dkt. 168, at 5. The MJP argued that *stare decisis* compelled the Court to construe "communicating . . . bits" phrases to require "communicating a PCI bus transaction, including all address, data, and control bits." *Id.* at 4-9. The MJP applied to all five patents asserted here against Sony. *Id.* at 5 (listing patents). The MJP relied on the same theories as Sony's motion here, including *stare decisis* and issue preclusion. *Id.* at 6-15; Dkt. 24 (Sony's Motion to Dismiss) at 5-15.

Wiwynn's MRCC also argued that *stare decisis* bound the Court to the Federal Circuit's constructions in *EMC* and that issue preclusion barred ACQIS from arguing otherwise. *Wiwynn*, No. 6:20-cv-00968-ADA, Dkt. 101, at 7-9, 12-16. Wiwynn also asked the Court to construe "bits" phrases to require "communicating a PCI bus transaction, including all address, data, and control bits." *Id.* at 4-5 (illustrating differences between the *EMC* constructions and the Court's constructions, and indicating that "bits" phrases should have the same construction as the "communicating . . . PCI bus transaction" phrase from *EMC*).

The Court held additional claim construction proceedings relating to the MJP and MRCC. On December 18, 2022, the Court issued a preliminary construction finding that the *EMC* construction of "communicating . . . PCI bus transaction" does not apply to "Address and Data" terms, including "communicate address and data bits of PCI bus transactions." Ex. C (Email from Dr. Yi to Counsel), at 1-2.

On December 19, the Court held a hearing and indicated that it would maintain its preliminary construction on the "Address and Data" terms. *ASUSTeK*, No. 6:20-cv-966-ADA,

Dkt. 141 (Transcript), at 30 (W.D. Tex. Dec. 19, 2022). The Court also indicated that it would deny the MJP. *Id.* at 46-47.

The next day, December 20, Sony filed its motion. Dkt. 24.

## III. ARGUMENT

### A. *EMC* Did Not Address the Issues of Claim Scope or Infringement Presented in This Case.

ACQIS's claims against Sony present issues of (1) the proper scope of the patent claims, which were not asserted or addressed in *EMC*; and (2) infringement by Sony products under that claim scope. These issues were neither litigated nor addressed by the district court or Federal Circuit in *EMC*, and therefore issue preclusion does not apply. *See Grecia Estate Holdings, LLC v. Meta Platforms, Inc.*, No. 6:21-cv-00677-ADA, 2022 WL 2019296, at *3-5 (W.D. Tex. June 6, 2022) (denying Rule 12 motion asserting collateral estoppel based on "*different* proceedings in *different* courts regarding *different* patents" because issues presented were not "substantively identical" (emphasis original)). In the Fifth Circuit, issue preclusion applies only if four conditions are met:

> First, the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action. Second, the issue must have been fully and vigorously litigated in the prior action. Third, the issue must have been necessary to support the judgment in the prior case. Fourth, there must be no special circumstance that would render preclusion inappropriate or unfair.

*State Farm*, 751 F.3d at 689. The requirements of identical issues fully and vigorously litigated are not met here.

**First**, *EMC* did not address the issue of the proper construction of "PCI bus transaction" in any claim—even in the *EMC* asserted patents—in view of the intrinsic record under *Phillips*. *EMC* instead addressed different issues of (1) interpretation of the parties' stipulated construction for "PCI bus transaction"; and (2) whether ACQIS forfeited its arguments about the

8

interpretation of the stipulated construction. *EMC Summary Judgment*, 2021 WL 1088207, at *3-6. The *EMC* district court did not consider the intrinsic record, *id.*, and the CAFC did not perform any additional analysis. *EMC Appeal Decision*, 2022 WL 1562847, at *1.

A stipulated construction does not resolve the issue of the proper construction under the *Phillips* standard based on how a person of ordinary skill would have understood the term. *See Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 429 F.3d 1364, 1375-76 (Fed. Cir. 2005) (refusing to apply issue preclusion based on stipulated construction, from prior case, to the same patent claims in later case, and instead analyzing the evidence under *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005)); *Allergan Sales, LLC v. Sandoz Inc.*, No. 2:12-cv-207-JRG, 2016 WL 1224868, at *5-7 (E.D. Tex. Mar. 29, 2016) (finding that issue preclusion did not arise from stipulated construction). The construction of "PCI bus transaction" under *Phillips* was neither litigated nor decided in *EMC*.

