# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| ACQIS LLC, <br> a Texas limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SONY INTERACTIVE ENTERTAINMENT INC., a Japanese corporation <br> SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company, <br><br> Defendants. | Civil Action No. 6:22-cv-386-ADA-DTG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS SONY INTERACTIVE ENTERTAINMENT INC. AND SONY INTERACTIVE ENTERTAINMENT LLC'S REPLY IN SUPPORT OF PARTIAL 12(B)(6) MOTION TO DISMISS**

# TABLE OF CONTENTS

I. **The Federal Circuit's Affirmed Constructions Preclude ACQIS's Infringement Allegations Against Sony.** ................................................................................................ 2

    A. Identical Issues Were Litigated And Resolved. ................................................... 2

    B. ACQIS Had A Full And Fair Opportunity To Litigate These Issues. ................ 6

    C. It Would Be Error To Ignore The Federal Circuit's Controlling Constructions. ................ 9

# TABLE OF AUTHORITIES

**Cases**

*Allergan Sales, LLC g Sandoz Inc.*, 2016 WL 1224868 (E.D. Tex. Mar. 29, 2016) ...................... 6

*ArcelorMittal Atlantique et Lorraine v. AK Steel Corp.*, 908 F.3d 1267 (Fed. Cir. 2018)………..5

*Nestle USA, Inc. v. Steuben Food, Inc.* 884 F.3d 1350 (Fed. Cir. 2018) ....................................... 5

*Omega Eng'g, Inc, v. Raytek Corp.*, 334 F.3d 1314 (Fed. Cir. 2003) ........................................... 9

*Pfizer, Inc. v. Teva Pharm., USA, Inc.*, 429 F.3d 1364 (Fed. Cir. 2005) ....................................... 6

*Phonometrics, Inc. v. Econ. Inns of Am.*, 349 F.3d 1356 (Fed. Cir. 2003) .................................... 8

*SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307 (Fed. Cir. 2015) ........................................ 5

*SmileDirectClub, LLC v. Candid Care Co.*, 2021 WL 3598287 (W.D. Tex. July 1, 2021) ........... 5

*Wehling v. Columbia Broad. Sys.*, 721 F.2d 506 (5th Cir. 1983) ................................................... 8

ACQIS dedicates a majority of its brief detailing the complicated history surrounding the "PCI bus transaction" claims from the Asserted Patents and related patents. This history makes one thing clear, ACQIS has already had several bites at the apple to construe "PCI bus transaction" and related claim terms, and several bites at accusing PCIe functionality of infringing the same. This claim language has been construed in the *EMC* litigation in the District of Massachusetts and the Federal Circuit, *Samsung* litigation in the Eastern District of Texas, and by this Court twice, most recently after the December 19, 2022 claim construction hearing in the *ASUSTeK/Wiwynn* litigation. However, only one set of constructions is binding on the parties here—the Federal Circuit's affirmed claim constructions from the *EMC* case. There, the EMC district court found that "PCI bus transaction" refers to the entire PCI local bus specification and found that PCI bus transactions comprise all the information required by this specification. And on summary judgment, the EMC district court found that devices compliant with the PCIe standard do not practice the "PCI bus transaction" claims in ACQIS's patents. The Federal Circuit affirmed the claim constructions and summary judgment in the *EMC* case, and therefore ACQIS is precluded from relitigating these settled issues.

Sony understands this Court has recently entered an order in the *ASUSTeK/Wiwynn* litigation adopting claim constructions that partially apply the *EMC* constructions. Ex. 13 (December 28, 2022 Claim Construction Order). In this order, this Court bifurcated the related "PCI bus transaction" claim language into "Full Transaction" terms and "Address and Data" terms. *Id*. at 2. The *EMC* constructions were found to apply to the former, but not the latter. *Id*. These constructions are not binding on Sony here, and Sony maintains that these constructions run contrary to the Federal Circuit's settled constructions in *EMC* and conflict with ACQIS's own admissions made during the *EMC* IPR proceedings, as explained below. Sony requests the Court

apply the binding Federal Circuit constructions and preclude ACQIS from relitigating whether PCIe compliant devices infringe ACQIS's "PCI bus transaction" claims where the Federal Circuit has already affirmed they do not.[1]

## I. The Federal Circuit's Affirmed Constructions Preclude ACQIS's Infringement Allegations Against Sony.

### A. Identical Issues Were Litigated And Resolved.

In the *EMC* litigation, the district court found and the Federal Circuit affirmed that PCIe does not infringe claims requiring a "PCI bus transaction." *EMC* Summary Judgment Opinion, at *5; *EMC* Federal Circuit Opinion, at *1. Despite this, ACQIS accuses Sony's compliance with the PCIe standard of infringing substantively identical claims to those at issue in *EMC*. While ACQIS contends that identical issues were not fully and vigorously litigated, ACQIS draws differences without legal distinctions to make its case.

