IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SONY INTERACTIVE ENTERTAINMENT INC., SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>        Defendants. | Case No. 6:22-cv-386-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

**ACQIS'S SUR-REPLY IN OPPOSITION TO
SONY'S PARTIAL RULE 12(b)(6) MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. ACQIS's Arguments to the Federal Circuit About Different Claims Do Not Justify Applying Issue Preclusion. .................................................................................. 1

II. ACQIS's Arguments to the PTAB About Different Claims Do Not Limit All "Bits" Claims to an "Entire" "PCI Bus Transaction." ....................................................... 3

III. *EMC* Did Not Decide Whether Different "Communicating" Phrases Should Have Different Constructions. ................................................................................. 4

IV. The Court's Order in *ASUSTeK* and *Wiwynn* Does Not Preclude ACQIS from Asserting '797 Claim 14 Against Sony. ........................................................... 5

# TABLE OF AUTHORITIES

Page

**Cases**

*ACQIS LLC v. ASUSTeK Computer, Inc.*,
  No. 6:20-cv-00966-ADA, Dkt. 144 (W.D. Tex. Dec. 28, 2022) ......................................... 3, 4, 5

*ACQIS LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:20-cv-00295-JRG, Dkt. 92 (E.D. Tex. Sept. 26, 2021) ................................................. 3, 4

*ACQIS LLC v. Wiwynn Corp.*,
  No. 6:20-cv-00968-ADA, Dkt. 141 (W.D. Tex. Dec. 28, 2022) .................................................. 3

*ACQIS, LLC v. EMC Corp.*,
  No. 14-cv-13560, 2017 WL 6211051 (D. Mass. Dec. 8, 2017) ................................................... 4

*ACQIS, LLC v. EMC Corp.*,
  No. 14-cv-13560, 2021 WL 1088207 (D. Mass. Feb. 19, 2021) ................................................. 4

*ACQIS, LLC v. EMC Corp.*,
  No. 21-1772, 2022 WL 1562847 (Fed. Cir. May 18, 2022) ........................................................ 1

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ................................................................................................. 1

*Phonometrics, Inc. v. Econ. Inns of Am.*,
  349 F.3d 1356 (Fed. Cir. 2003) ................................................................................................. 2

*State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*,
  751 F.3d 684 (5th Cir. 2014) ..................................................................................................... 1

*TecSec, Inc. v. Int'l Business Machines Corp.*,
  731 F.3d 1336 (Fed. Cir. 2013) ................................................................................................. 2

Sony's reply depends on unsupported and incorrect conclusions that ACQIS has asserted "substantively identical claims" against Sony as it asserted against EMC. Dkt. 31 at 1-2, 9. The claims are not "identical," either exactly or "substantively," as this Court and the Eastern District of Texas have found, and as discussed in ACQIS's opposition brief (Dkt. 30). Issue preclusion does not apply due to material differences between the claims asserted here and those in *EMC* and the procedural outcome of the *EMC* case. *EMC* did not decide any issue in this case.

ACQIS submits this sur-reply to address the new arguments presented in Sony's reply.

I. **ACQIS's Arguments to the Federal Circuit About Different Claims Do Not Justify Applying Issue Preclusion.**

ACQIS's statements to the Federal Circuit do not justify applying issue preclusion because (1) the issues actually decided, not those argued in briefing or oral argument, control the issue preclusion analysis, and (2) ACQIS's statements in oral argument address different issues than the issues here.

Issue preclusion depends on issues actually decided, not merely argued. *See State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 689 (5th Cir. 2014) (explaining that issue preclusion applies only to issues "necessary to support the judgment in the prior case") (quotation omitted). The Federal Circuit's opinion in *EMC* does not construe any claim term under the *Phillips* standard, it does not provide any reasoning for adopting the district court's constructions, and it does not address the "bits" phrases at issue in the patents asserted against Sony. *ACQIS, LLC v. EMC Corp.*, No. 21-1772, 2022 WL 1562847, at *1 (Fed. Cir. May 18, 2022) ("*EMC Appeal Decision*"); *cf. Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). The

*EMC* decision does not address any issue in this case, and issue preclusion does not apply.[1]

