IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT INC., a Japanese corporation<br>SONY INTERACTIVE ENTERTAINMENT LLC, a California limited liability company.<br><br>Defendants. | Civil Action No. 6:22-cv-386<br><br>**JURY TRIAL DEMANDED**<br><br>█████████ |

**DEFENDANTS SONY INTERACTIVE ENTERTAINMENT INC. AND
SONY INTERACTIVE ENTERTAINMENT LLC'S
REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE NORTHERN
DISTRICT OF CALIFORNIA, OR IN THE ALTERNATIVE, TO THE
<u>AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS</u>**

# TABLE OF CONTENTS

I.   **THE PRIVATE INTEREST FACTORS FAVOR TRANSFER.** ...................................... 1

    A.    SOURCES OF PROOF ARE ALMOST EXCLUSIVELY IN CALIFORNIA. ......................................... 1
    B.    COMPULSORY PROCESS FAVORS TRANSFER TO N.D. CAL. ................................................... 2
    C.    COST AND CONVENIENCE OF WILLING WITNESSES FAVORS TRANSFER TO N.D. CAL. ............ 4
    D.    OTHER PRACTICAL PROBLEMS. ........................................................................................... 4

II.  **THE PUBLIC INTEREST FACTORS FAVOR TRANSFER.** ........................................ 5

ACQIS has failed to come forward with evidence that outweighs Sony's showing that N.D. Cal. is clearly the more convenient venue. ACQIS does not dispute that N.D. Cal. is (1) home to SIE's headquarters, the epicenter of development of the Accused Products, (2) the clearly more convenient forum for all of Sony's likely party and non-party trial witnesses, and (3) where the bulk of relevant documents and custodians reside. Even Plaintiff has a heavy presence in N.D. Cal. Dkt. 21, 1-2. ACQIS gives undue weight to related litigation and California-headquartered AMD's presence in this District, while ignoring Sony's and two California companies' (Marvell and Cerny Games) extensive design and development contributions to the accused PS4 console. The Federal Circuit has counseled against denying transfer when the overall weight of the transfer factors favors transfer. *See In re FedEx Corp. Servs., Inc.* 2022 WL 10887770, at *4 (Fed. Cir. Oct. 19, 2022); *XR Commc'ns., LLC v. Google LLC*, No. 6:21-cv-00625-ADA, 2022 WL 3702271, at *8-9 (W.D. Tex. Aug. 26, 2022). This case should be transferred to N.D. Cal or, alternatively, Austin.

## I. THE PRIVATE INTEREST FACTORS FAVOR TRANSFER.[1]

### A. Sources of proof are almost exclusively in California.

It is well-accepted that the accused infringer will have most of the documentary evidence in a patent case. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) ("[T]he place where the defendant's documents are kept weighs in favor of transfer to that location."). Here, it is undisputed almost all documents in Sony's possession, and the custodians thereof, relating to Plaintiff's claims, such as PS4 console specifications, development agreements, financial documents, and marketing strategies, are maintained at SIE's N.D. Cal headquarters. Waugh, ¶6; Dkt. 21, 5 (table identifying custodians in California). ACQIS resorts to the oft-cited and rejected proposition that advances in technology facilitate electronic retrieval of documents. Dkt. 21, 6-7 (citing cases from

---

[1] ACQIS does not dispute that venue is proper in N.D. Cal. Dkt. 44, 2 ("In this case, where venue would have been proper in the transferee district, *i.e.*, NDCA ….").

1

this District finding location of documents/custodians relevant regardless of storage method).

ACQIS next speculates that third-party AMD's Austin office *may have* documents relating to the design and development of *just one component* of the PS4, and points to a list of allegedly relevant AMD employees in Austin, none of whom worked in the Waco Division and many do not appear to have worked on developing the PS4 or currently live in Texas. Dkt. 44, 6-9, Ex. 12-17, 20-22, 28, 31-32. However, the "principal target of inquiry is the [location for the] design and construction of the accused product[s]" and a "movant need not show that all relevant documents are located in the transferee venue to support … transfer." *Apple*, 979 F.3d at 1340. In addition, "this factor [is not] neutral merely because some sources of proof can be identified in the district." *Id*. ACQIS also does not explain how AMD evidence in Austin, if any, is not duplicative of that at its Sunnyvale headquarters.[2] Notably, ACQIS ignores evidence relating to other specifically accused components of the PS4 developed by Marvell and Cerny Games, both in California. Dkt. 44, 1-2 (describing accused functionality including ethernet controller, Southbridge processor, PCIe, and USB 3.x architectures); Dkt. 21, 2-3, 7-8; Norton, ¶¶3-4. All of Sony's sources of proof and at least two out of the three non-party entities' sources of proof are in California, with AMD's sources of proof in N.D. Cal. or Austin.[3] This factor favors transfer.

