# Exhibit 18

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>    Plaintiff,<br> v.<br><br>ASUSTEK COMPUTER, INC.,<br>a Taiwan corporation,<br><br>    Defendant. | Civil Action No. 6:20-cv-00966-ADA<br><br>JURY TRIAL DEMANDED |

## **DEFENDANT ASUSTEK'S OPPOSED MOTION TO APPLY ISSUE PRECLUSION**

In prior litigation brought by ACQIS against EMC, the following terms were construed by the District of Massachusetts:

> "Peripheral Component Interconnect (PCI) bus transaction" means "a transaction, in accordance with the industry standard PCI Local Bus Specification, for communication with an interconnected peripheral component"
>
> "Encoded . . . serial bit stream of Peripheral Component Interconnect (PCI) bus transaction" means "a PCI bus transaction that has been serialized from a parallel form"

*ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560, 2017 WL 6211051, at *3–8 (D. Mass. Dec. 8, 2017). On February 19, 2021, the District of Massachusetts granted summary judgment of non-infringement to EMC based on these constructions. *EMC*, 2021 WL 1088207, at *5–6 (D. Mass. Feb. 19, 2021). In particular, the *EMC* Court summarized the constructions (*see id.* at *2), and held that the accused EMC products did not meet the "PCI bus transaction" or "encoded" limitations under the constructions:

- "Accordingly, because the accused products do not contain the limitations set forth in the asserted claims, which recite a PCI bus transaction with reference to the [PCI Local Bus]

- Specification, the Court concludes that there is no infringement and summary judgment is appropriate." *Id.* at *5.

- "ACQIS does not dispute that '[t]he asserted claims require a PCI bus transaction, beginning in parallel form, to be converted into serial form for transmission across a serial interface.' . . . ACQIS has not shown that EMC's accused products serialize a PCI bus transaction from a parallel form consistent with the asserted claims and has therefore failed to demonstrate that the products infringe those claims." *Id.* at *6.

In accordance with its February 19, 2021 summary judgment order, the *EMC* Court entered final judgment through an "Order of Dismissal" the same day. **Ex. A**, *Order of Dismissal*.

The above constructions from the *EMC* case are the subject of a final judgment. Defendants in this case proposed that the Court adopt the *EMC* constructions. Dkt. 52 at 4, 8. Under the law of issue preclusion applicable in the 5th Circuit, ACQIS is precluded from re-litigating the above constructions in this later action. "[I]f another court has already furnished a trustworthy determination of a given issue of law or fact, a party that has already litigated that issue should not be allowed to attack that determination in a second action." *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994). Further, the doctrine of collateral estoppel "precludes a plaintiff from relitigating identical issues by merely 'switching adversaries' and prevents a plaintiff from 'asserting a claim that the plaintiff had previously litigated and lost against another defendant.'" *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1353 (Fed. Cir. 2017) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)). The "dual purpose" of issue preclusion/collateral estoppel is to "protect[ ] litigants from the burden of relitigating an identical issue" and to "promote judicial economy by preventing needless litigation." *Parklane Hosiery*, 439 U.S. at 327. As ACQIS is legally precluded from re-litigating the constructions of the "PCI bus transaction" and "encoding" terms after having lost in the *EMC* case, Defendants therefore respectfully request that the Court adopt the above constructions in this case and modify its prior claim construction order

2

(Dkt. No. 52).[1] ASUSTeK conferred with ACQIS in good-faith regarding the instant motion, and ACQIS opposes the relief requested.

ASUSTeK is not seeking to reargue claim construction but instead seeks a ruling that issue preclusion applies to the construction of the "PCI bus transaction" and "encoding" terms such that the *EMC* constructions are binding on ACQIS in this case. Despite this, ACQIS suggested during the meet and confer process that the instant motion seeks reconsideration of the Court's claim construction order. ASUSTeK disagrees, but notes that even under ACQIS' interpretation the issues presented in this motion would be appropriately granted pursuant to a motion for reconsideration due to "the need to correct a clear error of law or prevent manifest injustice." *See, e.g., Maverick Whiskey, LLC v. Brewery on Half Moon Bay, Inc.*, 2020 WL 3440962, at *1-2 (W.D. Tex. June 23, 2020). Here, plaintiff ACQIS is legally precluded from advancing constructions on the "PCI bus transaction" and "encoding" terms, having litigated and lost them in the *EMC* case, and to permit ACQIS to do so is a clear error of law and manifestly unjust. *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 549 (5th Cir. 2013) ("the issue of whether to apply collateral estoppel is a question of law*[.]*")

