# Exhibit 19

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>ASUSTEK COMPUTER, INC.,<br>a Taiwan corporation,<br><br>    Defendant. | Civil Action No. 6:20-cv-00966-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT ASUSTEK'S REPLY IN SUPPORT OF ITS
OPPOSED MOTION TO APPLY ISSUE PRECLUSION**

The construction of the "PCI bus transaction" and "encoded" terms were disputed in the *EMC* case, construed in the *EMC* case, and were necessary for the final summary judgment ruling in the *EMC* case. Accordingly, under the applicable rule in the Fifth Circuit that a judgment is final once it is entered by the district court, collateral estoppel applies. ACQIS is precluded from proceeding in this case on constructions that it litigated to a final judgment in the *EMC* case.

**I. Issue Preclusion Applies**

In its Motion, ASUSTeK provided a detailed explanation of how the elements of issue preclusion are met in this case: (1) the issues are identical; (2) the identical issue was actually litigated; and (3) the determination of the issue was a necessary part of the final judgment in the earlier action. Dkt. 64; *RecoverEdge L.P. v. Pentcost*, 44 F.3d 1284, 1290 (5th Cir. 1995). The construction of the "same terms" in related patents, when litigated and necessary to a prior judgment, "must be construed consistently." *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 252 F.3d

1306, 1311 (Fed. Cir. 2001) (vacated on other grounds). Relevant to these arguments, ACQIS' response (Dkt. 68) does not genuinely dispute that:

- the construction of "PCI bus transaction" is an identical issue;
- the "encoded" construction was actually litigated; and
- (3) both the "PCI bus transaction" and "encoded" constructions were a necessary part of the dispositive summary judgment in the earlier action.

ACQIS's remaining arguments are addressed below in turn.

### A. The Issues are Identical

The Fifth Circuit finds issues identical when the facts and legal standards are the same. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1291 (5th Cir. 1995). Here there is no dispute that the legal standards regarding claim construction are the same in this Court as in the *EMC* court. The terms are also the same.

*PCI Bus Transaction*. ACQIS does not dispute that the "PCI bus transaction" term that was construed in the *EMC* case is an identical issue to the "PCI bus transaction" term at issue in this case. Dkt. 68 at 9. This is dispositive to the "identical issue" prong of issue preclusion test.

Unable to dispute that the term is identical to the one construed in *EMC*, ACQIS attempts to distract, arguing that the *EMC* court did not address "what is required of a PCI bus transaction as defined in the PCI Local Bus Specification." *Id.* This is not the relevant question at this stage. ASUSTeK's motion requests only that this Court apply issue preclusion to the actual construction of "PCI bus transaction" that was adopted by the *EMC* court at claim construction: "a transaction, in accordance with the industry standard PCI Local Bus Specification, for communication with an

2

interconnected peripheral component." Dkt. 64 at 1, 4. This construction was also adopted by Judge Payne in other litigation. Dkt. 37-1 at 18-19.[1]

*"Encoded . . ."* ASUSTeK's motion seeks to apply issue preclusion to the "encoded" terms construed in EMC: "encoded . . . .serial bit stream of Peripheral Component Interconnect (PCI) bus transaction" means "a PCI bus transaction that has been serialized from a parallel form." Dkt. 64 at 1. Here, again, ACQIS does not dispute that the "encoded" term in the patents at issue in this case is the same as the "encoded" term that was construed in *EMC*. Dkt. 68 at 9. And again, this is dispositive of the "identical issue" prong of the test.

ACQIS seeks to distract from this fact, suggesting that the issues are not identical because "[i]n this litigation, the Court construed 'encoded [PCI bus transaction]' and 'serial' separately and gave them their plain and ordinary meanings." Dkt. 68 at 9. However, this Court's prior construction, and the manner in which this Court decided to parse the claim term, have nothing to do with whether issue preclusion mandates that the *EMC* construction be adopted here instead. ASUSTeK's motion seeks for this Court to apply issue preclusion so that the "encoded" term is construed in accordance with the *EMC* construction, which is what it proposed at claim construction. Dkt. 52 at 8. There is nothing to preclude the application of issue preclusion here,

---

[1] ACQIS' suggestion that "Judge Payne recognized that the *EMC* case does not give rise to collateral estoppel" is misleading. Dkt. 68 at 9. Judge Payne has now twice adopted the *EMC* construction of "PCI bus transaction." In fact, in *the Samsung* case (as in this case at claim construction) ACQIS did not even dispute that the *EMC* construction was the appropriate one. Rather, the parties disputed "whether a transaction lacking certain control signals is a transaction in accordance with the PCI Local Bus Specification," which Judge Payne found to be "an issue of fact to be considered in the context of an infringement or invalidity analysis rather than an issue of claim construction." Dkt. 37-1 at 17-18. ***Just yesterday***, Judge Payne once again adopted this same construction by agreement among by the parties in *ACQIS, LLC v. Acer Inc.*, No. 21-cv-00275, Dkt. No. 40 (E.D. Tex. March 29, 2022). ACQIS' suggestion that "Judge Payne recognized that the *EMC* case does not give rise to collateral estoppel" is belied by the fact that (1) Judge Payne has now twice adopted the *EMC* construction, and (2) ACQIS continues to *agree* that the *EMC* construction is appropriate in co-pending litigation.

