IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |
|---|---|
| ACQIS LLC,<br>    *Plaintiff,*<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT INC. AND SONY INTERACTIVE ENTERTAINMENT LLC<br>    *Defendants.* | Case No. 1:23-cv-00822-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSED MOTION TO STAY PROCEEDINGS,
INCLUDING CLAIM CONSTRUCTION HEARING,
PENDING RULING ON SONY'S PETITION FOR WRIT OF MANDAMUS**

**I.     INTRODUCTION**

Defendants Sony Interactive Entertainment Inc. ("SIEI") and Sony Interactive Entertainment LLC ("SIE") (collectively, "Sony") respectfully move the Court to briefly stay this action, including the *Markman* hearing scheduled for August 11, 2023, pending the Federal Circuit's resolution of Sony's pending Petition for Writ of Mandamus ("Petition"), which asks the Federal Circuit to vacate this Court's Order denying Sony's motion to transfer under 28 U.S.C. § 1404(a), and to remand with instructions to transfer to the Northern District of California ("NDCA").

Patent cases should be stayed where, as here, the district court is unable to rule on a transfer motion sufficiently in advance of substantial litigation activity—such as the scheduled *Markman* hearing—to allow for meaningful appellate review. Sony submits that a stay pending resolution of the Petition is appropriate and necessary to prevent prejudice to Sony and to preserve the resources of both parties, as well as the Court. Such a stay is particularly appropriate at this stage of litigation

1

when no other activity is occurring other than the upcoming *Markman* hearing. Entering the requested stay will simplify the issues by giving parties and the Court finality as to whether this case will go forward in this Court before the *Markman* hearing currently scheduled for August 11, 2023.

A brief stay will also not prejudice ACQIS, LLC ("ACQIS"), a non-practicing entity who can be adequately compensated through ordinary damages principles.

Sony also respectfully submits that its Petition presents a strong case on the merits given the showing by Sony that this case has no meaningful connection to the Western District of Texas ("WDTX") and that the convenience of the parties clearly favors transfer. The Court did not carefully weigh the convenience factors, and the result is that this case is proceeding in a clearly inconvenient forum where there is no meaningful connection. Permitting the Federal Circuit sufficient time to consider the Petition on its merits before the *Markman* hearing is appropriate.

A short stay while the transfer issue is resolved will ensure that the correct venue decides the issues of claim construction and will further judicial economy without causing undue prejudice to ACQIS.

For these reasons, Sony submits that a stay is warranted here.

## II. BACKGROUND

On December 19, 2022, Sony filed its Motion to Transfer Venue ("Motion to Transfer") requesting that the Court transfer the claims against Sony to the NDCA. Dkt. 21. The parties completed briefing on the Motion to Transfer on March 22, 2023. Dkt. 47. On July 27, 2023, the Court denied Sony's Motion to Transfer to the NDCA. Dkt. 61.

On August 8, 2023, Sony filed a petition for writ of mandamus with the United States Court of Appeals for the Federal Circuit ("Petition"). *See* Exhibit A. Sony's Petition asks the Federal

Circuit to vacate this Court's Order denying the motion to transfer to the NDCA under § 1404(a) and remand with instructions to transfer the case to the NDCA.

### III. APPLICABLE LAW

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also In re U.S. Dep't of Homeland Security*, 459 F.3d 565, 568 (5th Cir. 2006) (granting emergency motion to stay pending disposition of petition for writ of mandamus). In evaluating a motion to stay pending a writ of mandamus, courts traditionally apply the same four-factor balancing test that governs stays pending direct appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed by a stay; and (4) the public interest in granting the stay. *See Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The factors need not be given equal weight. *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). Rather, the Court "assesses movant's changes for success on appeal and weighs the equities as they affect the parties and the public." *Id.* Even where a court does not agree that the appeal is "likely to succeed on the merits," the Federal Circuit has held this factor is relaxed "where [the] movant … can nonetheless demonstrate a *substantial* case on the merits, provided the other factors militate in movant's favor." *Id.* Similarly, the Fifth Circuit holds that although each part of the test must be met, a "movant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor

3

of granting the stay." *Ruiz v. Estelle*, 50 F.2d 555, 565 (5th Cir. 1981); *see also In re Deepwater Horizon*, 732 F.3d 326, 345 (5th Cir. 2013).

