**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ACQIS LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>SONY INTERACTIVE ENTERTAINMENT INC., SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>               Defendants. | Case No. 1:23-cv-00822-ADA<br><br>**JURY TRIAL DEMANDED** |

**SONY INTERACTIVE ENTERTAINMENT INC. AND**
**SONY INTERACTIVE ENTERTAINMENT LLC'S**
**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendants Sony Interactive Entertainment Inc. ("SIEI") and Sony Interactive Entertainment LLC ("SIE") (collectively, "Defendants"), by and through their attorneys, respectfully submit their First Amended Answer and Affirmative Defenses to ACQIS LLC's ("Plaintiff" or "ACQIS") Complaint for Patent Infringement (Dkt. 1).

**INTRODUCTION[1]**

1.      Defendants admit that the Complaint purports to be a claim for patent infringement, but Defendants deny that they infringe U.S. Patent Nos. 9,529,768 ("'768 patent"), 9,703,750 ("'750 patent"), 8,977,797 ("'797 patent"), RE44,654 ("'654 patent"), and RE45,140 ("'140 patent") (collectively, the "Asserted Patents"). Defendants admit that Exhibits 1-5 appear on their face to be copies of the Asserted Patents. Defendants lack the knowledge or information sufficient

---

[1] Defendants have repeated the headers of Plaintiff's Complaint for purposes of organization only. The inclusion of said headers shall not be an implied admission as to any allegation or fact. To the extent a heading can be construed as an allegation, Defendants specifically deny all such allegations. Where necessary, Defendants make amendments to Plaintiff's headings.

to form a belief as to the truth of any remaining allegations in paragraph 1, and therefore denies them.

2.      Defendants lack the knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 2, and therefore denies them.

3.      Defendants deny the allegations of paragraph 3 of the Complaint.

4.      Defendants deny the allegations of paragraph 4 of the Complaint.

## PARTIES

5.      Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6.      Defendants admit that Sony Group Corporation ("SGC") is organized under the laws of Japan and has a principal place of business at 1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan.

7.      SIEI admits that it is organized under the laws of Japan and has a principal place of business at 1-7-1 Konan, Minato-ku, Tokyo, 108-0075 Japan.  SIEI admits that it is a subsidiary of SGC.  SIEI denies the remaining allegations contained in paragraph 7.

8.      SIE admits that it is a limited liability company organized and existing under the laws of California and has a principal place of business at 2207 Bridgepoint Parkway, San Mateo, California 94404. SIE admits that it is registered to do business in Texas and may be served through its registered agent at Corporation Service Company, located at 211 E 7th Street, Suite 620, Austin, Texas 78701. SIE denies the remaining allegations contained in paragraph 8.

9.      SIE admits that it sells the PlayStation-branded products to third parties, including retailers, in the United States, including Texas.  SIEI denies the remaining allegations of paragraph 9.

## JURISDICTION AND VENUE

10.     To the extent Paragraph 10 alleges legal conclusions, no response is required. To the extent a response is required, Defendants admit that the Complaint purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. Defendants deny that Plaintiff has stated a legally sufficient claim for patent infringement, and further specifically denies any infringement.

11.     To the extent Paragraph 11 alleges legal conclusions, no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over claims of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendants deny that Plaintiff has stated a legally sufficient claim for patent infringement, and further denies any infringement.

12.     To the extent Paragraph 12 alleges legal conclusions, no response is required. To the extent a response is required, for purposes of this action only, SIE does not contest that the Court has personal jurisdiction over it.  SIEI denies that this Court has personal jurisdiction over it and further denies that it has committed any acts within this District giving rise to this action that has established minimum contacts with this forum such that the exercise of jurisdiction over SIEI would not offend traditional notions of fair play and substantial justice. Defendants further deny that they have or continued to commit any acts of infringement in this District. Defendants deny the remaining allegations contained in paragraph 12.

13.     Paragraph 13 alleges legal conclusions to which no response is required. To the extent a response is required, SIE admits that it has a place of business and employees in Austin, Texas. Defendants deny that this district is a convenient forum for this case. Defendants deny the remaining allegations contained in paragraph 13.