The Federal Circuit's affirmance does not change the issue preclusion analysis. The Federal Circuit did not analyze any term under the *Phillips* standard, and it did not state the basis for its adoption of the district court's constructions. *EMC Appeal Decision*, 2022 WL 1562847, at *1. Its opinion neither explicitly nor implicitly resolves the legal issue of the proper construction of any term under *Phillips*, because it does not explain whether it affirmed the district court's constructions based on the procedural posture of the case and a forfeiture finding. *See TecSec, Inc. v. Int'l Business Machines Corp.*, 731 F.3d 1336, 1341-42 (Fed. Cir. 2013) (explaining that Federal Circuit decisions bind lower courts only for issues decided either explicitly or "by necessary implication," and alternative potential grounds for affirmance preclude a finding of necessary implication for either ground). The Federal Circuit also designated its decision nonprecedential, so *stare decisis* does not attach. *Deckers Corp. v. United*

9

*States*, 752 F.3d 949, 956 (Fed. Cir. 2014) (explaining that *stare decisis* attaches to the Federal Circuit's precedential holdings) (citations omitted).

**Second**, *EMC* did not address the issue of how the words "PCI bus transaction" are used in the claims of the patents asserted in this case. Where the patent claims in this case use the term "PCI bus transaction," nearly all recite "address and data bits" or "address bits, data bits, and byte enable information bits" of a "PCI bus transaction."[2] Dkt. 1-2 at 40:37-46:19; Dkt. 1-3 at 40:36-47:30; Dkt. 1-4 at 37:55-40:47, 41:17-42:57; Dkt. 1-5 at 22:40-26:28; Dkt. 1-6 at 22:44-25:14. They do not recite an entire "PCI bus transaction." *Id.*

Neither the district court nor Federal Circuit in *EMC* addressed the "bits" claim language recited in the patents asserted against Sony. *EMC Summary Judgment*, 2021 WL 1088207, at *3-6; *EMC Appeal Decision*, 2022 WL 1562847, at *1. The Federal Circuit referenced four "slight variations" of the terms construed in *EMC*: "communicating encoded serialized Peripheral Component Interconnect (PCI) bus transaction data, . . . wherein the serial bit stream of PCI bus transaction comprises encoded PCI address and data bits," "transmit an encoded data of Peripheral Component Interconnect (PCI) bus transaction," "encoded Peripheral Component Interconnect (PCI) bus transaction as serial data," and "data on the serial channels comprising encoded bit stream of Peripheral Component Interconnect (PCI) bus transaction." *EMC Appeal Decision*, 2022 WL 1562847, at *1 n.1. None of these phrases recites only certain "bits" of a "PCI bus transaction"—they all recite an entire "PCI bus transaction." *Id.*

**Third**, *EMC* did not address what satisfies, as a matter of fact, a "PCI bus transaction" under the construction adopted in that case. The district court in *EMC* instead found that ACQIS

---

[2] Claims 24-26 of U.S. Patent No. 8,977,797 do not have this structure. Dkt. 1-4 at 40:48-41:16. ACQIS does not intend to assert these claims against Sony.

10

forfeited its arguments about the scope of a "PCI bus transaction" and granted summary judgment. *EMC Summary Judgment*, 2021 WL 1088207, at *4-6. The Federal Circuit also did not analyze any factual issues—it likewise found merely that the outcome "flows directly from [the] claim constructions and . . . ACQIS's arguments on appeal are directed only to those constructions" and therefore affirmed. *EMC Appeal Decision*, 2022 WL 1562847, at *1.

      **B.    This Court and the District Court for the Eastern District of Texas Correctly Found that *EMC* Does Not Limit the Claims Here to the Same Scope as the Different Patents in that Case.**

Both this Court and the Eastern District of Texas have determined correctly that *EMC* does not, by issue preclusion or otherwise, limit the claims of the patents asserted here to the scope of the different claims in *EMC*. Ex. A, *Samsung Claim Construction*, at 17-19; *Lenovo*, No. 6:20-cv-00967-ADA, Dkt. 106 (Claim Construction Order), at 6-7. Those rationales and outcomes apply in this matter as well and justify denial of Sony's motion.