ACQIS does not dispute that the Asserted Patents here are closely related to those it asserted against EMC. Dkt. 30 at 8-11. The patents claim priority to the same applications, name the same sole inventor, have substantially identical specifications, and include limitations that recite "Peripheral Component Interconnect (PCI) bus transaction," or "PCI bus transaction," and related terms. Dkt. 24 at 6. Nor does ACQIS dispute that it alleges the same infringement

---

[1] Ex. 13 indicates that the *EMC* constructions "appl[y] to terms that recite (1) 'encoded,' (2) 'serial,' and (3) 'PCI bus transaction." ACQIS asserts claim 14 of the '797 Patent against Sony, which recites "conveying **encoded** address and data bits of a **Peripheral Component Interconnect (PCI) bus transaction** in **serial** form" (Dkt. 1-4) (emphasis added), and therefore the *EMC* construction applies to the '797 Patent such that issue preclusion applies, at a minimum, to ACQIS's infringement allegations relating to the '797 Patent.

2

allegations concerning PCIe that were rejected in *EMC*. Dkt. 30 at 8-11; *see* Dkt. 24 at 10-11 (listing allegations against Sony from the Complaint). Instead, ACQIS suggests that the claims construed in *EMC* are too different from those asserted against Sony to have preclusive effect. Dkt. 30 at 10 (carving purported distinction between claims reciting "an entire 'PCI bus transaction[]'" and those reciting "address and data bits" and related terms). ACQIS reargues here the "metaconstruction" that the district court and Federal Circuit rejected – that such claims do not require an entire PCI bus transaction. Indeed, this same issue was already briefed and argued before the Federal Circuit:

> Judge: What about the statements that were made about how the PCI bus transaction includes control bits every time? You know, there's no such thing as a PCI transaction that does not have control bits.
>
> ACQIS: So, as was explained in our briefing at page 58, we talked about control bits. . . .
>
> Judge: Well, I guess in a way [Judge Burroughs] necessarily had to not adopt your construction of the construction in order to reach the decision that she did, right?
>
> ACQIS: That's right.
>
> Judge: And I guess there's two ways to interpret [Judge Burroughs' decision]. One is that she wasn't going to consider your proposed construction of the construction or that she had considered it, your metaconstruction, and then she rejected it on the merits [a]s being inconsistent with her actual Markman construction. . . .
>
> Judge: …[N]evertheless, it has to, this transmission [that] has to be in accordance with the PCI bus transaction. [] And so, that's the entire PCI bus transaction, not just selected pieces of the PCI bus transaction."
>
> ACQIS: …[O]ur position is that the PCI bus transaction is defined in this document as including only the signals that we identified …. There are definitely discussions in the PCI bus standard that are not required by this claim ….
>
> Judge: [T]here's a category of required pins and then there's a second category of optional pins. … So, it looks like under the required pins there are address and data pins and then there's all these interface control pins that are identified right here as required pins. So, doesn't that mean they're all required for the PCI bus transaction? … [a]s opposed to the optional pins?

3

> ACQIS: [T]his is discussing the physical hardware, the actual pins that are required to create a PCI local bus, physical bus which of course the claims don't require …. It doesn't talk about what is a transaction; which part of this is a transaction. It just says that this is the pins that are, that are required. And I want to just go back to the standard here. If we're on de novo review, Your Honors would have to look at this and say this unambiguously shows that EMC is correct and there's no reason to ask any expert to look at any evidence.

Oral Arg., *ACQIS, LLC v. EMC Corp.*, No. 2021-1772 (Fed. Cir. May 18, 2022), audio file available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1772_05062022.mp3, relevant excerpts at 2:28–50, 6:20–49, 10:15–55, 12:25–35. The Federal Circuit thus examined what "bits" are required for a "PCI bus transaction." On *de novo* review, the Federal Circuit rejected ACQIS's position and "specifically adopt[ed]" the EMC district court construction. *EMC Federal Circuit Opinion*, at *1.