The Federal Circuit's decision also does not articulate whether it adopted the district court's constructions because it agreed with the district court's procedural forfeiture finding, and therefore it does not address the proper *Phillips* construction of any term even by implication. *Id.*; *see TecSec, Inc. v. Int'l Business Machines Corp.*, 731 F.3d 1336, 1341-42 (Fed. Cir. 2013) (explaining that alternative potential grounds for affirmance preclude a finding of necessary implication for either ground). The exchange quoted by Sony confirms that the Federal Circuit recognized the same uncertainty in the underlying district court decision:

> I guess there's two ways to interpret [Judge Burroughs' decision]. **One** is that she wasn't going to consider your proposed construction of the construction **or** that she had considered it, your metaconstruction, and then she rejected it on the merits [a]s being inconsistent with her actual Markman construction . . . .

Dkt. 31 at 3 (citing Oral Arg., *ACQIS, LLC v. EMC Corp.*, No. 2021-1772 (Fed. Cir. May 18, 2022)) (emphasis added). Likewise, the Federal Circuit's opinion does not specify the basis for its decision, and it thus does not necessarily decide any issue in this case.

---

[1] Sony asserts that issue preclusion presents an exception to the general rule that nonprecedential decisions do not have *stare decisis* effect. Dkt. 31 at 8 n.2 (citing *Phonometrics, Inc. v. Econ. Inns of Am.*, 349 F.3d 1356, 1364 n. 3 (Fed. Cir. 2003)). *Phonometrics* applies a former Federal Circuit Rule about nonprecedential decisions that is no longer in effect. *Id.* (applying former Fed. Cir. R. 47.6(b)); *cf.* Fed. Cir. Rules of Practice, Dec. 1, 2021 (*available at* https://cafc.uscourts.gov/wp-content/uploads/RulesProceduresAndForms/FederalCircuitRules/FederalCircuitRulesofPractice.pdf). In any event, *Phonometrics* confirms the point in ACQIS's opposition: the doctrine of *stare decisis* does not give the nonprecedential *EMC* decision any broader preclusive effect than the doctrine of issue preclusion, which does not apply.

ACQIS's arguments to the Federal Circuit also do not address any issue in this case. Nothing in the remarks quoted by Sony address the "bits" phrases in the different patents asserted against Sony. Dkt. 31 at 3-4. Neither the *EMC* district court nor the Federal Circuit addressed the scope of those phrases under *Phillips* or whether a product implementing PCIe practices them.

## II. ACQIS's Arguments to the PTAB About Different Claims Do Not Limit All "Bits" Claims to an "Entire" "PCI Bus Transaction."

Sony does not identify any decision addressing ACQIS's oral arguments to the PTAB, and therefore those statements have no relevance to issue preclusion. Dkt. 31 at 4-5. ACQIS's PTAB arguments also do not establish that the claims at issue in *EMC* have "no functional difference" from the different claims here. *Id.* at 5. The statements quoted by Sony generally address the term "PCI bus transaction," for which this Court has adopted the *EMC* construction in other cases. *Id.* at 4; Dkt. 31-2, *ACQIS LLC v. ASUSTeK Computer, Inc.*, No. 6:20-cv-00966-ADA, Dkt. 144, at 2 (W.D. Tex. Dec. 28, 2022) ("*ASUSTeK Order*"); *ACQIS LLC v. Wiwynn Corp.*, No. 6:20-cv-00968-ADA, Dkt. 141, at 2 (W.D. Tex. Dec. 28, 2022) ("*Wiwynn Order*"). The statements do not address the different claims asserted here or the proper scope of the "bits" phrases in those claims. Dkt. 31 at 4.

Accordingly, the Eastern District of Texas rejected arguments similar to those raised by Sony here about ACQIS's prior PTAB proceedings. Dkt. 30-2, *ACQIS LLC v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00295-JRG, Dkt. 92 (Claim Construction Order), at 19-23 (E.D. Tex. Sept. 26, 2021) ("*Samsung Claim Construction*"). That court considered the "bits" phrases from the patents here and ACQIS's prior PTAB arguments, and it concluded that ACQIS's statements to the PTAB do "not rise to the level of disclaimer to constrain a list of information items from a PCI bus transaction to require all information of a PCI bus transaction regardless what items are

3

enumerated in the list." *Id.* at 23. The claims from *EMC* differ from the claims asserted here, and neither the *EMC* decisions nor ACQIS's statements in *EMC* determine the scope of the claims asserted against Sony.