B.     **Compulsory process favors transfer to N.D. Cal.**

Sony specifically names 16 non-party witnesses with knowledge of the design and

---

[2] Sony provided evidence that numerous design and development meetings between Sony, AMD, and third parties occurred in the Bay Area. Norton, ¶4. ACQIS relies on speculative newspaper statements to conclude Austin, not Sunnyvale, keeps relevant AMD documents. Dkt. 44-10. ACQIS elected not to conduct venue discovery from AMD. In fact, ACQIS's evidence supports that AMD's Sunnyvale headquarters was a critical hub for the development of the accused PS4 consoles as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 44-36 (1st Supp. Resp. ROG No. 3).

[3] Many of ACQIS's alleged AMD custodians for the APU show ties to and current residencies in Calif. (Hunter and Moshkelani), Mass. (Bhaiwala, Feldstein, Fuller, Hagen Skende and Pellerite), Canada (Lau), and Austin, but *none* are tied to Waco. Dkt. 44, 7-8, Ex. 12-17, 20-21, 32.

2

development of the PS4 console, Asserted Patents, or prior art, all located in California and outside W.D. Tex.'s subpoena power. Dkt. 21, 7-8; Lang, ¶¶5-14. This includes key non-party witnesses such as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; and several ex-Sony employees who worked on the PS4 during the relevant time. *Id.* ACQIS argues these witnesses should be afforded little weight without a showing they would be unwilling to testify (Dkt. 44, 9-10), but this Court follows the Federal Circuit's presumption of unwillingness for non-party witnesses. *See XR Commc'ns.,* 2022 WL 3702271, at *5-6.

ACQIS then asks the Court to speculate about "relevant witnesses" from among several AMD employees that "*appear to* reside in Texas and *likely* to have relevant information." Dkt. 44, 9-10. But 9 of these employees currently reside outside of Texas, none have any connection to the Waco Division (*supra,* fn. 3), and 3 have no apparent connection to development of the PS4:

- Ex. 22 (Jeff Connell): At AMD from 2016 to present, but the PS4 consoles were developed prior to first sale in 2013. Dkt. 21, 11.
- Ex. 28 (Jack Huynh): No apparent link to accused PS4 consoles.
- Ex. 31 (Scott Matlock): No apparent link to accused PS4 consoles.

ACQIS deliberately chose not to seek discovery from AMD, leaving the Court to guess at what relevant, independent information any of the AMD employees might provide. In contrast, Sony provided sworn testimony that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 21, 7; Norton, ¶¶3-4; *see also XR Commc'ns.,* 2022 WL 3702271, at *4 (criticizing failure to conduct venue discovery, quoting "[g]auging and articulating the relevance of a party's personnel to a particular case–especially personnel from a company the size of [AMD]–based only on vague LinkedIn profiles is a challenge"). Assuming any of ACQIS's

3

cited AMD employees are relevant, some also have ties to California, but none have any connection to Waco. Dkt. 44-1, ¶24 (S. Moshkelani, Los Gatos, CA); Ex. 20 (B. Hunter, Sunnyvale, CA). This factor favors transfer to N.D. Cal. or, alternatively, Austin. *In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022) (noting that this factor "tilt[s] strongly toward transfer" where more third-party witnesses were identified in transferee forum).