This is especially true given that in the underlying briefing on claim construction ACQIS mischaracterized the law by asserting that Fifth Circuit law does not control issue preclusion in the patent context with respect to the "finality" prong. Dkt. 39 at 13. ACQIS improperly instructed the Court in its sur-reply brief that "finality of claim construction is an aspect of collateral estoppel particular to patent law, and claim constructions become final when the Federal Circuit affirms

---

[1] Although the clam construction briefs raised the issue of the *EMC* decision and its preclusive effect (Dkt. 32 at 19, 25, 26-32), the issue was not addressed in the Court's Claim Construction Order. Dkt. No. 52. Defendants therefore raise this issue now to ensure that the issue is properly presented for the Court's determination.

3

them on appeal." *Id*. This is not the law, and even the case cited by ACQIS states that "[b]ecause the application of general collateral estoppel principles is not within the exclusive jurisdiction of [the Federal Circuit], we apply the law of the circuit in which the district court sits." *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1353 (Fed. Cir. 2017). The court in *Phil-Insul* outlined and applied the general requirements for issue preclusion, including finality, under the Eighth Circuit precedent applicable to that case. *Id*. And the Federal Circuit applied its own law only to an infringement analysis (i.e., was the infringement issue the same as in the prior case) because infringement is an issue unique to patent cases. *Id*.

ACQIS also erroneously informed the Court in its claim construction sur-reply that Judge Payne had considered and declined to apply "essentially the same collateral estoppel issue present before this Court." Dkt. 39 at 12. Not so. Judge Payne adopted the same construction of "PCI bus transaction" that was adopted by the court in *EMC,* and the construction that must be applied here. *ACQIS LLC v. Samsung Elec. Co., LTD et al*., No. 2:20-cv-00295-JRG (E.D. Tex. Sept. 26, 2021), Dkt. 92 at 19. Judge Payne only declined to apply issue preclusion to further expand on that construction in view of the summary judgment ruling in *EMC. Id.* at 17-18 (declining to "rule in claim construction whether a particular set of information qualifies as a transaction under the PCI Local Bus Specification."). While ASUSTeK believes that ACQIS' infringement theories may ultimately be subject to additional preclusive effect, that is an issue for another day, and ASUSTeK does not request that relief in this motion. *Id*. at 18-19.

I.  **Legal Standard**

Issue preclusion, or collateral estoppel, serves to prevent parties from relitigating issues they litigated and lost in another action. *Parklane Hosiery*, 439 U.S. at 327. It "treat[s] specific issues of law or fact that are validly and necessarily determined between two parties as final and

4

conclusive." *Shanbaum*, 10 F.3d at 311. For issue preclusion to apply, the following three elements must be met: "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995). Implicit in element three is the requirement for a final judgment. *See Int'l Union of Operating Eng'rs, Local No. 714 v. Sullivan Transfer, Inc.*, 650 F.2d 669, 676 (5th Cir. 1981). Appealable judgments under 28 U.S.C. § 1291 have preclusive effect under even the strictest standards enumerated in this circuit. *Compare Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1272 (5th Cir. 1986) (refusing to grant partial summary judgment orders preclusive effect), *with Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088, 1090 (5th Cir. 1994) (finding that "[j]udgments are final for purposes of issue preclusion when fully litigated, even if not yet appealable").

Where, as here, a party requests the Court apply issue preclusion for defensive purposes—*i.e.*, to estop a plaintiff from asserting a claim that the plaintiff had previously litigated and lost against another defendant—the issue is a question of law. *See Bradberry v. Jefferson County, Tex.*, 732 F.3d 540, 549 (5th Cir. 2013) ( "the issue of whether to apply collateral estoppel is a question of law, making [the court's] review *de novo*," whereas abuse of discretion review applies only "when considering a district court's evaluation of whether special circumstances exist to justify *offensive* collateral estoppel"); *see also Parklane Hosiery*, 439 U.S. at 330–31 (distinguishing defensive collateral estoppel from offensive collateral estoppel). Thus, "[c]ollateral estoppel **will apply** in a second proceeding that involves separate claims if the claims involve the same issue, *Midwest Mechanical Contractors, Inc. v. Commonwealth Constr. Co.,* 801 F.2d 748, 751 (5th

5

Cir.1986), and the subject matter of the suits may be different as long as the requirements for collateral estoppel are met." *RecoverEdge*, 44 F.3d at 1291.