3

especially when the *EMC* construction broadly encompassed "related terms" and ACQIS has not identified any substantive differences. *ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560, 2017 WL 6211051, at *5 (D. Mass. Dec. 8, 2017) (construing "Encoded . . . serial bit stream of Peripheral Component Interconnect (PCI) bus transaction and related terms"); *Ohio Willow Wood Co. v. Alps South LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the issues that were litigated that determines whether collateral estoppel should apply.").

### B. The Identical Issue was Actually Litigated in *EMC*

"The requirement that an issue be 'actually litigated' for collateral estoppel purposes simply requires that the issue is raised, contested by the parties, submitted for determination by the court, and determined." *In re Keaty*, 397 F.3d 264, 272 (5th Cir. 2005). In *EMC*, the identical issues — *i.e.,* the constructions of "PCI bus transaction" and "encoded"— were **raised**. Dkts. 64-5 through 64-8, *EMC D. Mass. Claim Construction Briefs*; Dkt. 64-9, *EMC D. Mass. Markman Transcript*). The constructions of both terms were **contested**. *Id.* The constructions of both terms were **submitted** for determination by the *EMC* court. *Id.* And finally, the constructions of both terms were **determined** by the *EMC* court. *EMC*, 2017 WL 6211051, at *3–8. As explained in ASUSTeK's Motion, "seven full briefs, two *Markman* hearings, and two fully-analyzed district court judge determinations went into the constructions of the 'PCI bus transaction' and 'encoded' terms, where ACQIS was substantively and vigorously involved in each." Dkt. 64 at 9. The identical issues were actually litigated in *EMC*.[2]

---

[2] The Fifth Circuit considers an issue "actually litigated" for collateral estoppel purposes even in the absence of a hearing or even if a party neglects to litigate an issue it had the opportunity to do so. *In re Keaty*, 397 F.3d 264, 271 (5th Cir. 2005) ("at the federal level, there is no requirement of a trial or evidentiary hearing to conclude that an issue has been 'actually litigated.'"); *Spence v.*

4

*PCI bus transaction*: In an effort to avoid the preclusive effect of its own extensive claim construction proceedings in the *EMC* case, ACQIS attempts to paint the Court's resolution of the "PCI bus transaction" term as the result of a "stipulation." Dkt. 68 at 10. Not so. The *EMC* parties twice disputed the term, and two separate Courts – the Eastern District of Texas and the District of Massachusetts – each heard argument and resolved the parties' disputes. Dkt. 64 at 7-8, 64-5 through 64-12. The Eastern District of Texas first resolved the parties' dispute regarding "PCI bus transaction" by construing the term as "information, in accordance with the PCI standard, for communication with an interconnected peripheral component." *ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560, 2017 WL 6211051, at *3 (D. Mass. Dec. 8, 2017). This was ***not*** an agreed construction, and if anything it resembled ACQIS' proposed construction more than it resembled the defendant's proposed construction. *See, e.g.,* Dkt. 64-11 at 4. In the second claim construction proceeding in the District of Massachusetts, the parties agreed to replace the word "information" above with the word "transaction," and the court resolved additional disputes regarding the term.[3] *Id.* at *5; Dkt. 68 at 9 (ACQIS acknowledging that the D. Mass *EMC* court further "determin[ed] whether the claims required the presence of a PCI bus").

There is no scenario in which a twice-disputed, twice-construed term can credibly be interpreted as a "stipulated" construction. All that is required is that the term is "raised, contested by the parties, submitted for determination by the court, and determined," and the extensive claim

---

*City of Dallas, Texas*, No. 3: 04-CV-1387-B, 2006 WL 8437533, at *5 (N.D. Tex. Nov. 1, 2006) (collecting cases). As such, the procedural posture here rises above and beyond the requirements for the "actually litigated" element of collateral estoppel.

[3] ACQIS also confusingly suggests that a prior agreed construction of "communicating . . . PCI bus transaction" somehow impacts this inquiry. Dkt. 68 at 10. It does not – the "communicating" term is not the subject of ASUSTeK's Motion. "[t]he *EMC* court analyzed the intrinsic record only to determine whether the claims required the presence of a PCI bus"—*i.e.*, the construction of "PCI bus transaction." Dkt. 68 at 9.