The factors considered in this district in determining whether a stay is warranted are substantially similar: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *Neodron Ltd. v. Dell Technologies Inc.*, No. 1-19-cv-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019); *Sparling v. Doyle*, No. 13-cv-00323, 2014 WL 12489985, at *3 (W.D. Tex. Mar. 3, 2014) (using the same three-factor test and granting a stay pending consideration of a motion to transfer).

Here, all of the factors strongly favor a stay pending resolution of Sony's Petition.

IV. **ARGUMENT**

A stay of proceedings pending the Federal Circuit's decision on the pending petition for writ of mandamus is appropriate here. *See In re Capcom U.S.A., Inc.*, No. 2015-104, Dkt. 21 (Fed. Cir. 2014) (holding that "[p]roceedings before the district court, including the [] *Markman* hearing, are temporarily stayed pending this court's consideration of" the petition for writ of mandamus relating to the district court's denial of transfer motion). As discussed below, each of the stay factors strongly supports a stay.

A. **Sony Has Presented a Substantial Case on the Merits of its Petition**

Both the Federal Circuit and the Fifth Circuit have modified the "likelihood of success" prong, finding that a stay is appropriate where the movant can "demonstrate a *substantial* case on the merits," provided the other factors militate in the movant's favor. *Standard Havens*, 897 F.2d at 513 (emphasis in original); *see also Ruiz*, 50 F.2d at 565.

Here, Sony can establish a substantial case on the merits. As discussed in its Petition, Sony can establish that this Court erred in several significant ways. First, this Court failed to find that the cost of attendance for willing witnesses – all but one of whom live in the NDCA and none in WDTX – strongly favors transfer. Second, this Court overvalued the location of third-party AMD's office in WDTX despite AMD being headquartered in NDCA when finding that the relative ease of access to sources of proof only "[s]lightly favors transfer." Third, this Court incorrectly found that the availability of compulsory process factor was "neutral" despite AMD having its headquarters in NDCA and Sony identifying sixteen knowledgeable witnesses in NDCA. Fourth, this Court wrongly found that the local interest factor was "neutral" despite Sony, ACQIS, AMD, and two third parties involved in the development of the accused product being in NDCA. Finally, and most critically, this Court ignored binding precedent by overvaluing judicial economy and improperly weighing its already improperly balanced factors.

As explained in Sony's Motion and Reply in Support of its Motion to Transfer, not a single party witness – including the inventor/Plaintiff's CEO – is located in WDTX. Dkt 21 at 9. Despite this, this Court found that the cost of attendance for willing witnesses factor – which it identified as "the ***single most important factor in the transfer analysis***" – somehow only favored transfer and did not ***strongly*** favor transfer. Dkt. 61 at 5-7. In its balancing of this factor, this Court ignored precedent and did not grant it the importance that it warrants. The Federal Circuit has repeatedly held that it is clear error when the district court fails to find that this factor strongly favors transfer where multiple witnesses are found in the transferee district and none in the transferor district. *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("Because a substantial number of material witnesses reside within the transferee venue … and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in

favor of transfer."); *see also In re TS Tech. USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("[B]ecause the identified witnesses would need to travel a significantly further distance from home to attend trial in Texas than [transferee forum], the district court's refusal to considerably weigh this factor in favor of transfer was erroneous.").

Second, this Court found that the relative ease of access to sources of proof factor only "[s]lightly favors transfer." Dkt. 61 at 13-14. To reach this conclusion, this Court diminished the importance of the proof in possession of Sony, ACQIS, Marvell, Cerny Games, and AMD in NDCA. Instead, this Court disregarded AMD's headquarters in NDCA and instead focused on one of its satellite offices in WDTX over the other four sources of proof, including both Sony and ACQIS. All of Sony's documents and custodians possessing relevant evidence are located in NDCA. Similarly, ACQIS's documents and custodians possessing relevant evidence are located in NDCA since it "is operated from [NDCA]" where its President resides. Dkt. 61 at 3, 13. By overvaluing unidentified evidence from AMD in WDTX over the technical documents, development agreements, financial statements, and marketing strategies existing in NDCA, this Court failed to find that this factor strongly favors transfer.