## FACTUAL BACKGROUND

### I.       The ACQIS Patents

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.     Defendants admit that the '768 patent is titled: "Computer System Including CPU or Peripheral Bridge Directly Connected to a Low Voltage Differential Signal Channel that Communicates Serial Bits of a Peripheral Component Interconnect Bus Transaction in Opposite Directions." Defendants admit that the face of the patent attached to the Complaint as Exhibit 1 purports to list William W.Y. Chu as the sole named inventor. Defendants admit that the face of the patent attached to the Complaint as Exhibit 1 states that the patent was issued on December 27, 2016 from a patent application filed March 13, 2014. Defendants admit that the face of the patent attached to the Complaint as Exhibit 1 states that the patent claims priority to U.S. Provisional Patent Application No. 60/134,122, filed on May 14, 1999. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint and on that basis denies them.

16.     Defendants admit that the '750 patent is titled: "Computer System Including CPU or Peripheral Bridge Directly Connected to a Low Voltage Differential Signal Channel that Communicates Serial Bits of a Peripheral Component Interconnect Bus Transaction in Opposite Directions." Defendants admit that the face of the patent attached to the Complaint as Exhibit 1 purports to list William W.Y. Chu as the sole named inventor. Defendants admit that the face of the patent attached to the Complaint as Exhibit 2 states that the patent was issued on July 11, 2017 from a patent application filed October 9, 2014. Defendants admit that the face of the patent attached to the Complaint as Exhibit 1 states that the patent claims priority to U.S. Provisional

Patent Application No. 60/134,122, filed on May 14, 1999. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint and on that basis denies them.

17. Defendants admit that the '797 patent is titled: "Method of Improving Peripheral Component Interface Communications Utilizing a Low Voltage Differential Signal Channel." Defendants admit that the face of the patent attached to the Complaint as Exhibit 1 purports to list William W.Y. Chu as the sole named inventor. Defendants admit that the face of the patent attached to the Complaint as Exhibit 3 states that the patent was issued on March 10, 2015 from a patent application filed October 10, 2012. Defendants admit that the face of the patent attached to the Complaint as Exhibit 3 states that the patent claims priority to U.S. Provisional Patent Application No. 60/134,122, filed on May 14, 1999. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint and on that basis denies them.

18. Defendants admit that the '654 patent is titled: "Data Security Method and Device for Computer Modules." Defendants admit that the face of the patent attached to the Complaint as Exhibit 1 purports to list William W.Y. Chu as the sole named inventor. Defendants admit that the face of the patent attached to the Complaint as Exhibit 4 states that the patent was issued on December 17, 2013 from a reissue application filed October 10, 2012. Defendants admit that the face of the patent attached to the Complaint as Exhibit 4 states that the '654 patent is a reissue of U.S. Patent No. 6,643,777, which issued on November 4, 2003, from a patent application filed on May 14, 1999. Defendants admit that the face of the patent attached to the Complaint as Exhibit 4 claims priority to U.S. Patent Application No. 09/312,199, filed on May 14, 1999. Defendants

lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 of the Complaint and on that basis denies them.

19.     Defendants admit that the '140 patent is titled: "Data Security Method and Device for Computer Modules."  Defendants admit that the face of the patent attached to the Complaint as Exhibit 1 purports to list William W.Y. Chu as the sole named inventor. Defendants admit that the face of the patent attached to the Complaint as Exhibit 4 states that the patent was issued on September 16, 2014 from a reissue application filed December 17, 2013. Defendants admit that the face of the patent attached to the Complaint as Exhibit 4 states that the '140 patent is a reissue of U.S. Patent No. 6,643,777, which issued on November 4, 2003, from a patent application filed on May 14, 1999  Defendants admit that the face of the patent attached to the Complaint as Exhibit 4 claims priority to U.S. Patent Application No. 09/312,199, filed on May 14, 1999. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint and on that basis denies them.

20.     Defendants deny the allegations of paragraph 20.

21.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and on that basis denies them.

22.     Defendants deny the allegations of paragraph 22.

23.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and on that basis denies them.

24.     Defendants admit that ACQIS has asserted the Asserted Patents in prior litigations and that certain Asserted Patents have been part of proceedings before the USPTO.  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint and on that basis denies them.

25.     Defendants admit that ACQIS has asserted the Asserted Patents in prior litigations. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint and on that basis denies them.

26.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and on that basis denies them.

27.     Defendants admit that the Asserted Patents have been part of proceedings before the USPTO.  Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint and on that basis denies them.