The cases relied on by Sony—and Lenovo, in the motion the Court denied—do not apply here because they address identical claim terms in the same claim context.[3] Most of Sony's cited cases address identical patent claims. *Rembrandt Wireless Techs., LP v. Apple Inc.*, No. 2:19-cv-25-JRG, 2020 WL 248787, at *1, *4-8 (E.D. Tex. Jan. 15, 2020) (describing prior litigation and effect on construction of identical patents); *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1139-40 (Fed. Cir. 2018) (analyzing identical claims); *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2011 WL 11070303, at *1 (E.D. Tex. Sept. 23, 2011) (analyzing identical patent); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1307, 1311-12 (Fed. Cir. 2010) (analyzing identical claims); *ZOLL Med. Corp. v. Philips Elecs.*

---

[3] Sony's motion does not rely on any case law different from Lenovo's motion, except to address the procedural standard for its Rule 12(b)(6) motion as compared to Lenovo's Rule 12(c) motion.

*N. Am. Corp.*, No. 14-10029, 2014 WL 1428146, at *1-3 (D. Mass. Apr. 11, 2014) (addressing identical claims); *Furnace Brook LLC v. Aeropostale, Inc.*, 447 F. App'x 165, 166 (Fed. Cir. 2011) (addressing identical claims); *Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12-cv-120, 2015 WL 12696204, at *1-3 (E.D. Tex. May 12, 2015) (addressing identical claims).

In Sony's cited cases that apply issue preclusion to related patents, the courts expressly determine that the related patent claims recite the same terms "in the same context" as the previously construed claims. *Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713 F.3d 1377, 1381 (Fed. Cir. 2013); *see also Nestle USA, Inc. v. Steuben Foods, Inc.*, 884 F.3d 1350, 1351-52, n.1 (Fed. Cir. 2018) (finding it "undisputed" that the related patent and previously litigated claims use the same term "in a similar fashion"); *Arunachalam v. Exxon Mobil Corp.*, No. 6:19-cv-00171-ADA, 2019 WL 10303695, at *2 (W.D. Tex. June 26, 2019) (finding "no significant differences in the claim language" in the asserted patent and previously litigated related patents with respect to claim terms previously found indefinite and lacking written description and enabling disclosure); *Charles E. Hill & Assoc., Inc. v. Amazon.com*, No. 2:02-cv-186, 2005 WL 2488715, at *3-5, n.2 (E.D. Tex. Oct. 7, 2005) (applying issue preclusion to related patent after construing identical terms in related claims "consistent with" the claims of the previously litigated patent).

Where, however, a related patent does not include identical terms, issue preclusion does not apply. *See Charles E. Hill & Assoc.*, 2005 WL 2488715, at *5 (finding that issue preclusion does not apply to related patent with different claim terms). Both this Court and the Eastern District of Texas have concluded that the claims of the five patents asserted against Sony do not have the same scope as the different patents asserted in *EMC*. Ex. A, *Samsung Claim Construction*, No. 2:20-cv-00295-JRG, Dkt. 92 at 17-18; *Lenovo*, No. 6:20-cv-00967-ADA, Dkt.

106 (Claim Construction Order), at 6-7. Issue preclusion does not apply to ACQIS's claims in this case.

## IV. CONCLUSION

Because *EMC* addressed different patents, different claim terms, and different issues, ACQIS requests that the Court deny Sony's motion.

Dated: January 3, 2023

Respectfully submitted,

By: */s/ Logan J. Drew*

Ronald J. Schutz (admitted in this District)
MN Bar No. 0130849
Email: rschutz@robinskaplan.com
Aaron R. Fahrenkrog (to appear *pro hac vice*)
MN Bar No. 0386673
Email: afahrenkrog@robinskaplan.com
Logan J. Drew (admitted in this District)
MN Bar No. 0389449
Email: ldrew@robinskaplan.com
William Jones (to appear *pro hac vice*)
MN Bar No. 0402360
Email: wjones@robinskaplan.com
**ROBINS KAPLAN LLP**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

Of Counsel:
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

                                            /s/ *Logan J. Drew*
                                            Logan J. Drew