The affirmed *EMC* construction makes clear that claims reciting "address and data bits" require a full PCI bus transaction. And this comports with ACQIS's own statements made during the IPR proceedings involving the EMC patents. ACQIS told the PTAB that in order to be a PCI bus transaction, *all the bits* need to be transmitted, including the control bits:

- "[T]here are three types of information included in every PCI transaction. Three types. There's an address, there's data and then there's control. That's straight out of the standard. You have those three things." Ex. 14 (IPR Hearing Tr.) at 35:11-17.
- "That includes the information necessary to make a PCI transaction under the defined standard. That includes data, that includes address except for the interrupt acknowledge, and that includes the control bits every time." *Id*. at 38:9-12.
- "There is no such thing – just put it bluntly, there is no such thing as a PCI transaction that does not have control bits." *Id*. at 38:13-15.
- Communicating less than all the bits required by the PCI specification would "make sure [the transaction] does not comply with either the standard of a PCI or the purpose of the invention." *Id*. at 38:15-17.

For example, claim 61 of ACQIS's '873 patent recites "wherein the encoded serial bit stream of PCI bus transaction comprises encoded PCI address and data bits" and claim 24 of ACQIS's '814 patent recites "communicate address and data bits of PCI bus transaction in serial form." The

claims asserted by ACQIS against Sony here follow suit. *See, e.g.*, Dkt. 1-2 ('768 Patent) at claim 1 ("convey address and data bits of a Peripheral Component Interconnect (PCI) bus transaction in a serial form"); Dkt. 1-3 ('750 Patent) at claim 1 ("convey address bits, data bits, and byte enable information bits of a Peripheral Component Interconnect (PCI) bus transaction in a serial bit stream"); Dkt. 1-4 ('797 Patent) at claim 14 ("conveying encoded address and data bits of a Peripheral Component Interconnect (PCI) bus transaction in serial form"). Thus, there is no functional difference between the claims at issue in *EMC* and those asserted here.

Even if some distinction between claims reciting "an entire 'PCI bus transaction'" and those reciting "address and data bits" and related terms were present here, the Federal Circuit constructions of AQCIS's patents in the *EMC* case would still control based on the common ancestry, overlapping terms, and substantially identical specifications. *See Nestle USA, Inc. v. Steuben Food, Inc.* 884 F.3d 1350, at 1351–52 & n.1 (Fed. Cir. 2018); *SightSound Techs., LLC*, 809 F.3d at 1316 ("Where multiple patents 'derive from the same parent application and share many common terms, we must interpret the claims consistently across all asserted patents.'"); *see also SmileDirectClub, LLC v. Candid Care Co.*, 2021 WL 3598287, at *2 (W.D. Tex. July 1, 2021) ("A ruling on an issue in a prior judgment can have preclusive effect even if the issue is raised in a later case involving different patents and different claims. … The patent claims need not be identical, but 'substantially related' so that the issues … are materially the same.").

To the extent ACQIS's briefing infers different accused products change the calculus, as detailed in Sony's opening brief, the Federal Circuit has already decided that issue preclusion applies where "a close identity exists between the relevant features of the accused device and the device previously determined to be [non-]infringing such that they are essentially the same." *ArcelorMittal Atlantique et Lorraine v. AK Steel Corp.*, 908 F.3d 1267, at 1274; (internal citations

5

omitted) *see also* Dkt. 24 at 12. It is undisputed that ACQIS is accusing Sony's compliance with the PCIe standard of infringement. Because the feature relevant to the infringement analysis in both cases is the same PCIe standard, ACQIS's claims against Sony's products are barred by issue preclusion.

### B. ACQIS Had A Full And Fair Opportunity To Litigate These Issues.

ACQIS next requests that this Court find that it did not fully litigate whether PCIe can meet the construed PCI claim limitations in the *EMC* case. Dkt. 30 at 8. However, ACQIS's arguments and briefing made in the *EMC* case during the *Markman* process, summary judgment, and on appeal belie ACQIS's request here.