### III. *EMC* Did Not Decide Whether Different "Communicating" Phrases Should Have Different Constructions.

The district court in *EMC* did not reject—or decide at all—whether to provide different constructions for "communicating" phrases reciting an "entire" "PCI bus transaction" and phrases reciting only certain "bits" of a "PCI bus transaction." The parties in *EMC* did not present this to the district court as a dispute—instead, they agreed to a construction of "communicating . . . PCI bus transaction": "communicating a PCI bus transaction, including all address, data, and control bits." *ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560, 2017 WL 6211051, at *8 (D. Mass. Dec. 8, 2017) ("*EMC Claim Construction*").

The district court therefore did not address whether different "communicating" phrases should have different constructions, *id.*, as this Court concluded they should in *ASUSTeK* and *Wiwynn*. *ASUSTek Order*, No. 6:20-cv-00966-ADA, Dkt. 144, at 2. At summary judgment, the district court in *EMC* relied on its interpretation of the parties' other agreed construction, for "PCI bus transaction," to find that the accused products also could not satisfy the parties' agreed construction of the "communicating" terms. *ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560, 2021 WL 1088207, at *6 (D. Mass. Feb. 19, 2021) ("*EMC Summary Judgment*") ("This Court has already concluded that the claims are limited by the Specification in its entirety."). The district court made no findings about whether different constructions could apply to different "communicating" phrases under the *Phillips* standard. *Id.*

4

**IV.     The Court's Order in *ASUSTeK* and *Wiwynn* Does Not Preclude ACQIS from Asserting '797 Claim 14 Against Sony.**

The Court's Order in *ASUSTeK* and *Wiwynn* about the term "encoded . . . serial bit stream of a PCI bus transaction" does not support Sony's assertion of issue preclusion for '797 claim 14. That claim recites "conveying encoded address and data bits of a Peripheral Component Interconnect (PCI) bus transaction in serial form." The Court's Order in *ASUSTeK* states, for the term "encoded . . . serial bit stream of a PCI bus transaction," that the "*EMC* construction only applies to terms that recite (1) 'encoded,' (2) 'serial,' and (3) 'PCI bus transaction.'" *ASUSTek Order*, No. 6:20-cv-00966-ADA, Dkt. 144, at 2.

Claim 14 of the '797 patent recites "address and data bits" of a "PCI bus transaction." Dkt. 1-4 at 39:38-41. It does not recite an entire "PCI bus transaction." *Id.* The *EMC* summary judgment did not address any "bits" phrases, and it therefore did not determine the proper scope of '797 claim 14 in the same way it did not determine the proper scope of any other "bits" phrase recited in the patents asserted here. Sony's issue preclusion defense is based on the *EMC* court's application of "PCI bus transaction," not on its construction of "encoded . . . serial bit stream," and therefore whether the "encoded . . . serial bit stream" construction applies to '797 claim 14 is immaterial to Sony's motion.

*        *        *

Sony's reply introduces new arguments but depends fundamentally on the incorrect presumption that the claims from the patents asserted in this case have the same scope and present the same issues as the different claims and patents in *EMC*. For the reasons stated above, in ACQIS's opposition (Dkt. 30), and in the *Samsung Claim Construction*—and reflected in this Court's Order in *ASUSTeK* and *Wiwynn*—ACQIS respectfully requests that the Court deny Sony's motion.

5

Dated: January 17, 2023                    Respectfully submitted,

By: */s/ Logan J. Drew*

Ronald J. Schutz (admitted in this District)
MN Bar No. 0130849
Email: rschutz@robinskaplan.com
Aaron R. Fahrenkrog (to appear *pro hac vice*)
MN Bar No. 0386673
Email: afahrenkrog@robinskaplan.com
Logan J. Drew (admitted in this District)
MN Bar No. 0389449
Email: ldrew@robinskaplan.com
William Jones (to appear *pro hac vice*)
MN Bar No. 0402360
Email: wjones@robinskaplan.com
**ROBINS KAPLAN LLP**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

Of Counsel:
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record. Any other counsel of record will be served by first class U.S. mail.

                                          /s/ *Logan J. Drew*
                                          Logan J. Drew