### C. Cost and convenience of willing witnesses favors transfer to N.D. Cal.

The most important factor in the transfer analysis looks at willing witnesses. *XR Commc'ns.*, 2022 WL 3702271, at *3. Sony identified 9 willing party witnesses, 8 of whom would only commute 20.9 miles to the N.D. Cal. courthouse compared to flying over 1,500 miles to Waco. ACQIS identified a single party witness, Mr. Chu, who resides in N.D. Cal.[4] For non-party witnesses, Sony identifies 16 in California, including ACQIS's patent prosecution counsel, former Sony employees, prior art witnesses, and key witnesses from Marvell, Cerny Games, and AMD. Dkt. 21, 7-8. ACQIS identifies only AMD employees from various locations (including Calif.) who may or may not have relevant, non-cumulative information. ACQIS suggests party witnesses be given "relatively little weight" (Dkt. 44, 11), but "party and nonparty witnesses [are typically accorded] equal weight." *XR Commc'ns.*, 2022 WL 3702271, at *3. This factor favors transfer.

### D. Other practical problems.

ACQIS places undue emphasis on related suits in the District, particularly where this case will involve different products, discovery, evidence, witnesses, and trial. Dkt. 44, 3-5. The Federal Circuit has cautioned against applying "ironclad rules" because "to hold that any prior suit involving the same patent can override a compelling showing of transfer would be inconsistent

---

[4] Mr. Chu's self-serving declaration should be given no weight. *XR Commc'ns.*, 2022 WL 3702271, at *4 (noting the Court will not weigh the convenience of plaintiff's witnesses against transfer merely because the plaintiff attests that travel to this District would not be inconvenient).

with the policies underlying §1404(a)." *In re Verizon Bus. Network Servs.*, 635 F.3d 559, 562 (Fed. Cir. 2011). This is particularly true where the other factors clearly favor transfer. *In re Google LLC,* 58 F.4th 1379, 1383 (Fed. Cir. 2023); *In re Samsung Elecs. Co.,* 2 F.4th 1371, 1379-80 (Fed. Cir. 2021). This factor is neutral.

## II. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER.

Regarding the "most speculative" factor of court congestion, ACQIS relies exclusively on competing statistics for median time to trial. The Federal Circuit has rejected that rationale as support for denying transfer, especially "when other relevant factors weigh in favor of transfer[.]" *In re NetScout*, No. 2021-173, 2021 WL 4771756, at *5 (Fed. Cir. Oct. 13, 2021). Either way, the Federal Circuit has found "no significant differences in caseload or time-to-trial statistics" between this District and N.D. Cal. *In re Juniper Networks*, 14 F.4th 1313, 1322 (Fed. Cir. 2021). For the local interest factor, ACQIS fixates on AMD's presence in Austin and uses it as a false proxy for Waco, but ignores: (1) AMD's headquarters in California; (2) Marvell and Cerny Games' California location and activities related to PS4 consoles; (3) ACQIS' (and its CEO/inventor) and its prosecuting attorney's presence in N.D. Cal.; and ***most importantly*** (4) Sony's many years of daily design, development, marketing, sales and related PS4 work at its headquarters in N.D. Cal. These facts heavily favor transfer to N.D. Cal. *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (transfer favored because "[t]he company asserting harm and many of the companies alleged to cause that harm are all residents of that district, as are the inventor and patent prosecuting attorneys whose work may be questioned at trial"); *Samsung*, 2 F.4th at 1380.[5]

---

[5] For intra-district transfer, Sony incorporates the above and its prior discussion (Dkt. 21, 13-15), which show Waco is inconvenient for every witness and has no evidence. *Future Link Sys. v. AMD, Inc.*, No. 6:20-cv-01176-ADA, 2021 WL 6015535, at *9 (W.D. Tex. Oct. 18, 2021) (transferring case to Austin because AMD design and AMD witnesses were based in Austin, not Waco).

Dated: April 5, 2023                                    Respectfully submitted,

/s/ *Abran J. Kean*
Abran J. Kean (*pro hac*)
CO Bar 44660
Erise IP P.A.
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO 80111
Phone: 913.777.5600
Fax: 913.777.5601
Abran.kean@eriseip.com

Eric A. Buresh (admitted in this District)
KS Bar 19895
Erise IP P.A.
7015 College Blvd., Suite 700
Overland Park, KS 66211
Phone: 913.777.5600
Fax: 913.777.5601
Eric.buresh@eriseip.com

*Counsel for Defendants Sony Interactive Entertainment Inc. and Sony Interactive Entertainment LLC*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 5, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Melissa R. Smith*
Melissa R. Smith