### III. ACQIS is Bound by the *EMC* Construction in this Case

ACQIS "litigated and lost" the construction of the "PCI bus transaction" and "encoded" terms in the *EMC* case, which is the subject of a final judgment, and ACQIS is precluded from pursuing different constructions of the same terms in this case. *See Parklane Hosiery*, 439 U.S. at 327.

#### A. *The Issue is Identical to the One in the Prior Action*

*First*, the issue in this case is identical to the one involved in the prior action, namely, the construction of the "PCI bus transaction" and "encoded" terms. *See RecoverEdge*, 44 F.3d at 1290. Although some of the patents asserted against ASUSTeK are different than those asserted against EMC, the patents in both cases all issued from related patent families and the extremely close relationship and claim language shared between the patents warrants the same construction of "PCI bus transaction" and "encoded"—making the issue identical for collateral estoppel purposes. *See, e.g., In re Rambus Inc.*, 694 F.3d 42, 48 (Fed. Cir. 2012) (quoting *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 203)) ("The same claim term in the same patent or related patents carries the same construed meaning."); *SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307, 1316 (Fed. Cir. 2015) ("Where multiple patents 'derive from the same parent application and share many common terms, we must interpret the claims consistently across all asserted patents.") (internal citations omitted); *In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1325 (Fed. Cir. 2011) ("[W]e ordinarily interpret claims consistently across patents having the same specification."); *Abtox, Inc. v. Exitron Corp.*, 131 F.3d 1009, 1010 (Fed. Cir. 1997) ("Although these claims have since issued in separate patents, it would be improper to construe

6

this term differently in one patent than another, given their common ancestry."). It does not matter that some of the patents differ as long as the issues litigated are the same—*i.e.*, construction of "PCI bus transaction" and "encoded." *See, e.g., Ohio Willow Wood Co. v. Alps South LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the issues that were litigated that determines whether collateral estoppel should apply."); *Sprint Commc'ns Co. L.P. v. Cequel Commc'ns, LLC*, No. 18-cv-1919, 2020 WL 3048175, at *3 (D. Del. June 8, 2020).

Specifically, four of the fourteen patents asserted in the presently consolidated cases were also asserted against EMC. The remaining ten patents are closely related to the four patents asserted against EMC as they: (1) belong to the same families, (2) have the same, sole inventor, (3) concern the same subject matter, (4) contain many near-identical claim limitations, and (5) all purport to claim priority to a common application, U.S. Patent No. 6,718,415 or are reissues of U.S. Patent No. 6,643,777. *See* **Ex. F**, *Patent Family Tree*. Importantly, ACQIS has itself recognized this same shared relationship in its appellate brief to the Federal Circuit:

> ACQIS obtained the eight asserted patents, which belong to three patent families. *See* Appx2495–2498 (¶¶ 95–97) (illustrating family relationships). Each claims a computer module employing the new interface channel to transmit at least some portion of a "PCI bus transaction" between a processor and peripheral device.

**Ex. D**, *ACQIS Appeal Brief*, at 10. Patents from the same three patent families are at issue in this case, and each includes claims containing the "PCI bus transaction" and "encoded" terms. **Ex. F**, *Patent Family Tree*.

### B. *The Issue was Actually Litigated in the Prior Action*

*Second*, the issue—the constructions of "PCI bus transaction" and "encoded"—was actually litigated in the prior action. In the EMC case, ACQIS fully briefed its respective claim construction arguments, *see* **Exs. E–H**, *EMC D. Mass. Claim Construction Briefs*, and provided

7

oral argument at the *Markman* hearing, **Ex. I**, *EMC D. Mass. Markman Transcript*. Judge Burroughs then ruled that "PCI bus transaction" means "a transaction, in accordance with the industry standard PCI Local Bus Specification, for communication with an interconnected peripheral component" and the "encoded" term means "a PCI bus transaction that has been serialized from a parallel form." *EMC*, 2017 WL 6211051, at *3–8.