5

construction proceedings in *EMC* more than satisfy this applicable legal standard. *Keaty*, 397 F.3d at 272. Neither of the cases ACQIS relies on change this result. The *Pfizer* case involved a prior stipulation that "specifically stated that it was for the purposes of that litigation only," and therefore the Federal Circuit found that the prior stipulation "does not define the scope of the invention . . . for purposes of this [later] case." 429 F.3d 1364, 1376 (Fed. Cir. 2005). No such facts exist here. Further, the *Allergan Sales* case involved a term that was never even disputed in the prior case – instead, the prior court "independently confirmed the construction of the [claim] term" and, thus, the requirement of issue preclusion that the "parties to the original action disputed the issue and the trier of fact decided it" was not met. No. 2:12-CV-207-JRG, 2016 WL 1224868, at *6–7 (E.D. Tex. Mar. 29, 2016). These are not the facts here, where "PCI bus transaction" was disputed by the parties in *EMC. See, e.g., EMC*, 2017 WL 6211051, at *3 ("***The central dispute remaining*** is whether the term requires the presence of a PCI bus.") (emphasis added).

Equally off-target is ACQIS's characterization that the *EMC* summary judgment order "amounted to a new construction ACQIS never agreed to." Dkt. 68 at 10. As the *EMC* court expressly explained,

> This Court, together with Judge Davis, has fulfilled the first part of the infringement analysis through the claim construction process. The Court must now determine whether, ***under the construction for each claim term***, EMC's accused devices fall within the scope of those claims. . . . ***All of ACQIS's arguments are attempts to skirt the claim construction*** set forth by Judge Davis and this Court. . . . Put simply, ***ACQIS is attempting to reopen claim construction***. . . . There is no need to now construe a readily understandable term that ACQIS itself thought clear when offering proposed constructions of related terms and the Court will not do so.

*ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560, 2021 WL 1088207, at *3 (D. Mass. Feb. 19, 2021) (emphasis added). Even so, the *EMC* court's rejection of ACQIS's last minute arguments does not overcome the fact the issue was actually litigated for collateral estoppel. *Keaty*, 397 F.3d at 271; *Spence*, 2006 WL 8437533, at *5.

6

"*Encoded*": ACQIS does not genuinely dispute that the "encoded" term was actually litigated in *EMC*. Dkt. 68 at 10-11. ACQIS merely argues that "the court did not construe 'encoding' on its own." *Id.* As discussed above with respect to the "identical issue" prong, the *EMC* court broadly construed "encoded" and "related terms," and ASUSTeK's Motion seeks to apply those constructions in this case pursuant to principles of collateral estoppel. This prong is met as to that term.

### C. The Issue Was a Necessary Part of the Final Judgment in *EMC*

ACQIS does not dispute that the constructions of "PCI bus transaction" and "encoded" were necessary to support the judgment in the *EMC* case. Further, ACQIS does not dispute that under Fifth Circuit, law, the pendency of an appeal does not affect the finality of a judgment for collateral estoppel.[4]

The only issue, according to ACQIS, is whether Fifth Circuit or Federal Circuit law applies to determine whether the judgment here is "final" and, thus, entitled to preclusive effect. Dkt. 68 at 11. This issue, however, is not up for debate—the Federal Circuit has confirmed that it applies "the **law of the circuit** in which the district court sits" to "the application of general collateral estoppel principles, **such as finality of judgment**." *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381, n.4 (Fed. Cir. 1999) (emphasis added); *see also Intell. Ventures I LLC*

---

[4] In the "context of determining the finality of a judgment for purposes of according its preclusive effect, courts, including the Fifth Circuit, have uniformly held that the finality of a judgment is not affected by the pendency of an appeal." *Welch v. All Am. Check Cashing, Inc.*, No. 3:13-cv-271, 2015 WL 4066495, at *5 (S.D. Miss. July 2, 2015) (collecting cases); *see also Wright v. Transportation Commc'n Union/IAM*, No. 4:20-cv-0975, 2020 WL 7061874, at *3 (S.D. Tex. Nov. 5, 2020) ("Collateral estoppel applies even when an appeal of the prior federal order remains pending."); *United States v. Safety Nat. Cas. Corp.*, 782 F. Supp. 2d 420, 424 (S.D. Tex. 2011) ("The Court must follow clear Fifth Circuit precedent, and accordingly holds that, where the prior order was based on federal law, a pending appeal of that order has no effect on its effect as collateral estoppel.").