Third, this Court incorrectly ruled that the availability of compulsory process factor was neutral "[b]ecause there are the same number of potentially relevant non-party witnesses in each district." Dkt. 61 at 11. This Court plainly miscounted the ACQIS-identified AMD employees present only in the WDTX and ignored the locations of two AMD witnesses located in the NDCA. Further, this Court relied too heavily on ACQIS's speculation as to many of the AMD witnesses' purported knowledge. ACQIS did not investigate the knowledge of its identified witnesses and left this Court to assume a witness's relevant knowledge based on a LinkedIn profile. Consequently, this factor, too, weighs in favor of transfer.

Fourth, this Court found the local interest factor was "neutral" despite the significant connections between this case and the NDCA. Dkt. 61 at 18. To reach this conclusion, the Court again overemphasized AMD's (located in NDCA *and* WDTX) involvement with the PS4 Consoles above that of ACQIS and the inventor, Sony and two other third parties that developed the PS4 Consoles, and the prosecuting attorney, all of whom are in California. Sony, Marvell, and Cerny Games operate out of NDCA. ACQIS operates out of the NDCA. AMD is headquartered in NDCA. All of these companies performed activities relating to this case in NDCA, supporting that NDCA has a greater local interest that favors transfer.

Lastly, this Court overvalued judicial economy considerations against instruction from the Federal Circuit. This Court relied on the pendency of a single case relating to the Asserted Patents in the WDTX to find this factor "strongly weighs against transfer" to the NDCA. Dkt. 61 at 15; *see ACQIS LLC v. ASUSTeK Computer, Inc., et al.*, Dkt. 173 (W.D. Tex. July 18, 2023). However, *ASUSTeK* and the case at hand are at entirely different stages – this case has not yet had a *Markman* hearing, while *ASUSTeK* is set for trial in less than two months. Relying on an overinflated connection between the two cases, the Court then defied precedent by overvaluing a perceived gain in judicial economy over all other factors clearly favoring transfer to the NDCA. *See In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023); *see also In re Samsung*, 2 F.4th, 1371, 1380 (Fed. Cir. 2021). Accordingly, this factor is neutral and, at a minimum, does not outweigh the strong showing as to the other factors indicating that NDCA is the clearly more convenient venue.

Because Sony has established a substantial case on the merits, a stay is warranted.

### B.  A Stay Will Prevent Irreparable Harm to Sony

The Court and all parties also risk, with urgent immediacy, wasting significant time and

resources on claim construction issues when the case may ultimately be transferred to the NDCA. As detailed in the Motions to Transfer, Sony will suffer prejudice by having to litigate this case in a clearly inconvenient forum. *See* Dkt. 21 (demonstrating that the bulk of evidence and all willing party witnesses are in the NDCA). Absent a stay, Sony is likely to be subject to the waste of time, energy, and money Congress intended to protect against in enacting § 1404(a). *See In re EMC Corp.*, 501 F. App'x. 973, 975–76 (Fed. Cir. 2013) ("Congress' intent to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense… may be thwarted where, as here, defendants must partake in… litigation prior to a determination on a transfer motion."). The Federal Circuit has stressed the importance of resolving issues relating to venue, noting that such issues are to be given top priority in the handling of a case. *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("[O]nce a party files a transfer motion, disposing of that motion should unquestionably take top priority.").

Here, the Court should not proceed with a hearing on claim construction – currently scheduled to occur on August 11 – or a ruling on claim construction while legitimate venue issues remain. Sony will be prejudiced if forced to proceed in this Court despite this case likely being transferred to the NDCA. First, Sony would be prejudiced by having to duplicate claim construction efforts before that court, which would likely render its own decision regarding claim construction. Second, Sony should not be forced to proceed on substantive issues before this Court when the issue of venue is outstanding – a determination that should be made at the outset of a case prior to any substantive rulings. *See In re SK Hynix Inc.*, 835 F. App'x. 600, 601 (Fed. Cir. 2021) (noting that a "district court must stay all proceedings concerning the substantive issues in the case until such time that it has issues a ruling on the transfer motion ***capable of providing meaningful appellate review***…." (emphasis added); *see also In re TracFone Wireless, Inc.*, 848 F.

8

App'x. 889, 901 (Fed. Cir. 2021) (same). Sony filed its Petition promptly after issuance of the Court's Order denying its Motion to Transfer to avoid precisely this circumstance. However, the Federal Circuit is unlikely to rule before the *Markman* hearing scheduled this Friday. Sony will be prejudiced if forced to litigate issues on the merits in an inconvenient forum before the Federal Circuit rules on its mandamus petition.