## II.     The Inventor

28.     To the extent paragraph 28 alleges legal conclusions, no response is required. To the extent a response is required, Defendants admit that the face of the patents attached to the Complaint as Exhibits 1-5 purport to list William W.Y. Chu as the sole named inventor. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint and on that basis denies them.

29.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and on that basis denies them.

30.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and on that basis denies them.

31.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and on that basis denies them.

32.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and on that basis denies them.

33.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and on that basis denies them.

34.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and on that basis denies them.

35.     Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and on that basis denies them.

**III.     Sony**

36.     Defendants admit that SIE imports and sells the PlayStation brand of video game consoles in the United States.  Defendants deny the remaining allegations of paragraph 36 of the Complaint.

37.     Defendants admit that SIE sells the PlayStation brand of video game consoles in the United States and generates revenue as a result of those sales. Defendants deny the remaining allegations of paragraph 37 of the Complaint.

**IV.     Sony's [Alleged] Direct Infringement and Accused Instrumentalities**

38.     Defendants deny the allegations of paragraph 38 of the Complaint.

39.     To the extent Paragraph 39 alleges legal conclusions, no response is required. To the extent a response is required, Defendants admit that SIE imports and sells the PlayStation brand of video game consoles in the United States. Defendants deny the remaining allegations of paragraph 39 of the Complaint.

40.     Defendants admit that ACQIS accuses certain models of PlayStation brand of video game consoles of infringing the Asserted Patents.  Defendants deny the remaining allegations of paragraph 40 of the Complaint.

41.     Defendants admit that the Accused Instrumentalities have been used, offered for sale, sold, and imported in the United States since May 15, 2018. Defendants deny the remaining allegations of paragraph 41 of the Complaint.

42.     Defendants admit that paragraph 42 purports include a quote from the '768 patent. Defendants deny the remaining allegations of paragraph 42 of the Complaint.

## V.     ACQIS [Purportedly] Provided Actual Notice Sony

43.     SIE admits that it received a letter from ACQIS on or around May 18, 2018. Defendants deny the remaining allegations of paragraph 43 of the Complaint.

44.     SIE admits that the letter related to a "Partnering, Licensing, and Collaboration Opportunity" and that ACQIS was "looking for opportunities to partner with one or more entities in the game console, computer and server fields" including a "potential investment in [ACQIS] or other licensing arrangements[.]" Defendants admit that the letter described a jury verdict in a case against IBM.  Defendants deny the remaining allegations of Paragraph 44 of the Complaint.

45.     SIE admits that after receiving a letter from ACQIS, at least one employee of SIE met with Mr. Chu of ACQIS on August 15, 2018.  SIE admits that it received on or about August 15, 2018 and September 26, 2018 materials that included claim charts for certain patents.  SIE admits that it continued selling PS4 consoles in the United States after September 2018. Defendants deny the remaining allegations of paragraph 45 of the Complaint.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

## VI.     Sony's [Alleged] Indirect Infringement

47.     Defendants deny the allegations of paragraph 47 of the Complaint.

48.     Defendants deny the allegations of paragraph 48 of the Complaint.

49.     SIE admits that it markets and sells the Accused Instrumentalities in the United States. Defendants admit that certain approvals are obtained to sell the Accused Instrumentalities in the United States. Defendants deny the remaining allegations of paragraph 49 of the Complaint.

50.     Defendants deny the allegations of paragraph 50 of the Complaint.

51.     Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Defendants deny the allegations of paragraph 52 of the Complaint.

53.     SIE admits that it receives revenue from selling the Accused Instrumentalities in the United States.  Defendants deny the allegations of paragraph 53 of the Complaint.

54.     Defendants deny the allegations of paragraph 54 of the Complaint.

**COUNT I: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,529,768**

55.     Defendants repeat and incorporate by reference, as if fully set forth herein, their responses to the allegations of paragraphs 1 through 54.

56.     Defendants deny the allegations of paragraph 56 of the Complaint.

57.     Defendants deny the allegations of paragraph 57 of the Complaint.

58.     Defendants deny the allegations of paragraph 58 of the Complaint.

59.     Defendants deny the allegations of paragraph 59 of the Complaint.

60.     Defendants admit that paragraphs 61-72 purport to allege how the Accused Instrumentalities infringe.  Defendants deny the remaining allegations of paragraph 60.

61.     Defendants admit that the PlayStation 4 Slim uses Orbis OS.  Defendants deny the remaining allegations of paragraph 61.