First, ACQIS contends that because it decided to stipulate to a construction, issue preclusion is inapplicable. *Id*., 9. But ACQIS provides no legal grounding for this contention. *Id*. (relying on *Pfizer* and *Allergan*). In *Pfizer, Inc. v. Teva Pharm., USA, Inc.*, the stipulated claim construction in question did not have preclusive effect because the stipulating parties had expressly agreed it would not. 429 F.3d 1364, 1376 (Fed. Cir. 2005) ("The district court noted that the stipulation presented to the court in the earlier litigation specifically stated that it was for the purposes of that litigation only. … Because Ranbaxy does not dispute this finding, issue preclusion cannot apply to this case"). And in *Allergan Sales, LLC v. Sandoz Inc.*, unlike *EMC*, the parties never disputed the meaning of the stipulation; thus, the parties never fully briefed, and the court never heard, competing positions on claim scope. 2016 WL 1224868, at *9 (E.D. Tex. Mar. 29, 2016) ("there was no dispute [as to claim construction] between [defendant] and [plaintiff]").

In *EMC*, ACQIS extensively litigated the scope of its stipulation at both the district and appellate levels. At the district court, ACQIS briefed and argued whether infringement of the PCI terms requires only a subset of the signals required by the PCI Local Bus Specification. *See, e.g.*, *EMC* Summary Judgment Opinion, at *5 ("The Court rejects ACQIS's proffered modification of

6

the claim term 'PCI bus transaction' to narrow the application and meaning of the [PCI Local Bus] Specification."); *see also* Dkt. 30 at 3 (admitting "ACQIS argued that the construction required only certain elements of the PCI Specification"). In fact, the parties already briefed, and the district court in *EMC* ultimately rejected, the bifurcated construction recently offered by this Court which treats communicating "address and data" bits of a PCI bus transaction different from communicating an "entire" PCI bus transaction:

> VI. **"Communicating . . . PCI bus transaction" and related terms**
>
> | Exemplary Claim Language: | |
> |---|---|
> | "communicating . . . Peripheral Component Interconnect (PCI) bus transaction" ('873 patent, cls. 54 & 65) | |
> | "communicate address and data bits of PCI bus transaction" ('814 patent, cls. 24 & 31) | |
> | "transmit . . . Peripheral Component Interconnect ("PCI") bus transaction address and data" ('119 patent, cl. 38) | |
> | **EMC Proposed Construction:** | **ACQIS Proposed Construction:** |
> | "communicating a PCI bus transaction, including all address, data, and control bits, without discarding any of those bits" | Plain and ordinary meaning |
>
> In addition to generating and serializing a PCI bus transaction, the claims require "communicating" or "transmitting" that PCI bus transaction within the system. *See* Appendix B (identifying the various forms of this limitation in the asserted claims). But it is not enough to communicate *some*—or even *most*—bits of a PCI bus transaction. Rather, as Judge Davis explained in the prior *Markman* order, "a PCI bus transaction must include *all* information required by the PCI standard." D.I. 71 at 10 (emphasis added).

Ex. 15 (*EMC* Preliminary CC Brief) (excerpt).

The parties made these same arguments in the *EMC* appeal. Dkt. 24, Ex. 6 (Corrected Brief for Plaintiff-Appellant) at 15–17, 26–27, 30, 53–55. There, contrary to ACQIS's implications here, the Federal Circuit reviewed these arguments, *de novo*, and conducted a thorough investigation surrounding the proper claim scope for the PCI related terms. *See, e.g.*, Oral Arg. at 5:30–9:48 (questioning ACQIS regarding the substance of its claim construction arguments); *id*. at 10:46–12:58 (questioning ACQIS on the "PCI Local Bus Specification"). The Federal Circuit did not

7

issue a Rule 36 summary affirmance; instead, its opinion stated: "[w]e find no error in the district court's decision" and "specifically adopt the district court's constructions." *EMC* Federal Circuit Opinion, at *1. The Federal Circuit also found that the determination of non-infringement "flows directly from [the] claim constructions." *Id*. at *2.