During the EMC *Markman* hearing in the District of Massachusetts, "the parties agreed on the use of the word 'transaction' and they had already agreed to include the relevant industry standard, the PCI Local Bus Specification." *Id.* at *3. However, Judge Burroughs needed to determine a central dispute regarding the construction—"whether the term requires the presence of a PCI bus." *Id.* The parties provided extensive briefing on the construction of "PCI bus transaction," which were submitted to Judge Burroughs for determination. *See e.g.,* **Exs. E–H**, *EMC D. Mass. Claim Construction Briefs*. Judge Burroughs analyzed the parties' arguments and determined the proper construction of "PCI bus transaction" as "a transaction, in accordance with the industry standard PCI Local Bus Specification, for communication with an interconnected peripheral component." *EMC*, 2017 WL 6211051, at *3–8. Judge Burroughs conducted a similarly thorough analysis of the "encoded" term, particularly determining whether the term required a parallel-to-serial conversion. *Id.* As such, the issue was actually litigated for purposes of collateral estoppel. *In re Kahn*, 533 B.R. 576, 584 (W.D. Tex. 2015) (quoting *In re Keaty*, 397 F.3d 264, 272 (5th Cir. 2005)) ("The requirement that an issue be 'actually litigated' for collateral estoppel purposes simply requires that the issue is raised, contested by the parties, submitted for determination by the court, and determined.").

Further, Judge Burrough's analysis and determination recognized and considered Judge Davis's constructions of the same terms. *See EMC*, 2017 WL 6211051, at *3–8. Even though

8

Judge Burroughs conducted her own analysis and determined her own conclusions, her references to Judge Davis's analysis and constructions of the same terms is important. It evidences another full round of briefing and arguments submitted by ACQIS to the Eastern District of Texas regarding the construction of the "PCI bus transaction" and "encoded" terms. *See* **Exs. J–K**, *EMC E.D. Tex. Claim Construction Briefs*,[2] **Ex. L**, *EMC E.D. Tex. Markman Transcript*, *EMC*, 2017 WL 6211051, at *3–8. Accordingly, ACQIS cannot say it did not actually litigate the constructions of the "PCI bus transaction" and "encoded" terms. *In re Kahn*, 533 B.R. at 584.

In conclusion, seven full briefs, two *Markman* hearings, and two fully-analyzed district judge determinations went into the constructions of the "PCI bus transaction" and "encoded" terms, where ACQIS was substantively and vigorously involved in each. As such, the constructions of the "PCI bus transaction" and "encoded" terms were fully, vigorously, and actually litigated. *In re Kahn*, 533 B.R. at 584. As explained below, Judge Burrough's constructions proved dispositive, entitling them to preclusive effect.

### C. Determination of the Issue in the Prior Action was a Necessary Part of the Final Judgment in that Action

*Third*, the constructions of the "PCI bus transaction" and "encoded" terms were necessary to support the final judgment in the EMC case. *See RecoverEdge*, 44 F.3d at 1290. Judge Burroughs granted summary judgment of non-infringement on the basis that the accused products did not contain a "PCI bus transaction" as construed, and did not contain a parallel-to-serial conversion—the construction of the "encoded" term.[3] *EMC*, 2021 WL 1088207, at *3 ("Patent

---

[2] The responsive claim construction brief was filed under seal. *See ACQIS LLC v. Alcatel-Lucent USA Inc.*, No. 6:13-cv-00638-RWS, Dkt. No. 146 (E.D. Tex.).

[3] Although the court found EMC's first theory—that the accused products did not contain a "PCI bus transaction" as construed—sufficient for entry of summary judgment, the court noted "EMC's remaining theories [ ] further support the entry of summary judgement for EMC." *EMC*, 2021 WL

9

infringement analysis involves two steps: (1) the threshold construction of the meaning and scope of the asserted claim, followed by (2) a determination of whether the accused product infringes the properly construed claim. . . . This Court, together with Judge Davis, has fulfilled the first part of the infringement analysis through the claim construction process."), *5 ("Accordingly, because the accused products do not contain the limitations set forth in the asserted claims, which recite a PCI bus transaction with reference to the Specification, the Court concludes that that is no infringement and summary judgment is appropriate."), *6 ("ACQIS has not shown that EMC's accused products serialized a PCI bus transaction from parallel to serial and back to parallel.").