7

*v. Cap. One Fin. Corp.*, 937 F.3d 1359, 1370 (Fed. Cir. 2019) (for "general principles of the law of judgments that do not implicate questions within this court's exclusive jurisdiction, we apply the law of the regional circuit in which the district court is located"); Dkt. 64 at 10. While ACQIS continues to rely on *Phil-Insul*, that case does not hold differently, and confirmed that "[b]ecause the application of general collateral estoppel principles is not within the exclusive jurisdiction of this court, **we apply the law of the circuit** in which the district court sits." 854 F.3d 1344, 1353 (Fed. Cir. 2017) (emphasis added). The key difference between *Phil-Insul* and this case is that the "law of the circuit" in *Phil-Insul* was Eighth Circuit law in which a trial court's judgment is not "final" until appeals are exhausted, whereas here the "law of the circuit" is Fifth Circuit law in which "for purposes of collateral estoppel, a judgment may be final even though an appeal is pending." *Wright*, 2020 WL 7061874, at *3; *see also Welch*, 2015 WL 4066495, at *5 (in the Fifth Circuit "the finality of a judgment is not affected by the pendency of an appeal").

## II. ACQIS' Procedural Attacks Fail

The constructions of "PCI bus transaction" and the "encoded" terms are the subject of a final judgment, and ASUSTeK filed this motion to invoke defensive issue preclusion—*i.e.*, to estop ACQIS from asserting a claim that it had previously litigated to final judgment against another defendant. The Court's claim construction order did not expressly address the issue of claim preclusion. Whether considered now in the first instance or to afford relief as justice requires on reconsideration, ASUSTeK seeks a ruling from the Court on the merits of this issue. The fact that ACQIS continues to incorrectly argue that *Phil-Insul* requires the Court must wait for the *EMC* appeal to be resolved for preclusion to attach (Dkt. 68 at 11)—which is contrary to the plainly applicable Fifth Circuit law that district court judgments are final for purposes of collateral estoppel—only confirms that the preclusive effect must be determined.

8

ACQIS' procedural arguments do not impact this conclusion. While ACQIS suggests that the Court already "necessarily rejected defendants' request to apply issue preclusion," there is no express discussion or ruling from the Court on this particular issue to indicate whether or not this is accurate. Dkt. 68 at 3. Further, despite the fact that ASUSTeK moved to apply issue preclusion, ACQIS devotes the majority of its response to converting ASUSTeK's motion to one for reconsideration in an attempt to encourage the Court to avoid ruling on the issue as "late" under Rule 59(e). This is not only a false flag, but ACQIS again applies the incorrect law.

The Fifth Circuit has expressly clarified, "Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to '***revise[ ] at any time***' 'any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (emphasis added). "Rule 54(b)'s approach 'reflect[s] the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Halprin v. Fed. Deposit Ins. Corp.*, No. 5:13-CV-1042-RP, 2017 WL 9808438, at *2 (W.D. Tex. Oct. 17, 2017) (quoting *Austin*, 864 F.3d at 336). "Also, claim construction is necessarily interlocutory unless and until the jury is charged with that construction, or the Court decides a dispositive motion based on that construction, or that construction otherwise becomes the law of the case." *Minka Lighting, Inc. v. Craftmade Int'l, Inc.*, No. CIV.A. 3:00-CV-888-X, 2001 WL 36186585, at *23 (N.D. Tex. May 16, 2001). ACQIS's timeliness argument is moot, and, to the extent this Court wishes to consider the instant Motion a motion for reconsideration, it has the inherent power to revise its interlocutory claim construction order.

ACQIS is precluded from proceeding with this case on claim constructions that conflict with the final judgment entered by the District of Massachusetts, and ASUSTeK seeks a ruling

9

from the Court confirming the same. It is noteworthy that ACQIS does not dispute that, to the extent that the Court does not find the instant motion ripe for determination due to the pendency of the *EMC* appeal, which has been set for oral argument on May 6, 2022 at the Federal Circuit (*ACQIS, LLC v. EMC Corp.*, No. 21-1772, Dkt. 48 (Notice of Oral Argument)), staying this case is within the purview of the Court. Dkt. 64 at 11.

### III. Conclusion

For the foregoing reasons, ASUSTeK respectively requests the Court apply collateral estoppel and construe "PCI bus transaction" as "a transaction, in accordance with the industry standard PCI Local Bus Specification, for communication with an interconnected peripheral component" and "encoded . . . serial bit stream of Peripheral Component Interconnect (PCI) bus transaction" as "a PCI bus transaction that has been serialized from a parallel form."

Dated: March 30, 2022

Respectfully submitted,

**Erise IP, P.A.**

By: /s/ *Michelle Marriott*
Eric A. Buresh
Michelle L. Marriott
Chris R. Schmidt
7015 College Blvd., Ste. 700
Overland Park, KS 66211
Tel: (913) 777-5600
Fax: (913) 777-5601
eric.buresh@eriseip.com
michelle.marriott@erisip.com
chris.schmidt@eriseip.com

*Attorneys for Defendant ASUSTeK Computer, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2022, the foregoing was electronically filed in compliance with Local Rule CV-5 and served via the Court's electronic filing system on all counsel of record.

/s/ *Michelle Marriott*
Michelle Marriott

11