Denying this motion for a stay would inflict upon Sony the precise injury that §1404(a) is designed to prevent – the unnecessary expense and intangible harm of litigating in an inconvenient venue and receiving an order on one of the most important issues in a patent case. *See In re Google Inc.*, 2015 WL 5294800, at *1–2 (Fed. Cir. Jul. 16, 2015); *see also In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) ("[A] Markman hearing and claim construction order are two of the most important and time-intensive substantive tasks a district court undertakes in a patent case."). Therefore, this factor weighs strongly in favor of granting a stay.

### C. A Stay Will Serve the Public Interest

The public interest also favors a stay. There is "a general public policy of preserving judicial resources from the risk of reversal." *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011). A stay serves to conserve these limited judicial resources of this Court while the Federal Circuit considers the pending petitions. *See Allen Archery, Inc. v. Browning Mfg. Co.*, 898 F.2d 787, 792 (Fed. Cir. 1990) (recognizing that a stay was in the public interest "because it furthered the possible and actual conservation of judicial and attorney resources"); *see also Premier Int'l Associates LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 724 (E.D. Tex. 2008) (noting that this factor favored a stay "[i]n order to conserve both the parties' and judicial resources"). Such a policy favors staying district court proceedings where, as here, an important question is presented on appeal, the district court's order could be overturned, and the movant has

presented a substantial case on the merits. In addition, as Sony demonstrated in its Motion (Dkt. 21 at 11-13), it is in the public interest to try this case in the forum with the strongest ties to this case, which is undoubtedly the NDCA.

Absent a stay, if Sony's Petition results in transfer of its case, a duplication of judicial resources will be required in the transferee court. Likewise, if the Federal Circuit orders that the case be transferred, this Court's time holding a *Markman* hearing and drafting a ruling on the same will have been wasted. Thus, staying all proceedings pending a decision on the Petition is the most efficient way to ensure that, after the Federal Circuit rules on the Petition, the proceeding can go forward in a cohesive manner before a single court in a way that does not prejudice Sony's venue rights.

Accordingly, this factor weighs in favor of granting a stay.

### D. ACQIS Will Not Suffer Prejudice from a Stay

Granting the requested stay will not prejudice ACQIS. ACQIS is a non-practicing entity, not a competitor with Sony. A stay, therefore, will not cause business injury to ACQIS as they do not sell or produce any products. *See, e.g.*, *Monterey Research, LLC v. Nanya Technology Corporation*, 2021 WL 6502552, at *n. 1 (D. Del. Jun. 25, 2021) (finding that this factor favors granting a motion to stay when "Plaintiff is a non-practicing entity and does not compete with Defendants").

In addition, a stay pending resolution of Sony's Petition would be beneficial to ACQIS as well. It is as inefficient and uneconomical for ACQIS as it is for Sony to litigate the merits while uncertainty remains about whether this case stays before this Court. This inefficiency further increases if certain parts of the proceeding must be relitigated before a different court if the Federal

Court rules in Sony's favor. ACQIS has not articulated any time-sensitive reason that the case must proceed with a *Markman* hearing within the next two weeks.

Moreover, given that the Federal Circuit typically rules on petitions for writs of mandamus promptly, the length of a stay will be brief. Thus, there is no real prospect of prejudice to ACQIS and this factor weighs in favor of granting a stay.

V. **CONCLUSION**

For the foregoing reasons, Sony respectfully requests that the Court temporarily stay all proceedings pending the Federal Circuit's decision on Sony's Petition, and grant Sony such other relief as the Court may deem appropriate.

Dated: August 8, 2023                    Respectfully submitted,

By: */s/ Melissa R. Smith*
Eric A. Buresh (KS Bar 19895)
Mark C. Lang (KS Bar 26185)
**ERISE IP, P.A.**
7015 College Blvd., Suite 700
Overland Park, Kansas 66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601
eric.buresh@eriseip.com
mark.lang@eriseip.com

Melissa Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
Andrew T. Gorham
Texas State Bar No. 24012715
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Counsel for Defendants Sony Interactive Entertainment Inc. and Sony Interactive Entertainment LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 8, 2023, counsel for defendant conferred with counsel for plaintiff regarding the relief requested in Sony's Motion to Stay. Counsel for plaintiff indicated it opposes Sony's motion.

*/s/ Melissa R. Smith*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 8, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system

*/s/ Melissa R. Smith*