62.     Defendants admit that the PlayStation 4 Slim includes the CXD90059GB processor.  Defendants deny the remaining allegations of paragraph 62 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants deny the allegations of paragraph 73 of the Complaint and specifically incorporate herein their responses to paragraphs 43-46.

74. Defendants deny the allegations of paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. SIE admits that it markets and sells the Accused Instrumentalities in the United States. Defendants admit that certain approvals are obtained to sell the Accused Instrumentalities in the United States. Defendants deny the remaining allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

78. Defendants deny the allegations of paragraph 78 of the Complaint.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

## COUNT II: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,703,750

83.     Defendants repeat and incorporate by reference, as if fully set forth herein, their responses to the allegations of paragraphs 1 through 54.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Complaint.

86.     Defendants deny the allegations of paragraph 86 of the Complaint.

87.     Defendants admit that paragraphs 89-97 purport to allege how the Accused Instrumentalities infringe.  Defendants deny the remaining allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88 of the Complaint.

89.     Defendants admit that the PlayStation 4 Slim uses Orbis OS.  Defendants deny the remaining allegations of paragraph 89.

90.     Defendants admit that the PlayStation 4 Slim includes the CXD90059GB processor.  Defendants deny the remaining allegations of paragraph 90 of the Complaint.

91.     Defendants deny the allegations of paragraph 91 of the Complaint.

92.     Defendants deny the allegations of paragraph 92 of the Complaint.

93.     Defendants deny the allegations of paragraph 93 of the Complaint.

94.     Defendants deny the allegations of paragraph 94 of the Complaint.

95.     Defendants deny the allegations of paragraph 95 of the Complaint.

96.     Defendants deny the allegations of paragraph 96 of the Complaint.

97.     Defendants deny the allegations of paragraph 97 of the Complaint.

98.     Defendants deny the allegations of paragraph 98 of the Complaint and specifically incorporate herein their responses to paragraphs 43-46 of the Complaint.

99.     Defendants deny the allegations of paragraph 99 of the Complaint.

100.    Defendants deny the allegations of paragraph 100 of the Complaint.

101.    SIE admits that it markets and sells the Accused Instrumentalities in the United States. Defendants admit that certain approvals are obtained to sell the Accused Instrumentalities in the United States. Defendants deny the remaining allegations of paragraph 101 of the Complaint.

102.    Defendants deny the allegations of paragraph 102 of the Complaint.

103.    Defendants deny the allegations of paragraph 103 of the Complaint.

104.    Defendants deny the allegations of paragraph 104 of the Complaint.

105.    Defendants deny the allegations of paragraph 105 of the Complaint.

106.    Defendants deny the allegations of paragraph 106 of the Complaint.

107.    Defendants deny the allegations of paragraph 107 of the Complaint.

**COUNT III: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,977,797**

108.    Defendants repeat and incorporate by reference, as if fully set forth herein, their responses to the allegations of paragraphs 1 through 54.

109.    Defendants deny the allegations of paragraph 109 of the Complaint.

110.    Defendants deny the allegations of paragraph 110 of the Complaint.

111.    Defendants deny the allegations of paragraph 111 of the Complaint.

112.    Defendants admit that paragraphs 114-124 purport to allege how the Accused Instrumentalities infringe.  Defendants deny the remaining allegations of paragraph 112.

113.    Defendants admit that paragraphs 114-124 purport to demonstrate how the Accused Instrumentalities infringe.  Defendants deny the remaining allegations of paragraph 113.

114.    Defendants admit that the PlayStation 4 Slim uses Orbis OS.  Defendants deny the remaining allegations of paragraph 114.

115.    Defendants admit that the PlayStation 4 Slim includes the CXD90059GB processor.  Defendants deny the remaining allegations of paragraph 115 of the Complaint.

116.    Defendants deny the allegations of paragraph 116 of the Complaint.

117.    Defendants deny the allegations of paragraph 117 of the Complaint.

118.    Defendants deny the allegations of paragraph 118 of the Complaint.

119.    Defendants deny the allegations of paragraph 119 of the Complaint.

120.    Defendants deny the allegations of paragraph 120 of the Complaint.

121.    Defendants deny the allegations of paragraph 121 of the Complaint.

122.    Defendants deny the allegations of paragraph 122 of the Complaint.

123.    Defendants deny the allegations of paragraph 123 of the Complaint.

124.    Defendants deny the allegations of paragraph 124 of the Complaint.

125.    Defendants deny the allegations of paragraph 125 of the Complaint and specifically incorporate herein their responses to paragraphs 43-46 of the Complaint.