ACQIS also argues that based on a supposed finding of waiver, it never litigated which elements constitute a "PCI bus transaction." Dkt. 30 at 10-11. But this is both factually erroneous and legally irrelevant. As detailed above, ACQIS had the opportunity to litigate the scope of its stipulation, did so in its briefing at summary judgment and before the Federal Circuit, and its arguments were rejected. The simple fact is that ACQIS decided to stipulate to a construction, argued fervently against the scope of its own stipulation once it understood the impact on its infringement allegations, and now that both the EMC district court and Federal Circuit have considered ACQIS's arguments and ruled against it, ACQIS now complains it was never fully heard such that it cannot be bound by the issues decided in those decisions. But that is not the law. All that is required is that ACQIS had a "***full and fair opportunity*** to litigate the issue," and while ACQIS's litigation strategy was unsuccessful, it undoubtedly litigated in the *EMC* litigation identical issues present here. *See Wehling v. Columbia Broad. Sys.*, 721 F.2d 506, 508 (5th Cir. 1983) (emphasis added).[2]

---

[2] ACQIS further asserts, incorrectly, that *stare decisis* cannot attach from a nonprecedential opinion. Dkt. 30 at 9-10. This is not true. *See Phonometrics, Inc. v. Econ. Inns of Am.*, 349 F.3d 1356, 1364 n. 3 (Fed. Cir. 2003) (noting *stare decisis* exception for nonprecedential opinion based on collateral estoppel).

### C. It Would Be Error To Ignore The Federal Circuit's Controlling Constructions.

Rather than adhering to controlling Federal Circuit precedent, ACQIS asks this Court to apply the reasoning set forth in this District's prior claim construction opinion in the *ASUSTeK* matter and an opinion offered by Judge Payne in the Eastern District of Texas—both issued before the Federal Circuit's ruling in *EMC*. *See* Dkt. 30 at 11-13. But neither of these District Court opinions are binding on this Court, while the Federal Circuit's *EMC* decision is.[3]

Additionally, ACQIS's attempts to distinguish the numerous cases where district courts determined they were bound by prior claim constructions fail. Dkt. 30 at 11-13. First, ACQIS disparages reliance on cases finding issue preclusion where substantively identical patent claims are involved. Dkt. 30 at 11-12. For the reasons above, the claims at issue in *EMC* and the claims asserted against Sony here are substantively identical and should be treated the same. *See, e.g.*, *EMC* Federal Circuit Opinion, at *1 n.1 ("[T]he district court was correct in treating these related terms similarly."); *Omega Eng'g, Inc, v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003) ("[W]e presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning."). With respect to the cases finding preclusion from claims in related patents used in a similar fashion, ACQIS's position falls flat. Dkt. 30 at 12 (listing

---

[3] While ACQIS states that this Court recently denied ASUSTeK's Rule 12(c) motion asserting issue preclusion (*see* Dkt. 30 at 1, 6, 7)—likely without prejudice—ACQIS fails to attach any transcript from the December 19, 2022 sealed hearing. Sony is unaware of any order by this Court substantively addressing why the Federal Circuit's affirmed claim constructions and affirmance of non-infringement in the *EMC* case do not preclude ACQIS from relitigating these same issues against Sony.

cases). As above, any contrived differentiation between claims reciting "an entire 'PCI bus transaction'" and those reciting "address and data bits" and related terms has already been denied by the EMC district court and Federal Circuit and run squarely against ACQIS's admissions made during the IPR process. Where a related patent includes substantively identical terms, issue preclusion does apply.

Accordingly, the Court should dismiss ACQIS's infringement allegations in its Complaint accusing Sony's alleged use of the PCIe standard of infringing the claimed "PCI bus transaction" terms in the Asserted Patents based on the doctrine of issue preclusion, and find that these allegations fail to state a claim upon which relief can be granted.

Dated: January 10, 2023

                                                          Respectfully submitted,

                                                          /s/ *Abran J. Kean*
                                                          Abran J. Kean (*pro hac*)
                                                          CO Bar 44660
                                                          Erise IP, P.A.
                                                          5299 DTC Blvd., Suite 1340
                                                          Greenwood Village, CO 80111
                                                          Phone: 913.777.5600
                                                          Fax: 913.777.5601
                                                          Abran.kean@eriseip.com

                                                          Eric A. Buresh (admitted in this District)
                                                          KS Bar 19895
                                                          Erise IP P.A.
                                                          7015 College Blvd., Suite 700
                                                          Overland Park, KS 66211
                                                          Phone: 913.777.5600
                                                          Fax: 913.777.5601
                                                          Eric.buresh@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450

*Counsel for Defendants Sony Interactive Entertainment Inc. and Sony Interactive Entertainment LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 10, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *Melissa R. Smith*
Melissa R. Smith