Judge Burroughs's grant of summary judgment, which was confirmed by an Order of Dismissal, is also a final judgment within the meaning of Fifth Circuit law. *Wright v. Transportation Commc'n Union/IAM*, No. 4:20-CV-0975, 2020 WL 7061874, at *3 (S.D. Tex. Nov. 5, 2020); *see also Avondale Shipyards*, 786 F.2d at 1272. ACQIS has confirmed the same in its briefing before the Federal Circuit. **Ex. D**, *ACQIS Appeal* Brief, at 3 (stating the District of Massachusetts "entered final judgment through an Order of Dismissal on February 19, 2021). The Federal Circuit applies the law of the regional circuit to issues that are not unique to patent law—and specifically—when determining the finality of a judgment for collateral estoppel. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381, n.4 (Fed. Cir. 1999) ("[B]ecause the application of general collateral estoppel principles, ***such as finality of judgment***, is not a matter within the exclusive jurisdiction of this court, we must apply the law of the circuit in which the district court sits") (emphasis added). In the Fifth Circuit, "the finality of a judgment is not affected by the pendency of an appeal." *Welch v. All Am. Check Cashing, Inc.*, No. 3:13-cv-271, 2015 WL

---

1088207, at *5. This specifically included the parallel-to-serial conversion required by the "encoded" term, as construed. *Id.*

10

4066495, at *5 (S.D. Miss. July 2, 2015) (collecting cases). Accordingly, "[t]he Fifth Circuit has established that, for purposes of collateral estoppel, a judgment may be final even though an appeal is pending." *Wright*, 2020 WL 7061874, at *3. Because the constructions of "PCI bus transaction" and the "encoded" terms were the basis of – and thus a necessary part of – the final judgment of the District of Massachusetts, they are binding in this case.

## IV.  Conclusion

In sum, there is no applicable law which allows ACQIS to proceed with incorrect claim constructions. As such, the Court should adopt the EMC constructions as a matter of law based on issue preclusion. It is true that the grant of summary judgment is currently pending appeal at the Federal Circuit (*ACQIS, LLC v. EMC Corp.*, No. 21-1772), but this fact does not change the application of issue preclusion under Fifth Circuit law. *See, e.g., Welch*, 2015 WL 4066495, at *5 (in the Fifth Circuit, "the finality of a judgment is not affected by the pendency of an appeal").

Although ACQIS is precluded from proceeding with this case on claim constructions that conflict with the final judgment entered by the District of Massachusetts, as a practical matter, ASUSTeK notes that it previously requested a stay pending the outcome at the Federal Circuit (Dkt. 29) and would reiterate that motion to the extent this Court does not find the instant motion ripe for determination. Staying this case is certainly within the purview of district courts, and is a procedure that this Court has employed when dealing with concurrently-litigated claim construction issues. *See Nitride Semiconductors Co. Ltd. v. Lite-On Tech. Corp.*, No. 6:21-CV-00183-ADA, Dkt. No. 42, at 13–14 (W.D. Tex. Feb. 7, 2022).

For the reasons set forth herein, ASUSTeK respectfully requests the Court apply issue preclusion and construe "PCI bus transaction" as "a transaction, in accordance with the industry standard PCI Local Bus Specification, for communication with an interconnected peripheral

11

component" and "encoded . . . serial bit stream of Peripheral Component Interconnect (PCI) bus transaction" as "a PCI bus transaction that has been serialized from a parallel form."

Dated:  March 2, 2022                                   Respectfully submitted,

                                              **Erise IP, P.A.**

                                              By: /s/ *Michelle L. Marriott*
                                              Eric A. Buresh
                                              Michelle L. Marriott
                                              Chris R. Schmidt
                                              7015 College Blvd., Ste. 700
                                              Overland Park, KS 66211
                                              Tel: (913) 777-5600
                                              Fax: (913) 777-5601
                                              eric.buresh@eriseip.com
                                              michelle.marriott@erisip.com
                                              chris.schmidt@eriseip.com

                                              *Attorneys for Defendant ASUSTeK Computer, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, the foregoing was electronically filed in compliance with Local Rule CV-5 and served via the Court's electronic filing system on all counsel of record.

                                                                                         */s/  Michelle Marriott*
                                                                                         Michelle Marriott