126.    Defendants deny the allegations of paragraph 126 of the Complaint.

127.    Defendants deny the allegations of paragraph 127 of the Complaint.

128.    SIE admits that it markets and sells the Accused Instrumentalities in the United States. Defendants admit that certain approvals are obtained to sell the Accused Instrumentalities in the United States. Defendants deny the remaining allegations of paragraph 128 of the Complaint.

129.    Defendants deny the allegations of paragraph 129 of the Complaint.

130.    Defendants deny the allegations of paragraph 130 of the Complaint.

131.    Defendants deny the allegations of paragraph 131 of the Complaint.

132.    Defendants deny the allegations of paragraph 132 of the Complaint.

133.    Defendants deny the allegations of paragraph 133 of the Complaint.

134.     Defendants deny the allegations of paragraph 134 of the Complaint.

**COUNT IV: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. RE44,654**

135.     Defendants repeat and incorporate by reference, as if fully set forth herein, their responses to the allegations of paragraphs 1 through 54.

136.     Defendants deny the allegations of paragraph 136 of the Complaint.

137.     Defendants deny the allegations of paragraph 137 of the Complaint.

138.     Defendants deny the allegations of paragraph 138 of the Complaint.

139.     Defendants admit that paragraphs 141-150 purport to demonstrate how the Accused Instrumentalities infringe.  Defendants deny the remaining allegations of paragraph 139.

140.     Defendants admit that paragraphs 141-150 purport to demonstrate how the Accused Instrumentalities infringe.  Defendants deny the remaining allegations of paragraph 140.

141.     Defendants deny the allegations of paragraph 141 of the Complaint.

142.     Defendants admit that the PlayStation 4 Slim uses Orbis OS.  Defendants deny the remaining allegations of paragraph 142 of the Complaint.

143.     Defendants admit that the PlayStation 4 Slim includes the CXD90059GB processor.  Defendants deny the remaining allegations of paragraph 143 of the Complaint.

144.     Defendants deny the allegations of paragraph 144 of the Complaint.

145.     Defendants deny the allegations of paragraph 145 of the Complaint.

146.     Defendants deny the allegations of paragraph 146 of the Complaint.

147.     Defendants deny the allegations of paragraph 147 of the Complaint.

148.     Defendants deny the allegations of paragraph 148 of the Complaint.

149.     Defendants deny the allegations of paragraph 149 of the Complaint.

150.     Defendants deny the allegations of paragraph 150 of the Complaint.

151.     Defendants deny the allegations of paragraph 151 of the Complaint and specifically incorporate herein their responses to paragraphs 43-46.

152.     Defendants deny the allegations of paragraph 152 of the Complaint.

153.     Defendants deny the allegations of paragraph 153 of the Complaint.

154.     SIE admits that it markets and sells the Accused Instrumentalities in the United States. Defendants admit that certain approvals are obtained to sell the Accused Instrumentalities in the United States. Defendants deny the remaining allegations of paragraph 154 of the Complaint.

155.     Defendants deny the allegations of paragraph 155 of the Complaint.

156.     Defendants deny the allegations of paragraph 156 of the Complaint.

157.     Defendants deny the allegations of paragraph 157 of the Complaint.

158.     Defendants deny the allegations of paragraph 158 of the Complaint.

159.     Defendants deny the allegations of paragraph 159 of the Complaint.

160.     Defendants deny the allegations of paragraph 160 of the Complaint.

**COUNT V: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. RE45,140**

161.     Defendants repeat and incorporate by reference, as if fully set forth herein, their responses to the allegations of paragraphs 1 through 54.

162.     Defendants deny the allegations of paragraph 162 of the Complaint.

163.     Defendants deny the allegations of paragraph 163 of the Complaint.

164.     Defendants deny the allegations of paragraph 164 of the Complaint.

165.     Defendants admit that paragraphs 167-178 purport to demonstrate how the Accused Instrumentalities infringe. Defendants deny the remaining allegations of paragraph 165.

166.     Defendants admit that paragraphs 167-178 purport to demonstrate how the Accused Instrumentalities infringe. Defendants deny the remaining allegations of paragraph 166.

167. Defendants deny the allegations of paragraph 167 of the Complaint.

168. Defendants admit that the PlayStation 4 Slim uses Orbis OS. Defendants deny the remaining allegations of paragraph 168 of the Complaint.

169. Defendants admit that the PlayStation 4 Slim includes the CXD90059GB processor. Defendants deny the remaining allegations of paragraph 169 of the Complaint.

170. Defendants admit that the PlayStation 4 Slim includes the CXD90059GB processor. Defendants deny the remaining allegations of paragraph 170 of the Complaint.

171. Defendants deny the allegations of paragraph 171 of the Complaint.

172. Defendants deny the allegations of paragraph 172 of the Complaint.

173. Defendants deny the allegations of paragraph 173 of the Complaint.

174. Defendants deny the allegations of paragraph 174 of the Complaint.

175. Defendants deny the allegations of paragraph 175 of the Complaint.

176. Defendants deny the allegations of paragraph 176 of the Complaint.

177. Defendants deny the allegations of paragraph 177 of the Complaint.

178. Defendants deny the allegations of paragraph 178 of the Complaint.

179. Defendants deny the allegations of paragraph 179 of the Complaint and specifically incorporate herein their responses to paragraphs 43-46 of the Complaint.

180. Defendants deny the allegations of paragraph 180 of the Complaint.

181. Defendants deny the allegations of paragraph 181 of the Complaint.

182. SIE admits that it markets and sells the Accused Instrumentalities in the United States. Defendants admit that certain approvals are obtained to sell the Accused Instrumentalities in the United States. Defendants deny the remaining allegations of paragraph 182 of the Complaint.

183. Defendants deny the allegations of paragraph 183 of the Complaint.

184.     Defendants deny the allegations of paragraph 184 of the Complaint.

185.     Defendants deny the allegations of paragraph 185 of the Complaint.

186.     Defendants deny the allegations of paragraph 186 of the Complaint.

187.     Defendants deny the allegations of paragraph 187 of the Complaint.

188.     Defendants deny the allegations of paragraph 188 of the Complaint.

## JURY TRIAL DEMANDED

189.     Defendants admit that paragraph 189 demands a trial by jury to which no response is required.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief in connection with the allegations in the Complaint, including, without limitation, the allegations of Paragraphs (A) through (D).

## GENERAL DENIALS

Defendants deny all allegations in the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

Defendants assert the following additional defenses to the Complaint. In doing so, Defendants do not assume any burden of proof on any issue that is Plaintiff's burden as a matter of law. In addition to the affirmative defenses described below, subject to its responses above, Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense
### (Non-Infringement)

Defendants do not and have not infringed (either literally or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents under any theory of infringement, and have not otherwise committed any other acts in violation of 35 U.S.C. §271. The

bases provided in these paragraphs are exemplary only and should not be construed as limiting in any way the defenses that Defendants will bring in this case.

**Second Defense**
**(Invalidity)**

One or more claims of the Asserted Patents are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 111, 112, 116, 132 and/or 251 and the judicial doctrine of obvious-type double Patenting, and/or any other applicable statutory provisions, rules, regulations and laws pertaining thereto.

**Third Defense**
**(Failure to State a Claim)**

Plaintiff's Complaint and the allegations therein fail to state a claim upon which relief may be granted.

**Fourth Defense**
**(Lack of Personal Jurisdiction)**

Personal jurisdiction in this suit is not proper over either SIEI. As alleged in the Complaint, both SIEI is a Japanese corporation with its principal place of business in Japan and is not a Texas corporation and has no place of business in Texas. The Complaint alleges that SIEI commits acts of infringement in Texas directly or through intermediaries, but it does not allege or plead facts tending to show that SIEI sells, offers for sale, or imports, any of the Accused PlayStation® Products. And SIEI denies that it makes, uses, sells, offers for sale, or imports products in Texas to such a degree that SIEI could be considered "at home" in Texas. The Complaint does not allege, and SIEI does in fact, exercise control over any third party located in the United States such that SIE is an alter ego of any third party. Therefore, the Complaint on its face has not pled facts

sufficient to make out a *prima facie* showing of personal jurisdiction over SIEI and should be dismissed as to SIEI pursuant to Fed. R. Civ. P. 12(b)(2).

### Fifth Defense
### (Limitations on Patent Damages)

Plaintiff's claims for damages, if any, against Defendants for alleged infringement are limited by 35 U.S.C. §§ 285, 286, 287, and/or 288. For example, on information and belief, Plaintiff has failed to properly mark any of its relevant products or have failed to require others to mark any relevant products as required by 35 U.S.C. § 287, and Defendants are not liable to Plaintiff for any acts alleged to have been performed by Defendants before they received actual notice of any alleged infringement of the Asserted Patents.

### Sixth Defense
### (Equitable Doctrines of Equitable Estoppel, Laches, Waiver, and/or Unclean Hands)

Plaintiff's claims of infringement against Defendants regarding the Asserted Patents are barred, and the patents are unenforceable due to the equitable doctrines of laches, estoppel, waiver, and/or unclean hands.

### Seventh Defense
### (Prosecution Disclaimer)

On information and belief, the Asserted Patents were limited by amendment, by the prior art, and/or by statements made to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the Asserted Patents and/or applications to which the applications that led to the issuance of the Asserted Patents claim priority, such that Plaintiff is barred, under the doctrines of prosecution disclaimer and prosecution history estoppel, from construing the claims of the Asserted Patents in such a way as may cover the Accused Products.

## Eighth Defense
### (Reverse Doctrine of Equivalents)

Plaintiff is not entitled to any relief on its patent infringement claims relating to the asserted patents to the extent they are barred by the reverse doctrine of equivalents.

## Ninth Defense
### (No Enhanced Damages)

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284.

## Tenth Defense
### (Substantial Non-Infringing Uses)

Any and all products accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the asserted patents.

## Eleventh Defense
### (No Attorneys' Fees)

Plaintiff's case against Defendants is not exceptional and Plaintiff is precluded from recovering attorneys' fees under 35 U.S.C. § 285. Plaintiff's filing and prosecuting of the present lawsuit which imposes upon Defendants the requirement to mount a defense of this lawsuit is exceptional under 35 U.S.C. § 285.

## Twelfth Defense
### (Extraterritoriality)

Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any accused activities are performed outside of the United States.

## Thirteenth Defense
### (Collateral Estoppel)

Plaintiff's claims are barred in whole or in part by collateral estoppel. Plaintiff is estopped, based on prior final adjudications of issues by the United States District Court(s) and/or the Court of Appeals for the Federal Circuit.

## Fourteenth Defense
### (Intervening Rights)

The scope of the reissued claims of the Asserted '140 and '654 Patents are not substantially identical to the scope of any original claims in the patent, and thus Plaintiff's claims are barred, in whole or in part, under 35 U.S.C. § 252, ¶ 1, with respect to causes of action arising before December 17, 2013 for the '654 Patent and before September 16, 2014 for the '140 Patent. Under 35 U.S.C. § 252, ¶ 2, Defendants are entitled to absolute intervening rights and also equitable intervening rights for the protection of investments made and business commenced before December 17, 2013 for the '654 Patent and before September 16, 2014 for the '140 Patent.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity and that they reserve the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require. Assertion of a defense is not a concession that Defendants have the burden of proving the matter asserted.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants request a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment that:

a. Finds in favor of Defendants and against Plaintiff;

c. Finds that the claims of the Asserted Patents are invalid and/or unenforceable;

d. Finds that Defendants do not infringe any claim of the Asserted Patents;

e. Finds that Plaintiff cannot recover any relief or damages from Defendants for any infringement of any asserted patent;

f. Declares that this case is exceptional under 35 U.S.C. § 285 and awards Defendants' their attorneys' and expert witness fees;

f. Awards Defendants their costs and attorneys' fees incurred in this action;

g. Grants Defendants any and all further relief as this Court may deem just and proper.

Dated: November 10, 2023

Respectfully submitted,

**ERISE IP, P.A.**

By: *_/s/ Mark C. Lang_*
Eric A. Buresh
Mark C. Lang
7015 College Blvd., Ste. 700
Overland Park, KS 66211
Tel: (913) 777-5600
Fax: (913) 777-5601
Eric.buresh@eriseip.com
mark.lang@eriseip.com

**GILLAM & SMITH, LLP**

Melissa Richards Smith
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
Melissa@gillamsmithlaw.com

*Attorneys for Defendants Sony Interactive Entertainment Inc. and Sony Interactive Entertainment LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on November 10, 2023.

*/s/ Mark C. Lang*
Mark C. Lang